IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CASE NUMBER 1:16-cv-00940-SS |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC; RAUSCH, STURM, ISRAEL, | § | |
| ENERSON & HORNIK, LLC; WESTERN | § | |
| SURETY COMPANY AND TRAVELERS | § | |
| CASUALTY AND SURETY COMPANY | § | |
| OF AMERICA | § | |
|     Defendants | § | |

## RESPONSE IN OPPOSITION TO EXTENION OF TIME

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants jointly respond as follows to Plaintiff's Motion to Postpone Ruling on the Motion for Summary Judgment for an Additional 30 Days:

1.    On April 11, 2017, the Court issued an order in this case. The Order stated, in pertinent part:

> IT IS ORDERED that the parties consult in person with appropriate representatives, counsel, Mr. Ozrnun in attendance. At the end of 30 days from this date, the Court expects a dismissal in this lawsuit. If not, the Court will make appropriate rulings and will reserve all requests for sanctions until a trial and/or judgment occurs.

2.    The thirty days (not counting the date of the Order) expired yesterday. Plaintiff still has not dismissed this action.

3. Until the day of this report (the day *after* the deadline set by the Court) Plaintiff's counsel made absolutely no effort to schedule the meeting ordered by the Court. On Monday, May 8, Plaintiff's lawyer Robert Zimmer called Manuel Newburger to discuss the possibility of a settlement. Earlier that same day, in the course of a discussion regarding a different case, Robbie Malone reminded Plaintiff's attorney Celetha Chatman that she had not complied with the Order. Ms. Chatman responded that Mr. Zimmer was going to be speaking to Mr. Newburger that day. Ms. Malone pointed out that: (a) she was not included in that discussion; and (b) a call did not satisfy the requirements of the Court's order. Ms. Chatman took no action to try to schedule the required meeting prior to the deadline set by the Court.

4. Today, Plaintiff's attorney Tyler Hickle, informed defense counsel that Mr. Ozmun would only make himself available to meet on a Tuesday morning, and he proposed that Defendants send their personal representatives to Austin for a meeting next Tuesday. That proposal would require Defendants' representatives to purchase plane tickets less than a week in advance, i.e., at the highest fares. Mr. Hickle's proposed solution to that problem was that Defendants should collude with Plaintiff in violating the court's order and not appear in person. Despite multiple requests by Mr. Newburger and Ms. Malone he has not provided any good cause for the failure of Plaintiff and his attorneys to comply with the Order. *See* <u>Exhibit A</u> (email exchange among counsel for the parties).

5. Plaintiff's motion states that "Parties have been consulting in an attempt to resolve this matter through settlement." The Court set a deadline to dismiss this

action.  Plaintiff and his lawyers ignored it.  Mr. Zimmer made it clear that Plaintiff expects to be paid money as a condition of dismissing this meritless case.[1]  Defendants have been forced to incur very substantial expense in defending this case, both because Plaintiff's lawyers violated Rule 11 in filing this action and because Ms. Chatman undertook to run negotiations in this case last August without the involvement of Mr. Ozmun.  Ms. Malone was not even included in the discussion.  Defendants believe that the representation as to settlement efforts may not be false, but it is cutting the truth pretty thin.

6. The motion further states: "Plaintiff has been unable to confer in person within the 30 days provided due to his work schedule."  No facts have been provided to support that allegation or to explain why Plaintiff's counsel made absolutely no effort to schedule the meeting ordered by the Court until after the deadline set by the Court expired.

7. Defendants recognize that the Court has previously granted Plaintiff extensions of time when his counsel disregarded deadlines, but they do not believe that Plaintiff and his attorneys should be permitted to continue this pattern of behavior.  The Court set a deadline for dismissal, and Plaintiff has not complied.  Plaintiff and his attorney clearly have no regard for the statements contained in the Order.

8. Defendants request that the Court deny the motion, rule as stated in the order, issue a ruling on the pending motion of Defendants RSIEH and Travelers.

---

[1] Mr. Zimmer is new to this case. His personal good faith in that call is not challenged.  What is challenged is the good faith of Plaintiff's other attorneys in failing to honor any deadline set by the Court.

Defendants PRA and Western ask the Court to dismiss the claims against them with prejudice as a consequence of violating the Order.

9. In the alternative, Defendants ask that if the Court allows Plaintiff the extension requested that the Court also order Mr. Wood and Ms. Chatman to appear in person at the meeting, and order them to pay the airfare, hotel, and ground transportation charges for representatives of each of the Defendants and Ms. Malone to appear at the meeting. Recognizing that Mr. Wood has, through Mr. Zimmer, threatened to appeal any adverse ruling, Defendants further request that if the Court set a date on which Plaintiff's attorneys Wood and Chatman are to appear in court and demonstrate that they have paid the travel expenses of Ms. Malone and the defendants or show cause why they should not be held in contempt for any failure to do so.

Respectfully submitted,

/s/ Manuel H. Newburger
Manuel H. Newburger
TBN 14946500
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT S RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

/s/ Robbie Malone
Robbie Malone
Email: rmalone@rmalonelaw.com
Eugene Xerxes Martin, IV
Email: xmartin@rmalonelaw.com
Robbie Malone, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

ATTORNEY FOR DEFENDANT S PORTFOLIO RECOVERY ASSOCIATES, LLC AND WESTERN SURETY COMPANY

## CERTIFICATE OF SERVICE

A true copy of the foregoing Motion was served on the persons on the service list below by email and through the Court's ECG system on the 11th day of May, 2017.

/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST**

Michael Wood
Celetha Chatman
Community Lawyers Group, Ltd.
3300 N Interstate Hwy 35, 7th Fl., Ste. 7018
Austin, TX 78722
Ph: (512) 851-8148
Fax: (512) 593-5976
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

Tyler Hickle
Law Office of Tyler Hickle
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831
Fax: (512) 870-9505
tylerhickle@hicklelegal.com

Robert Zimmer
Zimmer & Associates
707 West 10th Street
Austin, TX 78701
zimmerlawTX@gmail.com