UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| | § | |
| PLAINTIFF, | § | CASE NUMBER: 1:16-cv-00940-SS |
| | § | |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES LLC; RAUSCH, STURM, | § | Judge Sam Sparks |
| ISRAEL, ENERSON & HORNIK LLC; | § | |
| WESTERN SURETY COMPANY, and; | § | |
| TRAVELERS CAUSUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S MOTION TO STRIKE AND IN THE ALTERNATIVE, RESPONSE TO MOTION TO DISMISS

NOW COME the Plaintiff, Joseph Ozmun, by and through his attorneys, Celetha Chatman, and Michael Wood of Community Lawyers Group, Ltd., and Robert Zimmer of Zimmer & Associates, and for his Motion to Strike, and in the Alternative, Response to Defendant's Motion to Dismiss, respectfully state as follows:

### I. INTRODUCTION

1. In their Motion to Dismiss with Prejudice, or in the Alternative, for an Order *In Limine*, and to Hold Plaintiff and His Lead Attorneys in Contempt ("Motion"), Defendants argue this Court should dismiss this action for violating the scheduling orders in this case. (Dkt. #81, p. 4-5). In the alternative, Defendants move for this Court for an order *in limine*, preventing Plaintiff from calling any witnesses and offering any exhibits. (Dkt. #81, p. 7). Further, Defendants request that this Court hold both Plaintiff Ozmun and his attorneys in contempt due to deficiencies in adhering to the Scheduling Orders. (Dkt. #81, p. 10-11).

1

2. Defendants attempt to classify Ozmun's conduct as disobedient in the instant matter by: (1) failing to designate potential witnesses, testifying experts, and proposed exhibits by February 17, 2017; (2) failing to designate potential witnesses, testifying experts, and proposed exhibits by November 1, 2017; and (3) failing to submit a written offer of settlement to Defendants by November 1, 2017. (Dkt. #81, p. 3). This is both a mischaracterization of the truth and an attempt to mislead this Court, and Ozmun's actions have not reached a level that warrants the extreme penalty of dismissing the action. Further, Defendants did not meaningfully confer on the present motion, and Defendants' Motion should therefore be stricken, or in the alternative, denied in its entirety.

## II.  STATEMENT OF FACTS

3. Plaintiff Ozmun filed suit seeking damages, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Texas Debt Collection Act, Tex. Fin. Code § 392.001. Ozmun subsequently filed two additional lawsuits which were consolidated into the present action.

4. Defendants filed a motion for summary judgment on May 25, 2017, which was denied in part and granted in part by this Court. (Dkt. #62; Dkt. #79). Ozmun also filed a motion for summary judgment, which was denied. (Dkt. #64; Dkt. #79).

5. The Amended Scheduling Order set out dates for Ozmun to submit a written settlement offer to Defendants by November 1, 2017 and required Defendants to respond in writing by November 8, 2017. (Dkt. 80, p. 1). Ozmun's attorney, Celetha Chatman, submitted a written offer for settlement, via email, to Defendant PRA on July 10, 2017.[1] See Exhibit A. The

---

[1] This Court requested the settlement offers remain private and instructed parties to not file them with the Court. See Amended Scheduling Order, Dkt. #80, p. 1.

offer for settlement included a release for PRA and for Defendant Rausch. Defendants replied on July 10, 2017, stating "myself or another PRA attorney will get back to you." *See* Exhibit B. However, no Defendant ever substantively responded to Ozmun's settlement offer and thus Ozmun believed it had been rejected. Further, Defendant PRA presumably never conveyed the settlement offer to the other Defendants in this case, as no other Defendants communicated with Ozmun regarding the settlement offer.

6. The Amended Scheduling Order also determined that the party asserting a claim for relief will designate potential witnesses, testifying experts, and proposed exhibits by November 1, 2017. (Dkt. 80, p. 2). Ozmun missed the deadline due to a calendaring error remedies the error concomitant with this response.[2]

7. Attorney for Defendants, Manuel H. Newburger, contacted Ozmun regarding this Motion on December 19, 2017. When asked what the alleged grounds for dismissal were, Mr. Newburger vaguely responded that Ozmun violated the Court's Amended Scheduling Order, without providing any more details. Mr. Newburger requested that Ozmun agree to dismiss the case and for his attorneys to agree to be held in contempt of court. At no point did Mr. Newburger say what he believed the specific Amended Scheduling Order deficiency was, nor did he ask for a witness list and exhibit list. If the Defendants had requested Ozmun's designation of witnesses and exhibits, he would have obliged post haste, and this Motion and response would have been unnecessary.

---

[2] Requested materials were prepared and delivered by email and US Mail at the same time the present motion and response was filed.

### III.   ARGUMENT

**A.   Dismissing a case with prejudice is an "extreme sanction" that is not justified here**

8. Numerous 5th Circuit opinions have held that dismissing a case "with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further." *Curtis v. Quarterman*, 340 Fed. Appx. 217, 218 (5th Cir. 2009) (*quoting Millan v. USAA Gen. Indem. Co*, 546 F.3d 321, 326 (5th Cir. 2008)). District courts have "limited discretion to dismiss a claim with prejudice," and can only do so when the history of the case reveals both "(1) a clear record of purposeful delay or contumacious conduct by the petitioner and (2) an express determination that best interests of justice would not be better served by lessor sanctions." *Curtis*, 340 Fed. Appx. at 218. Even if both of these factors are met, a district court must also find at least one of the following aggravating factors: "(1) the extent to which the plaintiff, not his attorney, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was caused by intentional conduct." *Id.*

9. In *Curtis*, the district court dismissed the case with prejudice after the petitioner failed to reply to the respondent's motion for summary judgment within 30 days. *Id.* at 217. The petitioner argued that the district court abused its discretion because his delay was not purposeful nor willfully disobedient and the 5th Circuit agreed. *Id.* The 5th Circuit acknowledged that "a delay warranting dismissal with prejudice must be longer than a few months and is characterized by 'significant periods of total inactivity.'" *Id.* at 18 (*citing Millan*, 546 F.3d at 326-27). Additionally, "dismissals with prejudice have generally been reserved for 'egregious and sometimes outrageous delays.'" *Id.* The petitioner's delay of a mere 45 days between the filing of the summary judgment motion and the dismissal of the action was not outrageous enough to satisfy this test. *Id.*

4

10. Here, Plaintiff Ozmun has not satisfied either of the two main factors nor any of the three aggravating factors to warrant a dismissal with prejudice. Nothing in the record shows either purposeful delay or contumacious conduct by Ozmun. A delayed designation of witnesses and exhibits, 6 months before a trial, is not perverse nor purposeful in nature. Ozmun has adhered to the obligations of the Amended Scheduling Order and every other procedural requirement throughout litigation. Further, had Defendants requested the designation of witnesses and exhibits during its December 19, 2017 communication, Ozmun would have immediately sent it to them.

11. Federal courts have a "strong preference for trials on the merits," instead of determining the outcome solely on technical or procedural grounds. *Blake v. Peake*, 2008 WL 5114655, at *2 (S.D. Tex. Dec. 3, 2008) (*quoting Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-0904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008); *see United States v. $39,480.00 in United States Currency*, 190 F. Supp. 2d 929, 933 (W.D. Tex. 2002). In *Blake v. Peake*, the court denied the defendant's default judgment and allowed the plaintiff to file a two-month-late answer. *Blake*, 2008 WL 5114655 at *2. The court reasoned that a "strong preference for trials on the merits in federal courts" is a compelling reason to allow the defendant to answer, "even if the moving party's delay was the result of 'carelessness.'" *Id.*

12. The second prong for deciding a motion to dismiss with prejudice has not been met. This Court has not made "an express determination that the best interests of justice would not be better served by lessor sanctions." Instead, this Court should follow precedent, which seeks the conclusion of a trial based on the merits and not technical or procedural grounds. The delay in providing Ozmun's designation of witnesses and exhibits is a technical issue that does

not warrant a dismissal with prejudice. Ozmun's actions have not reached the requisite level to satisfy the 5th Circuit's test and thus should not be dismissed.

13. Even if this Court finds Ozmun has satisfied the two prongs for a dismissal with prejudice, none of the three aggravating factors apply here. Ozmun is not personally responsible for the delay. He is unaware of the procedural nuances of his lawsuit because he has entrusted his attorneys to resolve them on his behalf. Additionally, the second aggravating factor is not met because there is no evidence that Defendants have been greatly prejudiced by a three-week delay of Ozmun's designation of witnesses and exhibits, especially considering that discovery has not concluded, and the prejudice was potentially caused by their own decision not to ask for the materials and instead to file the present motion. As stated before, Defendants notified Ozmun about the pending motion to dismiss without specifying the reasons for it. Had the Defendants requested Ozmun's designations, this Motion would not have been filed and the wasted time and attorneys' fees associated with these briefs would have been completely avoided. If Defendants were truly interested in receiving the designations, they would have stated the need during the conference on December 19, 2017. Finally, the delay was not intentional and thus the third aggravating factor is not met.

14. Plaintiff Ozmun has not satisfied any of the 5th Circuit's factors that warrant the dismissal of the case with prejudice. He has not purposefully violated the Court's Amended Scheduling Order and thus the Defendants Motion should be stricken, or in the alternative, denied in its entirety.

**B.     Plaintiff's actions have not reached an egregious level of procedural deficiency that warrants dismissal of the case**

15. Defendants allege that Ozmun has blatantly disregarded this Court's Scheduling Orders and that such action requires this Court to take the extreme measure of dismissing the

6

case for failure to prosecute. (Dkt. #81, p. 1, 5).Defendants cite to Fed. R. Civ. P. 41(b) and cases that support their assertion that "failure to comply with a court's scheduling order is good cause to dismiss for failing to prosecute." (Dkt. #81, p. 5).

16.     Defendant cites to *Webb v. Chase Bank*, EP-14-CV-00345-FM, 2015 WL 12751508 (W.D. Tex. May 14, 2015) and involves a lawsuit that was dismissed for failure to prosecute. However, the plaintiff's inaction in *Webb* is egregious. Plaintiff Webb failed to designate potential witnesses, testifying experts, and present a list of proposed exhibits to defendants and was subsequently ordered to show cause for why the case should not be dismissed for this failure. Webb, 2015 WL 12751508 at * 2-3. Plaintiff *never responded* to the Order to Show Cause because it was delivered to plaintiff's last known address and signed for by an individual who "did not identify herself as plaintiff's agent or addressee." *Id.* The plaintiff did not inform the court about any change of address, as required by local rules. *Id.* The defendant attempted to communicate about the delay but the plaintiff did not respond and did not have a voicemail. *Id.* The court granted defendants motion to dismiss the case for plaintiff's failure to prosecute. *Id.*

17.     Defendants make passing citations to two other district court cases. *Garcia v. Linebarger*, 2:13-CV-399, 2014 WL 12589146 (S.D. Tex. Apr. 18, 2014) (*Garcia* filed his Complaint *pro se,* and after a three-month period of inactivity, failed to make any attempt to contact opposing counsel, appear for the Initial Pretrial Conference, or respond to defendant's motion to dismiss for failure to prosecute. Defendant's motion to dismiss was granted.); *Acuna v. Brown & Root, Inc.*, SA-96-CA-543-OG, 1998 WL 25283824, at *2-3 (W.D. Tex. Sept. 30, 1998) (On two occasions the judge required every plaintiff to submit an affidavit establishing a prima facie case and "went to great lengths in his order to explain how the [previous] affidavits

7

were deficient." The plaintiffs repeatedly submitted "grossly insufficient" affidavits. After egregious noncompliance by the plaintiffs, the judge granted defendants' motion to dismiss.).

18. Although the plaintiff in *Webb* did not submit the required designation of witnesses and exhibits, the plaintiff also failed to respond to the Order to Show Cause, changed addresses without submitting a new address, and disappeared. It is this level of disobedience to a court's orders that warrants the dismissal of a case.

19. Here, Plaintiff Ozmun has not reached a level of inaction to warrant dismissing this case, as evidenced by Defendants' own affirmative case law. Courts dismiss cases for failure to prosecute when a plaintiff develops a laundry list of procedural deficiencies. Ozmun did fail to designate witnesses and exhibits, but soon after learning about the deficiency through the Defendant's Motion, promptly submitted his designations of witnesses and exhibits to Defendants, alongside this response. *Webb* was dismissed for failing to respond to motions and became unreachable.

20. Further, the *Garcia* court only dismissed a case for failure to prosecute when the plaintiff filed a lawsuit and failed to adhere to *any* procedural requirements, including even the most basic communication with the court and opposing counsel. Clearly, courts dismiss cases for failing to prosecute for more than a missed deadline. This penalty is intended to be used when a plaintiff is completely disinterested in the case. Ozmun has not ignored this litigation. On the contrary, he has quickly resolved any issues as soon as they were brought to his attention.

21. A district court for the Western District of Texas similarly dismissed a case for failure to prosecute only because the plaintiff was "grossly insufficient," despite very thorough instructions from the court. *See Acuna*. The plaintiff in *Acuna* was given multiple opportunities

8

to cure its defects before the court ultimately dismissed the action. However, Ozmun has not reached this level of insufficiency and does not require the extreme measure of dismissal.

22. The facts in the cases relied upon by Defendants are distinct from the instant matter. The standard of justifying dismissal is high and has not been met here.

### C. Defendants failed to properly meet and confer with the Plaintiff before filling the present motion

23. Ozmun takes issue with paragraph 20 of Defendants' Motion (Certification of Conference). (Dkt. #81, p. 11). Defendants accuse Ozmun of not being reasonable when contacted about Defendants' proposed dismissal. However, Defendants never requested the witness list or the exhibit list, instead, vaguely asking for Ozmun to agree to dismiss the action "based on violations of the Court's scheduling orders," and to hold his attorneys in contempt of court. (Dkt. #81, p. 11). The substantive failure to meet and confer should result in the present motion being stricken.

### D. Plaintiff properly submitted a timely written settlement offer to Defendants

24. The Amended Scheduling Order required Ozmun to submit a written offer of settlement to Defendants by November 1, 2017 and for Defendants to respond in writing by November 8, 2017. (Dkt. #80, p. 1). On July 10, 2017, Ozmun's attorney, Celetha Chatman, emailed Karen Mayfield-Jones at PRA a written offer of settlement. (*See* Exhibit A). Plaintiff's July settlement offer, included a release of PRA and all of its assignees. Attorney Karen Mayfield-Jones responded via email, acknowledged Ozmun's settlement offer and stated "myself or another PRA attorney will get back to you." (*See* Exhibit B). Defendants never responded to Ozmun regarding his settlement offer and it was presumed to have been denied.

25. Defendants contend that Ozmun has not submitted his written offer of settlement to Defendants. Ozmun reasonably believed that when he submitted its offer of settlement and

global release to Defendant PRA, it would be communicated to all Defendants. He has since learned this is not true. However, if Ozmun had known the offer was not being communicated to all Defendants, he would have remedied the situation and personally contacted each Defendant. Instead, Defendant PRA simply ignored Ozmun's settlement offer and did not submit a written response. Defendants are arguing that Ozmun has violated the Court's Scheduling Orders, yet has done so itself, by not responding in writing by November 8, 2017.

26. Ozmun has complied with the settlement requirement set out by this Court in its Amended Scheduling Order.

### E. Plaintiff's lawsuit has not been brought in bad faith

27. Defendants have suggested that Ozmun's lawsuit has been brought in "bad-faith," yet have proffered little evidence to support the allegations. (Dkt. #81, p. 2). Defendants also argued bad-faith in their failed motion for summary judgment. (Dkt. #62). Defendants' motion for summary judgment was partially denied. (Dkt. #79). Clearly, there are legitimate and disputed issues of fact. Therefore, Defendant's "offer" that Ozmun dismiss his case and agree to put his own attorneys in contempt is not a good faith request. Ozmun has brought his lawsuit and all of his motions in good faith and thus Defendant's Motion should be stricken, or in the alternative, be dismissed in its entirety.

### IV.   CONCLUSION

28. Plaintiff Ozmun has not violated this Court's Scheduling Orders to a degree that warrants the extreme measure of a dismissal with prejudice. Defendants' own case law demonstrates the truly egregious actions by a plaintiff that are necessary for a court to dismiss the action. Ozmun has not come close to this level when he simply missed a deadline and immediately rectified its deficiency once he was notified. Further, Defendants incorrectly state

that Ozmun failed to submit a written settlement offer, while Defendants actually failed to respond to the offer Ozmun sent. Finally, Ozmun has not satisfied the 5th Circuit test for dismissing a case with prejudice. Neither of the two required factors nor three aggravating factors have been met.

29.     Based on the reasons stated above, Plaintiff Ozmun requests that this Court strike the Defendants' Motion to Dismiss, and in the Alternate, deny Defendants' Motion to Dismiss in its entirety, and for any other relief deemed necessary by the Court.

Respectfully submitted,

By: */s/Celetha C. Chatman*

Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
cchatman@communitylawyersgroup.com

Robert Zimmer
TX Bar No. 24098662

Zimmer & Associates, A Law Firm
707 West 10th Street
Austin, TX  78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com

## CERTIFICATE OF CONFERENCE

Defendants' attorney conferenced with Plaintiff's attorney by email to discuss Defendants' Motion to Dismiss and stated that he would not agree to modify the scheduling order, thus Plaintiff's Motion to Strike is opposed.

                Respectfully submitted,

                By: s/Celetha Chatman

Celetha Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe, Suite 502
Chicago, IL 60603
Tel:  312-757-1880
Fax: 312-265-3227
Email: cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on January 3, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                Respectfully submitted,

                By: s/Celetha Chatman

Celetha Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe, Suite 502
Chicago, IL 60603
Tel:  312-757-1880
Fax: 312-265-3227
Email: cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com