IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2018 JUN 15 PM 12: 15

WESTERN          TEXAS
BY

JOSEPH OZMUN,
                    Plaintiff,

-vs-                                                          Case No.  A-16-CA-940-SS

PORTFOLIO RECOVERY ASSOCIATES, LLC;
RAUSCH, STRUM, ISRAEL, ENERSON &
HORNIK LLC; WESTERN SURETY
COMPANY; and TRAVELERS CASUALTY
AND SURETY COMPANY OF AMERICA,
                    Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Defendants' Motion for Summary Judgment [#101], Plaintiff Joseph Ozmun's Response

[#103] in opposition, and Defendants' Reply [#106] in support as well as Plaintiff's Motion to Strike

[#104], Defendants' Response [#105] in opposition, and Plaintiff's Reply [#112] in support.[1] Having

reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following

opinion and orders.

### Background

On August 3, 2016, Plaintiff filed the initial lawsuit in this action, alleging Defendants

RSIEH, Travelers Casualty and Surety Company of America (Travelers), Portfolio Recovery

Associates, LLC (PRA), and Western Surety Company (Western) violated the Fair Debt Collection

---

[1] Also before the Court is Defendant Rausch, Sturm, Israel, Emerson, & Hornik LLC (RSIEH)'s Motion to
Expedite [#115], Plaintiff's Response [#117] in opposition, and RSIEH's Reply in support [#118]. Because the Court
rules on Defendants' motion for summary judgment and Plaintiff's motion to strike below, the Court dismisses RSIEH's
motion to expedite.

Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392.001 *et seq.* Compl. [#1]. The Court previously summarized the facts underlying the initial lawsuit when it ruled on Defendants' first motion for summary judgment, and the Court incorporates that earlier factual summary here. *See* Order of July 24, 2017 [#79].

In its July 24, 2017 order, the Court granted in part and denied in part Defendants' first motion for summary judgment. *Id.* Although the Court granted summary judgment for Defendants on Plaintiff's TDCA claims because Plaintiff lacked standing, the Court found fact issues precluded summary judgment on Plaintiff's FDCPA claims. *Id.*

Shortly before this Court entered its first summary judgment order, Plaintiff filed two additional lawsuits against PRA as well as Hartford Casualty Insurance Company (Hartford). Plaintiff's allegations in the two lawsuits are identical except each references a different credit card debt. *See* Compl. [#1] ¶ 14, *Ozmun v. Portfolio Recovery Associates*, No. 1:17-cv-0064 (alleging PRA misrepresented a credit card debt with an account number beginning in 499410); Compl. [#1] ¶ 14, *Ozmun v. Portfolio Recovery Associates*, No. 1:17-cv-0065 (alleging PRA misrepresented a credit card debt with an account number beginning in 210720). The two later-filed cases assert PRA misrepresented the 499410 debt and the 210720 debt by failing to indicate these debts were disputed to a credit reporting agency. *Id.* The FDCPA and TDCA claims surrounding the alleged misrepresentation to a credit reporting agency in the later-filed cases are the same as those claims from the initial lawsuit except Plaintiff added requests for injunctive relief to his TDCA claims in the two-later filed cases. *See id.*; *see also* Pl.'s Resp. [#103] at 7–9. On September 28, 2017, the Court consolidated the two-later filed cases into this action. Order of Sept. 28, 2017 [#13], No. 1:17-cv-0064.

Defendants now move, for a second time, for summary judgment. Plaintiff subsequently filed

a motion to strike portions of Defendants' summary judgment motion and corresponding exhibits.

Both motions are now ripe for a decision.

**Analysis**

**I.      Motion to Strike**

The Court denies Plaintiff's motion to strike. In his motion to strike, Plaintiff complains

Defendants make unsupported allegations against Plaintiff's counsel and seeks to strike those

statements and corresponding exhibits. *See* Mot. Strike [#104]. The problematic allegations include

statements Plaintiff's counsel violated rules of professional conduct and fabricated Plaintiff's dispute

of the Debt. *See id.*

However, in reviewing their statements in context of the motion for summary judgment, the

Court finds Defendants provided some support for their allegations. *See* Second Mot. Summ. J.

[#101]. In fact, although Plaintiff claims Defendants make unsupported allegations, Plaintiff seeks

to strike the very exhibits Defendants use to support their allegations. Moreover, the allegations

relate to issues at the center of this lawsuit. Most significantly, the material Plaintiff seeks to strike

is relevant to a remaining fact issue this Court previously identified: whether Plaintiff actually

disputed the Debt when the Debt letter was sent to PRA. *See* Order of July 24, 2017 [#79] at 16. As

"motion[s] to strike should be granted only when the pleading to be stricken has no possible relation

the controversy[,]" the Court denies Plaintiff's motion to strike. *See United States v. Coney*, 689 F.3d

365, 379 (5th Cir. 2012) (quotation omitted).

## II.    Motion for Summary Judgment

## A.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## B.    Application

Defendants move for summary judgment, arguing they are entitled to judgment as matter of law on the issue of damages and on Plaintiff's TDCA claims.

First, the Court declines to consider Defendants' damages argument. Much of Defendants' argument is an attempt to reframe issues the Court previously considered in denying Defendants' first summary judgment motion. As this Court previously stated, two fact issues exist concerning Plaintiff's FDCPA claims: (1) Did Defendants misrepresent the Debt in moving for default judgment in the state court and (2) did Plaintiff actually dispute the Debt when the Debt letter was sent to PRA? Order of July 24, 2017 [#79]. The second fact issue also pertains to the two debts identified in the two later-filed cases. Should the jury find in Plaintiff's favor on these fact issues and award Plaintiff damages, the Court may evaluate such an award through post-judgment motions. Therefore, the Court declines to review Defendants' claim they are entitled to a judgment on damages.

However, the Court grants Defendants' motion for summary judgment on Plaintiff's TDCA claims. Defendants argue Plaintiff has identified no damages and has stated no basis for injunctive relief and thus Plaintiff has no standing for a TDCA claim. Mot. Summ. J. [#101] at 8–10; Reply [#106] ¶¶ 3–4. The Court agrees.

As this Court previously summarized, for a cause of action under the TDCA, a party may sue for either "injunctive relief to prevent or restrain a violation of this chapter" and "actual damages sustained as a result of a violation of this chapter." TEX. FIN. CODE § 392.403(a). The Texas Supreme Court has not defined the scope of § 392.403(a), but "the rule suggested by [Texas] cases and supported by a plain reading of the statutory text is that persons who have sustained actual damages from a TDCA violation have standing to sue." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015) (citing § 382.403(a)).

Plaintiff does not argue he sustained any actual damages. *See* Pl.'s Resp. [#103] at 16–17. Instead, Plaintiff argues his two later-filed lawsuits request injunctive relief and therefore he has standing under TDCA. *Id.* However, Plaintiff alleges no basis for requesting injunctive relief. To be entitled to a permanent injunction under Texas law, "a plaintiff must plead and prove (1) a wrongful act; (2) imminent harm; (3) irreparable injury; and (4) no adequate remedy at law." *Radiant Fin., Inc. v. Bagby*, 05-16-00268-CV, 2017 WL 2927825, at *6 (Tex. App.—Dallas July 10, 2017, pet. denied) (quotation omitted). Here, Plaintiff makes no allegation of an imminent harm, an irreparable injury, or the unavailability of an adequate remedy at law. *See* Compl. [#1], *Ozmun v. Portfolio Recovery Associates*, No. 1:17-cv-0064; Compl. [#1], *Ozmun v. Portfolio Recovery Associates*, No. 1:17-cv-0065. At most, Plaintiff's complaints allege PRA did not initially report Plaintiff's debts were disputed to a credit reporting agency. *Id.* There is no allegation PRA continues to misreport

Plaintiff's debts or that Plaintiff seeks to prevent or restrain violation of the TDCA. *Id.*[2] As Plaintiff failed to show he suffered any damages and failed to allege any basis for seeking injunctive relief, the Court finds Plaintiff lacks standing for his TDCA claims and grants Defendants' motion for summary judgment concerning the TDCA claims.

**Conclusion**

Accordingly,

IT IS THEREFORE ORDERED Defendant Rausch, Sturm, Israel, Emerson, & Hornik LLC's Motion to Expedite [#115] is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff Joseph Ozmun's Motion to Strike [#104] is DENIED; and

IT IS FINALLY ORDERED that Defendants' Motion for Summary Judgment [#101] is GRANTED IN PART and DENIED IN PART as described in this opinion.

SIGNED this the 15th day of June 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Instead, it appears Plaintiff merely tacked on requests for injunctive relief to his later-filed cases in an effort to manufacture standing under the TDCA.