# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CASE NUMBER 1:16-cv-00940-SS |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC; RAUSCH, STURM, ISRAEL, | § | |
| ENERSON & HORNIK, LLC; WESTERN | § | |
| SURETY COMPANY AND TRAVELERS | § | |
| CASUALTY AND SURETY COMPANY | § | |
| OF AMERICA | § | |
| Defendants | § | |

## DECLARATION OF MANUEL H. NEWBURGER

I, the undersigned Manuel H. Newburger, make this declaration under penalty of perjury and state the following:

My name is Manuel H. Newburger.  I am over eighteen years of age, of sound mind, and fully competent to make this affidavit.  I am the lead defense counsel for Defendant Rausch, Sturm, Israel, Enerson & Hornik, LLC ("RSIEH") and Vice President of Barron & Newburger, P.C., and in those capacities I have personal knowledge of the matters set forth in this affidavit.  This affidavit is offered in support of Defendants' Motion for an Award of Fees and Costs and in support of the sanctions requested in that motion.

### Qualifications to Provide this Affidavit

I am a 1980 graduate of Trinity University in San Antonio, Texas, with a B.A. in history, and a 1983 graduate of the University of the Texas School of Law.  I have been licensed to practice law in the State of Texas since November 4, 1983 and in the State of Colorado since October 26, 2009.  I have been certified as a specialist in Consumer and Commercial Law by the Texas Board of Legal Specialization, and I am one of fewer than 100 attorneys who hold that certification.  I am also a Fellow of the American College of Consumer Financial Services Lawyers, and I have been repeatedly recognized as a Texas Super Lawyer.

I am in good standing to practice law in the States of Texas and Colorado.  My federal court admissions include the United States Supreme Court, the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and D.C. Circuits, all four United States District Courts for the State of

Texas, and the United States District Courts for the District of Colorado, the District of Columbia, the District of Connecticut, the Northern and Central Districts of Illinois, the Northern and Southern Districts of Indiana, the District of Maryland, the Eastern and Western Districts of Michigan, the District of Nebraska, the Western District of Oklahoma, the Western District of Tennessee and the Eastern and Western Districts of Wisconsin.

I am the Vice-President of Barron & Newburger, P.C., an Austin, Texas-based law firm with offices in multiple states.  I have worked for that firm and its predecessors and affiliates continuously since prior to the time I was licensed in its evolution from Barbara M. Barron & Associates to its present form.  In addition to my law firm employment I am also an adjunct professor at the University of Texas School of Law, where I have taught consumer protection law (including the Fair Debt Collection Practices Act and the Texas Debt Collection Act) since 1999.

I have practiced consumer and commercial law in Texas since 1983, and my practice focuses on consumer financial services law. I am a past Chairman of the Consumer Law Section of the State Bar of Texas, and I have served as Chairman of both the Texas Board of Legal Specialization's Advisory Commission and its Exam Commission on board certification in consumer and commercial law.  I have served as Chair and Chair Emeritus to the Fair Debt Collection Practices Act Committee of the Commercial Law League of America. I was appointed to and served the Texas Supreme Court's Home Equity Foreclosure Rules Task Force, and I subsequently served on other such committees, working on revising the Texas Rules of Civil Procedure governing such foreclosures.

I am a frequent speaker at continuing legal education programs around the United States.  I have been a speaker and article author at seminars on fair debt collection practices sponsored by the State Bar of Texas, Texas Tech Law School, University of Houston Law Foundation, South Texas College of Law, Oklahoma City University School of Law, University of Mississippi School of Law, the State Bar of Arizona, the State Bar of Georgia, the State Bar of Hawaii, the State Bar of Kansas, the State Bar of Missouri, the Suffolk County (New York) Bar Association, the Ohio Creditors Attorneys Association, The Tennessee Bar, various regions of the Commercial Law League of America, the National Creditors Bar, the U.S. Foreclosure Network, The National Association of Credit Management, The Conference on Consumer Finance Law, PLI, and the North American Collection Agency Regulatory Association, and I have been quoted on fair debt and consumer law issues in the *National Law Journal*, *Lawyer's Weekly USA*, *The Texas Lawyer*, the *New York Times*, and the *Wall Street Journal*.

I was the principal author of M. Newburger and B. Barron, *Fair Debt Collection Practices: Federal and State Law and Regulation* (Sheshunoff & Pratt 2002)., M. Newburger and B. Barron, *The Guide to Fair Debt Collection Practices Law in the*

*United States* (Faulkner & Gray, Inc. 2000), and the two earlier editions of that book. I was also a contributing author and member of the Manual Committee for the Texas Collection Manual – Third Edition, published by the State Bar of Texas, and a contributing author to Manual of Credit and Commercial Laws, 93rd Edition, (National Association of Credit Management 2002), and The Practice of Consumer Law (National Consumer Law Center).

In addition to my seminar articles I was the author of the following published articles:

"Unreasonable Debt Collection Practices." *Caveat Vendor*, Volume 15, No. 2, pp. 25 - 27, 1990.

"Recent Developments Under the Fair Debt Collection Practices Act." *Commercial Law Bulletin,* Volume 8, No. 1, pp. 12 - 19, 1993.

"Acceleration Notices and Demand Letters," *Consumer Finance Law Quarterly Report*, Vol. 47, No. 4, pp. 338-351, 1993.

"Better Defense Through Giving Up: Some Thoughts on Defending Fair Debt Cases." *Commercial Law Bulletin*, Vol. 10, No. 6, pp. 21 - 33.

"FDCPA Case Law Review," *Consumer Finance Law Quarterly Report*, Vol. 51, No. 2, pp. 158-169, 1997.

"When Worlds Collide: Fair Debt Collection Practices Act vs. State Law." *Journal of Texas Consumer Law*, Volume 2, No. 4, pp. 122 - 125, 1999.

"Fair Debt Case Update III," *Consumer Finance Law Quarterly Report*, Vol. 53, No. 3, pp. 173-180, 1999.

"Pre-Judgment Collection of Legal Fees: A Right Without a Remedy?" *Consumer Finance Law Quarterly Report*, Vol. 59, No. 4, pp. 350-356, 2005.

M. Newburger, "Lucy, Charlie Brown, and the FDCPA." *Debt3*, Volume 22, No. 1, pp. 8 -13, 2007.

R. Canter and M. Newburger, "Common Law Immunity for Litigation Activities Under the Fair Debt Collection Practices Act." *Consumer Finance Law Quarterly Report*, Vol. 61, No. 1, pp. 29-39, 2007.

M. Newburger, "Legal Ethics Issues for Collection Attorneys – Part One." *Debt3*, Volume 23, No. 2, pp. 8 -14, 2008.

M. Newburger, "Legal Ethics Issues for Collection Attorneys – Part Two." *Debt3*, Volume 23, No. 3, pp. 8 -13, 2008.

B. Sinsley and M. Newburger, "Lucy, Her Football, and the TCPA" *Debt3*, Volume 23, No. 5, pp. 22 -25, 2008.

To the extent that I have any specialized legal knowledge it is in the areas of creditor and consumer rights.  My practice, throughout the time that I have been licensed, has consisted primarily of debtor-creditor suits and consumer protection suits involving disputes over goods and services, lender liability claims, collection abuse, the TCPA. and/or credit reporting issues. I have a "boutique" practice in consumer financial services law, and I defend and consult on the defense of such cases across the United States.  I testified before a United States Congressional Subcommittee at the last oversight hearings on the Fair Debt Collection Practices Act, and I have served as *amicus curiae* counsel in multiple high-profile consumer law cases, including last year's *Midland Funding, LLC v. Johnson*, ___ U.S. ___, 137 S. Ct. 1407, 197 L. Ed. 2d 790 (2017).  I represented the Commercial Law League of America as *amicus curiae* in *Heintz v. Jenkins*, 514 U.S. 291 (1995), *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50 (2004), *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010), *White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000), and *Riviere v. Banner Chevrolet, Inc.*, 184 F.3d 457 (5th Cir. 1999). I represented the Debt Buyers Association (now known as DBA International) as *amicus curiae* in Case No. 00-50513, *Shawn Johnson, Individually and on behalf of all others similarly situated vs. Capital One Bank and NCO Financial Systems, Inc.*, an FDCPA case before the United States Court of Appeals for the Fifth Circuit that was settled before a decision was issued.

My practice is almost exclusively related to consumer protection law and legal issues involving the credit and collection industry, and I mainly represent debt buyers, collection law firms, collection agencies, and creditors in defending and settling consumer litigation and regulatory actions and in compliance matters, from collector training to operational consulting.  I have done such training and consulting across the United States and in Canada, India, and the Philippines.

In the context of FDCPA litigation I have, over the years, served as counsel for numerous consumer plaintiffs, as class counsel for multiple consumer classes, as defense counsel in individual and class actions across the United States, as an expert for consumer plaintiffs, as an expert for defendants, as an expert on fees, and as a mediator if individual and class actions under the FDCPA or TDCA.  I have testified as an expert regarding the reasonableness and necessity of fees in hundreds of Texas state court cases.

**Facts and Opinions Regarding the Conduct of Plaintiff's Counsel**

**a. Early Settlement Efforts**

Defendant RSIEH retained me as its attorney in this matter prior to the date of its answer.  When PRA's corporate counsel reached a tentative agreement to settle with Celetha Chatman, I drafted the settlement documents.  At the time, I thought that $6,500 was an outrageously large amount to settle this case, but it was not my job to hinder resolution.

I prepared the settlement documents using the standard settlement template that I use in almost every non-class case. It is the same basic template that I used when I was a plaintiffs' lawyer. As is evident from ECF Documents 13, 21, 22, and 25, all of which are incorporated herein by reference, the settlement failed because, according to Ms. Chatman's email of August 31, 2016 (ECF Doc. 22-2, p. 2), Plaintiff Ozmun would not sign a global release, and Defendants were unwilling to settle unless they were fully released.

At no time in the course of Defendants' efforts to bring that settlement to fruition did Ms. Chatman ever state to me that Mr. Ozmun had other claims that he wished to pursue against either of the Defendants.  Plaintiff's full deposition in this case has been filed as ECF Doc. 101-2, and it is incorporated herein by reference. In that deposition, almost three months after the August 31, 2016 email from Ms. Chatman, Mr. Ozmun testified that he did not know about the failed settlement until just days before his deposition and that he was not even aware that it was being negotiated. See Ozmun Dep. at 150:11 - 153:4.  At no time in the course of this case has Plaintiff withdrawn or amended this deposition testimony.

During the Ozmun deposition I attempted to understand why Ozmun and Chatman might have refused a global release:

> 142
> 15   Q.    But you don't have any other claims
> 16   against Rausch, Sturm, right?
> 17      A.    Outside of this suit, no, sir.
> 18      Q.    All right.  Have you told me about every
> 19   claim you have against PRA?
> 20      A.    Yes, sir.  It's all here in the suit.
> 21      Q.    You don't have any claims against PRA
> 22   except what's in this suit?
> 23      A.    No, sir.
> 24      Q.    No, you do not?
> 25      A.    I do not.
> 143
> 1      Q.    All right.  Are there any other suits

2    you're planning to file against Rausch, Sturm or
3    PRA?
4         A.   I don't know that.  I'd have to check
5    with my attorney.
6         Q.   This is everything you know of, right?
7         A.   In the suit, yes, sir.
8         Q.   And you don't have any other complaints
9    about anything either of them has ever done to you
10   except what we've been talking about thus far today
11   in this deposition, right?
12        A.   I think this is most of it, yes, sir.
13        Q.   Was it all of it?
14        A.   At this time, yes, sir.  There could be
15   more later.
16        Q.   Well, this is my chance to depose you.
17   Do you mean if they do something in the future,
18   there could be more --
19        A.   Right.
20        Q.   -- or do you mean there could be other
21   things you haven't bothered saying yet?
22        A.   There's nothing I'm thinking of now that
23   may be actionable later.

Ozmun Dep. at 142:15 - 143:23.

At no time in the course of this case has Plaintiff withdrawn or amended this deposition testimony.  Nevertheless, Plaintiff later amended his Complaint in this case to assert claims against RSIEH and Travelers under the Texas Debt Collection Act, and in 2017 he filed Cases 17-665 and 17-665, both of which pertained to causes of action that allegedly existed at the time of Ozmun's deposition.

Based upon my experience and qualifications set forth above it is my opinion that an attorney's failure to convey offers and to involve her client in settlement discussions is a serious ethical lapse that harms the client, the opposing party, and the court.  Here, Ms. Chatman refused to agree to a general release, yet she also failed to disclose the existence of any other claims that might have enabled the settlement to be salvaged.  When, almost three months later, Ozmun testified that he had no other claims, the refusal to consummate the settlement became even more inexplicable.

As has been addressed in the briefing in this case, courts have repeatedly held that a plaintiff in an FDCPA case is entitled to a single recovery of statutory damages, regardless of the number of defendants or alleged violations.  At the time of the failed settlement Plaintiff's sole claims in this case were for statutory damages under the FDCPA and TDCA.  *See* ECF Doc. 1.   He asserted no claims

for actual damages or injunctive relief, and the state of the law was clear at the time this suit was filed that in the absence of actual damages or injunctive relief no statutory damages are recoverable under the FDCPA.

It is my opinion that the $6,500 demand to settle this case, pre-answer, had no basis in fact or law in light of the Complaint, Plaintiff's deposition testimony, and the amount of work that could reasonably have been expended at that point. Defendants initially agreed to that number only because they could split it for far less than the cost of defense.  However, based upon my experience and qualifications set forth above it is my opinion that the amount of the demand, coupled with the refusal to agree to a general release and the failure to involve Ozmun in the negotiations, evidenced the use of this litigation for improper purposes; specifically, to extort far more money from defendants than the extent of their liability at that stage.  It is my opinion that any one of those factors, standing alone, is sufficient to demonstrate the use of this litigation for an improper purpose.

It is further my opinion, based upon my experience and qualifications set forth above, that the $6,500 demand and the refusal by Ms. Chatman to consummate the settlement that she negotiated vexatiously multiplied these proceedings. But for that conduct all of the fees and expenses in this case, from Defendant's answer to the present, would have been avoided, and all of such time and expenses were a direct, proximate result of Ms. Chatman's conduct in causing the settlement to fail.  It is further my opinion that the failure of Michael Wood to supervise Ms. Chatman and ensure that such conduct was prevented vexatiously multiplied these proceedings and was a direct, proximate cause of all of the fees and expenses in this case, from Defendant's answer to the present.

### b. The Original Complaint

The original Complaint in this case named Travelers Casualty and Surety Company of America as a defendant, based upon its Texas third-party debt collector bond for RSIEH. It is my opinion, based upon my experience and qualifications set forth above, that there is no basis in fact or law for the joinder of the issuer of a Texas third-party debt collector bond in a suit that asserts no actual damages and no relief against the bond principal under the TDCA.  The assertion of such groundless claims necessitated the filing of the first summary judgment motion for RSIEH  in this case and the fees and expenses incurred in connection therewith.

### c. The Amended Complaint

Notwithstanding Ozmun's deposition testimony that he had no other claims, and despite my clients' opposition, Plaintiff filed an Amended Complaint (ECF Doc. 53) in which he added a claim against RSIEH and Travelers under the TDCA. The Amended Complaint also failed to seek actual damages or injunctive relief.

It is my opinion, based upon my experience and qualifications set forth above, that there is no basis in fact or law for the assertion of claims under the TDCA and on a third-party debt collector bond in a case in which neither actual damages nor injunctive relief are requested.  Given the well-established case law on that point it is my opinion that the Amended Complaint's addition of TDCA claims against RSIEH and Travelers was groundless, in bad faith, and served no purpose other than that of harassment.

### c. Plaintiff's Disclosures

Discovery in this case closed on March 30, 2018. ECF Doc. 80.  On May 11, 2018, I was served with Plaintiff's Second Amended Rule 26(a)(1) Disclosures.  Exhibit A to this Affidavit consists of a true copy of each of the three sets of Rule 26 disclosures served on me by Ozmun's counsel in this case.  In none of those disclosures did Plaintiff or his attorneys disclose any computation of damages as to RSIEH.

Based upon the experience and qualifications set forth above it is my opinion that the prosecution of a suit against a defendant from which a plaintiff seeks no relief has no basis in fact or law and that the filing and prosecution of such a suit is solely for the purpose of harassment.  It is further my opinion that the prosecution of a suit against a defendant from which a plaintiff seeks no relief constitutes the use of the suit for an improper purpose.  This is addressed below.

In the event that Ozmun actually was seeking ant sums of money from RSIEH, then it is my opinion that his attorneys executed and served the Disclosures in bad faith.  In three sets of disclosures spanning the life of this case they did not ever disclose that Ozmun sought damages from RSIEH.   Part of the decision to try this case was the absence of any damages claims against RSIEH; thus, in my opinion, if Ozmun actually claimed damages from RSIEH the conduct of his attorneys in serving the three sets of disclosures vexatiously multiplied this litigation.

Apart from the complete failure to disclose a damages calculation as to RSIEH, on May 11, 2018, Plaintiff served om Defendants his designation of trial witnesses and exhibits, a true copy of which is Exhibit B to this affidavit.  The designation was actually due by November 1, 2017. ECF Doc. 80.   In that untimely designation   Ozmun designated Robbie Malone and me as trial witnesses.  Based upon the experience and qualifications set forth above it is my opinion that there was no basis in fact or law for such designations.  Neither Ms. Malone nor I are witnesses to any fact that would be relevant to Plaintiff's claims or Defendant's defenses. It is my opinion  that Ms. Malone and I were designated in retaliation for having designated Wood and Chatman as witnesses, notwithstanding the apparently undisputed fact that the "dispute" letters at issue in this case were authored and sent by Wood's law firm and sent directly to PRA at a time when Wood and Chatman were on notice that RSIEH

represented PRA.   My opinion that the designation was retaliatory is further supported by the email from Michael Wood dated July 1, 2018, a true copy of which is <u>Exhibit C</u> to this Affidavit.  In that email Mr. Wood stated:

> Now that we have all filed our witness lists, I see that Manny and Robbie have removed Celetha and I from their list, along with the conspiracy topic. This means it is no longer necessary to have Robbie and Manny on our witness list.

> I think we might want to amend it because it will now be out of context and the judge will be confused by our listing opposing counsel on our witness list. What do you all think the best way to do that is? We could file a "corrected" witness list, or file a motion, or leave it to deal with at pretrial.

> I do want to leave our motion in limine barring the conspiracy topic in place to prevent it from being brought up at the last minute.

> Let me know what you all think!

Wood and Chatman were designated as fact witnesses because of their participation in the manufacture of this litigation. The elimination of them from the final trial witness list was based upon the conclusion that their testimony would be cumulative of what could be presented without them.  However, it is my opinion that the inclusion of Ms. Malone and me as witnesses was part of the pattern of bad faith and harassment by Ozmun and his attorneys in this case.

### d. Improper Use of Proceedings

Plaintiff has repeatedly made demands in this case that, in my opinion, had no basis in fact or law.  After the failure of the initial $6,500 settlement Chatman made a subsequent demand of $7,800 to settle, still conditioned upon an incomplete, non-global release.  <u>Exhibit D</u> to this affidavit is a true copy of that demand and the accompanying proposed release.  In light of Ozmun's lack of actual damages claims and the $1,000 limit on his FDCPA statutory damages claims,  is my opinion that the $6,500 and $7,800 demands had no basis in fact or law and that they were designed to polarize the parties and force Defendants either to pay more than the case was worth or else face continued defense costs and allow Plaintiff's alleged claim for fees to increase. (This is addressed further in my testimony below regarding the abusive utilization of a fee-shifting provision.)

As the trial date in this case neared and the court granted summary judgment to Defendants on Ozmun's state law claims, RSIEH's insurance carrier became reluctant to pay for a two-day trial (and the final preparation therefor) in a case in which the maximum recovery to the Plaintiff was $1,000, assuming that the

Court even allowed Plaintiff to avoid an immediate directed verdict in light of the failure to make Rule 26(a) disclosures as to any damage recovery against RSIEH. I was therefore authorized to offer on June 28, 2018, to settle this case for "the total sum of $1,000.00, with the award of fees and costs of the parties to be determined by the Court." A true copy of that offer is Exhibit E to this affidavit.

On July 1, 2018, Ozmun simply rejected that offer. A true copy of the rejection is Exhibit F to this motion.

On July 3, while I was engaged in a conversation with the Adjuster for this case, I received ECF Doc. 138, the Court's denial of Ozmun's Motion to Stay. With the permission of the adjuster I immediately contacted Ozmun's counsel and renewed the offer to settle for the total sum of $1,000.00, with the award of fees and costs of the parties to be determined by the Court. On July 6, 2018, via an email a true copy of which is Exhibit G to this affidavit, Ozmun again rejected that offer, instead making the following counteroffer:

> (1) .PRA will not collect or report on Mr. Ozmun's three consumer debts;
> (2) .Defendants will pay Mr. Ozmun $3225.00 for his remaining claims; and
> (3) .Parties to file motions to the court for fees and costs
> (4) .Mr. Ozmun will dismiss his claims (after attorney fees and costs are determined by court) against both defendants;

At the time of that offer two of the three debts had been reduced to final judgments on which the time for appeal had expired. Also, at the time of that offer, Plaintiff's Second Amended Rule 26(a)(1) Disclosures disclosed only the following damages claims:

> Plaintiff is entitled to $1,000 in statutory damages per subject account under the FDCPA from Defendant Portfolio Recovery Associates, LLC pursuant to 15 U.S.C. § 1692k(a)(2), statutory damages of not less than $100 under the Texas Finance Code from Defendant, and reasonable attorneys' fees, and costs.

Plaintiff's state law claims had already been dismissed pursuant to the Court's summary judgment order. Thus, the counteroffer demanded more in damages than Plaintiff had even asserted in his disclosures. The counteroffer also demanded elimination of Plaintiff's three debts, thereby raising the value of the demand by approximately more than double the cash component.

No provision of the FDCPA authorizes use of the statute as part of a debt elimination scheme. Based upon me experience and qualifications set forth above it is my opinion that a demand for more money than was set forth in Plaintiff's disclosures plus debt forgiveness was bad faith conduct that further vexatiously multiplied these proceedings. As a result of that bad-faith demand

Defendants filed their Motion to Deposit Funds into the Registry of the Court, ECF Doc. 140.

It was only after the filing of that motion, when faced with a tender that would have mooted his case that Plaintiff made his offer of July 9. 2018. In that offer, Plaintiff agreed that he would accept "$1,250.00 to dismiss these FDCPA claims against both defendants."  A true copy of that offer is Exhibit H to this affidavit.

That offer was made on Monday, July 9, 2018, at 8:59 p.m.  Shortly after noon, the following day, Defendants had delivered to the office of Plaintiff's counsel a cashier's check in the amount of $1,250.00, together with a motion and order for dismissal.  A true copy of packet that was delivered to Plaintiff's counsel is Exhibit I to this motion.

Notwithstanding the tender of a cashier's check in the exact amount requested, Plaintiff's counsel then refused to dismiss this case as promised.  Defendants demanded dismissal, but Plaintiff's attorneys resisted, claiming that a briefing schedule on fees was needed.  Although I had pointed out to Plaintiff's counsel Amy Clark in phone conversations that Local Rule CV-7 expressly provided for the timing of fees motions, Plaintiff and his attorneys were not satisfied with the local rule.  On July 18, 2018, I received an email from attorney Ruth Kollman. That email, a copy of which is Exhibit J to this motion, stated:

> What do you think about responding to Manny's email that we are holding the funds in trust and will sign a joint motion to dismiss after the conclusion of the attorney fee proceedings, with the understanding that those results may necessitate revision? Also, we do not believe the local rules re briefing schedule apply here. Maybe ask Robbie to explain to him?

The refusal of Plaintiff's counsel to submit a motion to dismiss in accordance with the settlement terms forced Defendants to file a Motion to Dismiss Plaintiff's Claims with Prejudice (ECF 144). That motion was granted on August 9, 2018 (ECF Doc. 149).

Based upon my experience and qualifications set forth above it is my opinion that the conduct of Plaintiff's counsel in refusing to agree to dismiss, in forcing Defendants to file a motion to dismiss, and in opposing that motion vexatiously multiplied these proceedings.  The offer to dismiss in exchange for $1,250 was clear and unequivocal. The reason Defendants had a cashier's check delivered to Ms. Clark's office so quickly was that they did not trust Plaintiff to honor or not withdraw that

offer, and Defendants wanted to perform in full before that could happen. Notwithstanding the delivery of the cashier's check less than sixteen hours after the $1,250 offer was made, Plaintiff and his attorneys refused to honor the offer by dismissing as promised.  It is my opinion, based upon my experience and qualifications set forth above, that there was no basis in law or fact for refusing to dismiss and for opposing the motion to dismiss.  By their vexatious actions Plaintiff and his attorneys forced Defendants to file both the motion to dismiss and the reply brief in support thereof.

Based upon my experience and qualifications set forth above it is also my opinion that this litigation was, to a large extent, manufactured by Attorneys Wood and Chatman in bad faith. Two of the claims relate to PRA's alleged failure to report as disputed debts that were the subject of litigation handled by RSIEH.  Plaintiff has admitted in this case that the fax number from which the "disputes" were sent is controlled by Wood and Chatman. *See* ECF Doc. 101-6, p. 6, responses to Requests for Admission 7 and 8.  To date, neither has denied having actual or constructive knowledge that RSIEH represented PRA in connection with two of Plaintiff's debts at the time that disputes of those debts were faxed directly to PRA from Wood and Chatman.

My opinion that the litigation was manufactured is further based upon the fact that: *1)  at the time of the "dispute" letters there were deemed admissions in the state court proceedings pertaining to those debts that ran contrary to any dispute; (2) Ozmun never sought to set aside those admissions; and (3)  Ozmun did not even respond to PRA's motions for summary judgment in the state court actions. *See* ECF Doc. 101-3, 101-8. and 101-9.  The "disputes" are, in my opinion, fabrications by Wood and Chatman designed to create the very type of lawsuits that they have filed under 15 U.S.C. § 1692e(8).  Furthermore, the "dispute" letters, which referenced the debt, Ozmun's refusal to pay, and his alleged inability to pay, were sent by Wood and Chatman directly to PRA, notwithstanding the Representation of PRA by RSIEH. It is my opinion that no legitimate purpose existed for that direct communication with a represented party and that the sending of the letters directly to PRA, in a form which created the false impression that they originated from Ozmun, further shows the bad faith, deception, and intent to harass of Wood and Chatman.

### e. Failure to Comply with Orders and Rules

Throughout the Ozmun and his attorneys demonstrated a disregard for the orders of this Court and the applicable rules.  This began with the original scheduling conference.

As is shown in <u>Exhibit K</u>, Chatman waited until the day after the proposed discovery plan was due to contact either of Defendants' attorneys about submitting the plan.  Ms. Malone and I attempted without success to conduct the call that day, but Ms. Chatman refused.  When the call occurred the following day Oi attempted to get Ms. Chatman to discuss the topics set forth in Rule 26(f)(2) including, in particular, "the nature and basis of [Ozmun's] claims".  I pointed out that every appellate court to rule on the issue had held that an FDCPA plaintiff is limited to $1,000 per action, regardless of the number of plaintiffs or alleged violations, and I asked her to explain why this case was worth more than that.  The only response that she would give was "that's my position." I also asked her to explain why Travelers was a defendant. The only response that she would give was that it was in the Complaint.

The original Complaint in this case asserted no TDCA claim against RSIEH and no claim for actual damages.  Thus, there was no basis for the claim against Travelers.  It is my opinion, based upon the experience and qualifications set forth above, that Chatman acted in bad faith and in willful disregard of the Court's order of September 7 and Rule 26(f) by failing to meet the deadline set forth in the order and by failing to confer in good faith regarding the matters set forth in Rule 26(f).

On October 25, 2016, the Court signed the original scheduling order in this case, ECF Doc. 28.  That order required Plaintiff to serve on all parties by February 17, 2017, a disclosure of his designation of potential witnesses, testifying experts, and proposed exhibits.  No such designation was served.  The noncompliance with the original Scheduling Order was brought to the attention of both the Court and Respondents multiple times, the last of which was at the status conference in this case on June 6, 2017, which was attended by Attorney Wood telephonically.  Even after that, Plaintiff and his attorneys made no attempt to correct their violations of the original scheduling order.  When the Amended Scheduling Order was issued Plaintiff and his attorneys ignored it as thoroughly as they did the original Scheduling Order.

The repeated violations of scheduling orders have already been punished by the Court in its sanctions order of February 15, 2018 (ECF Doc. 91).  However, even then, Plaintiff and his attorneys ignored the deadlines set by the Court. Although they continued to prosecute this case against RSIEH, at no point n time did Ozmun or his attorneys ever serve disclosures on Defendants that set forth any computation of damages as to RSIEH.

Similarly, Ozmun and his attorneys failed to produce to Defendants the default motion that they allege was actually received by Ozmun.[1]  They did not designate or identify any witness who could sponsor and authenticate the consumer

_____

[1] The only copy that they have produced appears t be one downloaded from the Travis County Court at Law web site.

reports at issue in this case. They did not designate or identify any witness who could attest to the content and filings in the Travis county Courts at Law, nor did they produce certified copies of such records.  Nevertheless, they have continued to prosecute this case.

Based on the experience and qualifications set forth above it is my opinion that the failures to designate essential witnesses and produce essential documents and the repeated disregard of scheduling orders demonstrate that Plaintiff and his attorneys have been using this litigation as a piece of economic blackmail, both forcing Defendants to continue to incur defense costs and holding over their heads the threat of a fee-shifting claim, without the intent or ability to try the case.  In my opinion as a consumer law professor and former plaintiffs' attorney, no competent attorney, experienced in FDCPA matters, would have failed to depose the consumer reporting agency whose reports are at issue in this case, had that attorney seriously intended to try the case.   In my opinion as a consumer law professor and former plaintiffs' attorney, no competent attorney, experienced in FDCPA matters, would have failed to disclose a calculation of damages as to a defendant against whom that attorney seriously intended to try the case.  Such lapses by Ozmun and his attorneys demonstrate bad faith in the filing and prosecution of this suit.   In my opinion, based upon the experience and qualifications set forth above, Plaintiff, Chatman, and Wood manufactured this case to try to leverage debt forgiveness and thousands of dollars in payments from Defendants, betting on the willingness of Defendants to pay more than the case was worth just to stop the pain of the defense costs.

**f. The Conduct of Ruth Kollman**

The first time that I heard from Attorney Ruth Kollman regarding this case was the morning of May 11, 2018. This case was set for hearing on all pending matters at 2:00 p.m. on that date. *See* ECF Doc. 99. However, at 10:05 that morning I received an email from Ruth Kollman stating: "Plaintiff and Plaintiff's counsel are filing a motion to recuse Judge Sparks in the referenced matter. I assume you oppose unless you email me otherwise."  A true copy of that email is Exhibit L to this declaration.  I knew who Ms. Kollman was as a result of an unsuccessful motion to recuse that she had filed in the Tejero case that is before this Court.  I responded at 10:21 a.m. stating:

> Unless you are admitted to practice in this district I do not intend to discuss this matter with you except to say that, in light of the denial of recusal in Tejero, should you file such a motion you can expect that I will seek an order compelling you to pay the fees and expenses caused by such a motion.

> If you have been admitted please let me know, and I will be glad to elaborate on my position.

Ms. Kollman did not respond. Instead, at 11:01 that day, just under three hours from the scheduled start of the hearing, I received a Motion to Recuse that was signed by Ruth Kollman (notwithstanding her lack of admission in the district and her failure to seek admission *pro hac vice* in this case), and Michael Wood. That motion was filed without any meaningful effort to meet and confer and (in my opinion) without basis in law or fact. The timing of that motion was calculated to cause Defendants to incur the cost of preparing for and attending court that day, and it did, in fact, have that effect. By waiting until the morning of the hearing even to raise the issue of recusal vexatiously multiplied these proceedings by forcing me to prepare for and go to court that day.

As is evidenced by Exhibit J, Ms. Kollman has continued to involve herself in this case, notwithstanding her failure to seek admission *pro hac vice.* As an attorney with a multi-jurisdictional practice I find myself shocked at Kollman's unlawful and unethical behavior in filing a motion in a court in which she is not admitted. Her conduct resulted in the loss of time reflected in my time records for May 11, 2018, on preparing for and attending a hearing  that could not go forward due to the meritless motion to recuse.

Kollman's involvement in the failure of Plaintiff to dismiss this case also helped cause my client to incur the fees in preparing the Motion to Dismiss (ECF Doc. 144) and Reply Brief in support of that motion (ECF Doc. 146). It should not have been necessary to file that motion, and the refusal of Plaintiff and his attorneys to honor the terms of the offer to dismiss in exchange for $1,250 forced Defendants to file the Motion to Dismiss. The refusal to dismiss further multiplied these proceedings vexatiously, and Ms. Kollman was a participant in that refusal.

**Testimony regarding Time and Expenses**

All of my time records are entered and maintained electronically. Until November, 2017, this was done in a program called Lexis Practice Advantage, also known as Time Matters. Since November, 2017, my firm has converted to a program called Centerbase. Exhibit M contains data from the original time entries in those programs, and it reflects the records of my billable time and expenses that were entered into and maintained in those programs.

My firm keeps contemporaneous time records of the time incurred by attorneys. In the case of my own time, I enter into our timekeeping system the time and expenses incurred each day. Thus, the entries are made at or near the time of the events that they describe, by a person with knowledge of the matters contained therein. These time records were made and kept in the ordinary course of business and as part of the regularly conducted business activity of Barron & Newburger, P.C.

The accompanying Exhibit M reflects time and expenses incurred in this case from the beginning of this case through the filing of Defendants' Motion for an Award of Fees and Expenses. However, Exhibit M does not reflect all of my time in this case. For example, my email folder for this case has over 1,600 emails that were sent or received in this case. I have billed for fewer than 40 of those emails.

Based upon Exhibit M the reasonable and necessary time and expenses incurred in this case by my client are:

| | |
|---|---|
| Fees: | $117,701.00 |
| Expenses: | $    1,665.99 |
| TOTAL: | $119,366.99 |

However, the Court ordered Plaintiff and his attorneys to pay $9,187.92 in sanctions in this case. That payment was split equally by Defendants, resulting in a credit od $4,593.96. Therefore, the total amount of reasonable fees and expenses incurred by RSIEH in this case is $114,773.03.

In support of the reasonableness and necessity of the above-stated fees I offer the following additional testimony regarding the factors prescribed by *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Hensley v. Eckerhart*, 461 U.S. 424 (1983):

## A. The Time and Labor Required

With regard to the time and labor required, all of the time that I have incurred as reflected on the accompanying Exhibit M was necessary and reasonable. Multiple aspects of this case were firsts for me. I do not believe that I have ever had to seek sanctions against attorneys for failing to comply with a scheduling order of a federal court. In this case, plaintiff and his counsel violated two scheduling orders. If fact, they failed to correct their violations of the first scheduling order, and although I had pointed out those violations on three separate occasions they then violated the second scheduling order in a similar manner.

I have never before had a plaintiff's attorneys agree to dismiss in exchange for payment of a sum certain and then refuse to dismiss after being paid that sum. In this case, Plaintiff and his lawyers forced me to file a motion to dismiss seeking to enforce the agreement that they had made.

I have never before had a federal court case reach the week before trial with multiple sets of Rule 26(a)(1) disclosures, , each of which failed to disclose any damage claim whatsoever against my client. This forced me to have to consult to and advise my client regarding the possible consequences of such a failure.

I have not previously had an adversary refuse to tell me in a Rule 26(f) conference what the basis was of her damages and simply say "that is my position" as Ms. Chatman did.

The time and expenses[2] reflected in <u>Exhibit M</u> were reasonable and necessary in this case.  Plaintiff and his attorneys made the time necessary.  The time was reasonable, as most of the motions and briefing had to be done from scratch without the benefit of a prior, similar motions to use as a starting point.  All of the work from the answer, forward, could have been avoided had Ozmun and Chatman not refused to agree to a general release of my client.

It is my opinion that the fees and expenses set forth in the accompanying <u>Exhibit M</u>  are reasonable and necessary in this case and that the hourly rates billed to this case are not only reasonable but less than that which is usual and customary for an attorney with my experience and expertise.

## B. The Novelty and Difficulty of the Questions

The issues involved in this case were novel to the extent that I have not in many years had attorneys insist that they could recover more than $1,000 in statutory damages in an individual FDCPA case, I have not in many years had a plaintiff and his lawyers engage in claim-splitting, I have rarely had to seek contempt sanctions against other attorneys, I have rarely had to force an adversary to honor an agreement to dismiss a case, and I do not believe that I have ever had adversaries demonstrate a pattern of manufacturing litigation by contacting represented parties.  *See* ECF Doc. 101 and the exhibits thereto.

I cannot say that these issues were extremely difficult, but they were unusual, in that I do not typically encounter attorneys with a pattern of violating court orders, ignoring the federal rules, breaking their word, contacting represented parties, and practicing in a court where they are not licensed.  Each of these behaviors by Plaintiff and /or his attorneys necessitated additional time and effort on my part.

## C. The Skill Required to Perform the Legal Services Properly

Litigation of this type is technical and tends to require knowledge of, and experience with multiple areas of consumer protection law.  I have been certified as specialist in Consumer and Commercial Law by the Texas Board of Legal Specialization.  I have substantial experience with defending consumer financial

---

[2] I would note that there was an expense of $267 for an airline change fee that was not awarded in the previous sanctions order.  That expense was incurred as I was already booked to fly to Chicago to depose one of Ms. Chatman's clients in two other cases in the Northern District of Illinois.  When the Court set the hearing on January 23, 2018, I had to change my flight to allow me to attend the hearing.

services litigation in multiple jurisdictions across the United States.  I have defended or been involved in the defense of such cases in Texas, Colorado, Arkansas, California, Connecticut, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, Washington, West Virginia, and Wisconsin.  I have spent my entire legal career developing substantial expertise in consumer protection law.

My adversaries, Michael Wood and Celetha Chatman, appear to have a business enterprise based upon the making of unreasonable demands, followed by a pattern of forcing defendants to incur substantial fees if they do not capitulate.  In this case, Ms. Chatman demanded $6,500 at the pre-answer stage to settle a case involving no actual damages and statutory damages that are capped by statute at $1,000.  They have been getting away with such conduct in at least two separate federal districts, and it seems to necessitate substantial skill to stop them, since to date, no one has been able to do so.

A search of PACER in the last two days generated a search result stating that 'Celetha Chatman is an attorney in 636 cases' in the Northern District of Illinois. A similar PACER search for the Western District of Texas resulted in the response that 'Celetha Chatman is an attorney in 20 cases.  This is somewhat astounding when one considers that the Illinois Attorney Registration & Disciplinary Commission web site states that Celetha Chatman was admitted as a lawyer on November 5, 2015.  Since Mr. Wood and Ms. Chatman have been getting away with this sort of behavior in hundreds of cases it is my opinion that substantial skill and experience has been  necessary to shine an appropriate light on the manner in which they are practicing law.

**D.     The Preclusion of Other Employment Due to Acceptance of this Case**

It is fundamental that an attorney can only handle so many cases at one time. While the number of cases that any individual lawyer can handle depends upon both the attorney and the nature of his or her caseload, the fact remains that each case taken limits other cases that can be accepted.  Mine is a relatively small firm, and when an attorney reaches the maximum number of cases he can handle there are limited options to have another attorney in the firm take the next case presented to us.

**E. The Customary Fee**

My standard hourly rate is $450.00 per hour for legal work and $500 per hour for expert witness work.  My hourly rate is consistent with rates charged by attorneys with experience and qualifications comparable to mine and who have multi-jurisdictional practices similar to mine.  In fact, I am familiar with rates charged by attorneys with similar practices in firms such as Maguire Woods, Reed Smith,

and Greenberg Traurig, and my hourly rate is substantially below what those attorneys charge. My standard rates are at least $150 or more lower than the rates of attorneys with comparable practices, and as much as $300 per hour below those of attorneys with comparable practices. I tend to serve a client base that frequently cannot afford those rates, and I have set my rates in a range that is within the means of my clients.

The time and fees sought in this case are well within the range of what is customary for a case of this type. It is my opinion that the hours reflected in my time records are reasonable for the work done to date.

## F. The Amounts Involved and the Results Obtained

My client's goal in this case was not to allow Ozmun and his attorneys to extort a substantially greater amount than the law permits. Ozmun walked away from a $1,250 settlement, he tried to leverage a settlement of over $10,000 in cash and debt forgiveness, but he was ultimately forced to agree to dismiss his claims in exchange for $1,250. That is less than the sum of $1,000 plus the costs of filing and service, and it is an excellent result, both in terms of outcomes in FDCPA cases and in terms of what Ozmun, specifically, tried to extract from Defendants.

The sanctions awarded in this case against Wood, Chatman, and Ozmun were also an excellent result. I know from personal experience that Wood and Chatman have, in multiple cases, been getting away with ignoring the Rules, contacting represented parties, and forcing defendants to choose between substantial defense costs or payment of unreasonable demands. To the extent that the sanctions imposed by the Court in ECF Doc. 91 help to prevent such behaviors I have also achieved excellent results.

## G. The Time Limitations Imposed by the Client or by the Circumstances

This was not a significant factor.

## H. The Nature and Length of the Professional Relationship with the Client

Rausch Sturm is an old client that I have represented for many years. The rate that I am seeking is the rate that they pay. I have not increased my rate for them in over three years.

## I. The Experience, Reputation, or Ability of the Attorney

This information is set forth above.

**J. Whether the Fee Is Fixed or Contingent**

I am being paid for the defense of this case on an hourly basis.

For the reasons set forth above it is my opinion that the total sum of $114,773.03 is reasonable, necessary, usual, and customary for the work described in the accompanying <u>Exhibit M</u>. The expenses described in <u>Exhibit M</u> are expenses incurred by my client in connection with the hearing in this case on January 23, 2019, and those expenses are also reasonable and necessary.

I declare under penalty of perjury that the foregoing matters are, within my personal knowledge, true and correct.

Signed this 23rd day of August, 2018.

Manuel H. Newburger, Affiant

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## Western District of Texas
### Austin Division

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CASE NUMBER: 1:16-cv-00940-SS |
| v. | § | |
| | § | Hon. Sam Sparks |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC; RAUSCH, STURM, | § | |
| ISRAEL, ENERSON & HORNIK, LLC; | § | |
| WESTERN SURETY COMPANY; and | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S SECOND AMENDED RULE 26(A)(1) DISCLOSURES

NOW COMES Plaintiff, Joseph Ozmun, by and through his attorneys, and for his Rule

26(a)(1) disclosures, states as follows:

1.  The following individuals may have discoverable information:

    a.  Plaintiff Joseph Ozmun, c/o Celetha Chatman, Community Lawyers Group, Ltd., 73 W. Monroe Street, Ste. 514, Chicago, Illinois 60603.

        Mr. Ozmun has knowledge regarding the allegations of his Complaint, his communications with Defendant, and his claimed damages.

    b.  Celetha Chatman, Community Lawyers Group, Ltd., Community Lawyers Group, Ltd., 73 W. Monroe Street, Ste. 514, Chicago, Illinois 60603.

        Ms. Chatman will have information discoverable on the issues of the amount and reasonableness of the attorney fees and costs incurred in this suit.

    c.  Nyetta Jackson, on behalf of Portfolio Recovery Associates.

        As Vice President of Operations, Jackson has knowledge of the debt collection activities undertaken in the underlying case, the process and procedures for drafting and sending communications, circumstances surrounding the underlying alleged debt, communications with Plaintiff and third parties related to the alleged debt, Defendant's policies and

procedures for compliance with the FDCPA, and Defendant's affirmative defenses

d.      Manual H. Newburger
        Barron & Newburger, PC
        7320 N. MoPac Expy., Suite 400
        Austin, TX 78731

        Mr. Newburger, as counsel for Defendants PRA and Rausch, has repeatedly accused Plaintiff and his counsel of violating the rules of professional responsibility by contacting PRA directly with information regarding his dispute of the accuracy of PRA's credit reporting. This despite Rausch's instructions in writing that Plaintiff contact PRA directly regarding the accounts, and despite PRA listing its own name and contact information on Plaintiff's credit report, and not that of its counsel, and routinely processing disputes and account verifications directly instead of through counsel.

        Mr. Newburger has knowledge of the basis of these accusations, the truthfulness of the allegations, and the motivation behind the allegations, including whether they are solely an attempt to seek disqualification of Plaintiff's attorneys, or solely an attempt to gain an advantage in a civil matter, in violation of Rule 4.04 of the Texas Disciplinary Rules of Professional Conduct.

e.      Robbie Malone
        Malone Akerly Martin PLLC
        Northpark Central, Suite 1850
        8750 N. Central Expressway
        Dallas, Texas 75231

        Ms. Malone, as counsel for Defendant PRA, has repeatedly accused Plaintiff and his counsel of violating the rules of professional responsibility by contacting PRA directly with information regarding his dispute of the accuracy of PRA's credit reporting. This despite Rausch's instructions in writing that Plaintiff contact PRA directly regarding the accounts, and despite PRA listing its own name and contact information on Plaintiff's credit report, and not that of its counsel, and routinely processing disputes and account verifications directly instead of through counsel.

        Ms. Malone has knowledge of the basis of these accusations, the truthfulness of the allegations, and the motivation behind the allegations, including whether they are solely an attempt to seek disqualification of Plaintiff's attorneys, or solely an attempt to gain an advantage in a civil matter, in violation of Rule 4.04 of the Texas Disciplinary Rules of Professional Conduct.

    f.      Presently unknown or unidentified individuals at Portfolio Recovery Associates, LLC will have information discoverable as to

        (1)    The facts alleged in the Complaint;

        (2)    Circumstances surrounding the underlying alleged debt and how said debt was calculated;

        (3)    Records maintained relating to the alleged debt that include payments made on the alleged debt;

        (4)    Communications with Plaintiff and with third parties, including the consumer reporting agencies, relating to the alleged debt;

        (5)    Credit reporting done on the account at issue;

        (6)    Credit communications by Portfolio Recovery Associates, LLC; and

        (7)    Defendant Portfolio Recovery Associates, LLC's affirmative defenses.

    g.      All witnesses identified on Defendant's Rule 26 Disclosures.

    h.      Presently unknown or unidentified individuals at the consumer reporting agencies may have discoverable information pertaining to

        (1)    Their communications with Defendant and Plaintiff that relate to the alleged debt

        (2)    The information communicated by Defendant and/or their agents or employees to the consumer reporting agencies that relates to the alleged debt; and

    f.      Presently unknown or unidentified individuals of the assignor(s) and/or original creditor, Citibank, N.A., will have information discoverable as to the facts alleged in the Complaint, circumstances surrounding the underlying alleged debt and how said debt was calculated, records maintained relating to the alleged debt that include payments made on the alleged debt, communications with Plaintiff and with third parties relating to the alleged debt, credit reporting done on the account at issue, and affirmative defenses.

    g.      Investigation continues. Plaintiff reserves the right to timely supplement this response.

2.    Plaintiff does not anticipate the use of expert testimony at this time. Plaintiff reserves the right to timely supplement this response.

3.      Plaintiff will forward copies of any non-privileged documents which arise with
further investigation with respect to Defendants, including:

   a.      Credit Reports from Plaintiff and documents related to the account at
   issue;

   b.      Any communications between Plaintiff and Defendant that are in
   Plaintiff's control.

   c.      Investigation continues. Plaintiff reserves the right to timely supplement
   this response.

4.      Computation of any category of damages claimed by the disclosing party:

   a.      Plaintiff is entitled to $1,000 in statutory damages per subject account
   under the FDCPA from Defendant Portfolio Recovery Associates, LLC
   pursuant to 15 U.S.C. § 1692k(a)(2), statutory damages of not less than
   $100 under the Texas Finance Code from Defendant, and reasonable
   attorneys' fees, and costs.

5.      Insurance Policies: None.

Respectfully submitted,

/s/ Robert Zimmer
Robert Zimmer

Robert Zimmer, Esq.
Attorney at Law and Counselor
State Bar No. 24098662
**Zimmer & Associates, A Law Firm**
707 West 10th Street
Austin, TX  78701
512.434.0306 (phone)
310.943.6954 (fax)

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
University Park
3300 N. Interstate Hwy 35, Suite 7018
7th Floor
Austin, TX 78722

Ph: (512)524-9352
Fx: (512)593-5976
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## <u>CERTIFICATE OF SERVICE</u>

  I, Robert Zimmer, an attorney, hereby certify that on May 11, 2018, a copy of Plaintiff's Supplemental Fed. R. Civ. P. Rule 26(a)(1) disclosures was sent via email to counsel of record below.


    Manuel H. Newburger
    Barron & Newburger, P.C.
    7320 N. MoPac Expy., Suite 400
    Austin, Texas 78731
    (512) 476-9103
    mnewburger@bn-lawyers.com


    Robbie Malone
    Malone Akerly Martin PLLC
    Northpark Central, Suite 1850
    8750 North Central Expressway
    Dallas, Texas 75231
    (214) 346-2630
    rmalone@mamlaw.com


**Dated: May 11, 2018**       Respectfully submitted,


        By:    */s/ Robert Zimmer*


Robert Zimmer, Esq.
Attorney at Law and Counselor
State Bar No. 24098662
**Zimmer & Associates, A Law Firm**
707 West 10th Street
Austin, TX  78701
512.434.0306 (phone)
310.943.6954 (fax)

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| | § | |
| PLAINTIFF, | § | CASE NUMBER: 1:16-cv-00940-SS |
| | § | |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES LLC; RAUSCH, STURM, | § | |
| ISRAEL, ENERSON & HORNIK LLC; | § | |
| WESTERN SURETY COMPANY, and; | § | 'JAN.2 6 2018 |
| TRAVELERS CAUSUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Plaintiff, Joseph Ozmun, by and through his attorneys, and for his Supplemental Responses to Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), states as follows:

1. The name and, if known the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:**

a) Nyetta Jackson
on behalf of Portfolio Recovery Associates.

As Vice President of Operations, Jackson has knowledge of the debt collection activities undertaken in the underlying case, the process and procedures for drafting and sending communications, circumstances surrounding the underlying alleged debt, communications with Plaintiff and third parties related to the alleged debt, Defendant's policies and procedures for compliance with the FDCPA, and Defendant's affirmative defenses

1

Respectfully submitted,

/s/Celetha Chatman
Celetha Chatman

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fax: (312) 265-3227
cchatman@communitylawyersgroup.com

Robert Zimmer
TX Bar No. 24098662

707 West 10th Street
Austin, TX  78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com

## CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on January 3, 2018, a copy of Plaintiff's Supplemental Fed. R. Civ. P. Rule 26(a)(1) disclosures was sent via email to counsel of record below.

Manuel H. Newburger
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 476-9103
mnewburger@bn-lawyers.com


Robbie Malone
Malone Akerly Martin PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2630
rmalone@mamlaw.com


**Dated: January 3, 2018**                                    Respectfully submitted,


By: ___ /s/ *Celetha Chatman*

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

3

## UNITED STATES DISTRICT COURT
### Western District of Texas
### Austin Division

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | CASE NUMBER: 1:16-cv-00940-SS |
| v. | § | |
| | § | Hon. Sam Sparks |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC; RAUSCH, STURM, | § | |
| ISRAEL, ENERSON & HORNIK, LLC; | § | |
| WESTERN SURETY COMPANY; and | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES

NOW COMES Plaintiff, Joseph Ozmun, by and through his attorneys, and for his Rule

26(a)(1) initial disclosures, states as follows:

1.  The following individuals may have discoverable information:

    a.  Plaintiff Joseph Ozmun, c/o Celetha Chatman, Community Lawyers Group, Ltd., University Park, 3300 N. Interstate Hwy 35, Suite 7018, 7th Floor, Austin, Texas 78722. Mr. Ozmun has knowledge regarding the allegations of his Complaint, his communications with Defendant, and his claimed damages.

    b.  Celetha Chatman, Community Lawyers Group, Ltd., University Park, 3300 N. Interstate Hwy 35, Suite 7018, 7th Floor, Austin, Texas 78722. Ms. Chatman will have information discoverable on the issues of the amount and reasonableness of the attorney fees and costs incurred in this suit.

    c.  Presently unknown or unidentified individuals at Portfolio Recovery Associates, LLC will have information discoverable as to

        (1)  The facts alleged in the Complaint;

        (2)  Circumstances surrounding the underlying alleged debt and how said debt was calculated;

(3)    Records maintained relating to the alleged debt that include payments made on the alleged debt;

(4)    Communications with Plaintiff and with third parties, including the consumer reporting agencies, relating to the alleged debt;

(5)    Credit reporting done on the account at issue;

(6)    Credit communications by Portfolio Recovery Associates, LLC; and

(7)    Defendant Portfolio Recovery Associates, LLC's affirmative defenses.

d.    All witnesses identified on Defendant's Rule 26 Disclosures.

e.    Presently unknown or unidentified individuals at the consumer reporting agencies may have discoverable information pertaining to

(1)    Their communications with Defendant and Plaintiff that relate to the alleged debt

(2)    The information communicated by Defendant and/or their agents or employees to the consumer reporting agencies that relates to the alleged debt; and

f.    Presently unknown or unidentified individuals of the assignor(s) and/or original creditor, Citibank, N.A., will have information discoverable as to the facts alleged in the Complaint, circumstances surrounding the underlying alleged debt and how said debt was calculated, records maintained relating to the alleged debt that include payments made on the alleged debt, communications with Plaintiff and with third parties relating to the alleged debt, credit reporting done on the account at issue, and affirmative defenses.

g.    Investigation continues. Plaintiff reserves the right to timely supplement this response.

2.    Plaintiff does not anticipate the use of expert testimony at this time. Plaintiff reserves the right to timely supplement this response.

3.    Plaintiff will forward copies of any non-privileged documents which arise with further investigation with respect to Defendants, including:

a.    Credit Reports from Plaintiff and documents related to the account at issue;

b.    Any communications between Plaintiff and Defendant that are in Plaintiff's control.

      c.      Investigation continues. Plaintiff reserves the right to timely supplement this response.

4.      Computation of any category of damages claimed by the disclosing party:

      a.      Plaintiff is entitled to $1,000 in statutory damages under the FDCPA from Defendant Portfolio Recovery Associates, LLC pursuant to 15 U.S.C. § 1692k(a)(2), statutory damages of not less than $100 under the Texas Finance Code from Defendant, and reasonable attorneys' fees, and costs.

5.      Insurance Policies: None.

Respectfully submitted,


/s/ *Celetha Chatman*
Celetha Chatman


Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
University Park
3300 N. Interstate Hwy 35, Suite 7018
7th Floor
Austin, TX 78722
Ph: (512)524-9352
Fx: (512)593-5976
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| | § | |
| PLAINTIFF, | § | CASE NUMBER: 1:16-cv-00940-SS |
| | § | |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES LLC; RAUSCH, STURM, | § | |
| ISRAEL, ENERSON & HORNIK LLC; | § | |
| WESTERN SURETY COMPANY, and; | § | |
| TRAVELERS CAUSUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF JOSPEH OZMUN IDENTIFICATION AND STATEMENT OF WITNESSES TO TESTIFY AND WITNESSES TO TESTIFY VIA DEPOSITION

Plaintiff JOSPEH OZMUN ("Plaintiff"), by and through his attorneys, submits this Statement and Identification of witnesses Expected to Testify at Trial and Testify via Deposition at Trial, pursuant to Local Rules 16(e)(5) and 16(e)(6):

### Expected Witnesses Testifying

1.   Joseph Ozmun, Plaintiff in this action, who may be contacted through counsel, Celetha Chatman, Community Lawyers Group, Ltd., 73 W. Monroe Street, Suite 514, Chicago, Illinois, 60603, (312) 757-1880; and Robert Zimmer, 707 West 10th Street, Austin, Texas, 78701, (512) 434-0306.

2.   Manuel H. Newburger, Barron & Newburger, PC, 7320 N. MoPac Expy., Suite 400, Austin, TX 78731.

3.   Robbie Malone, Malone Akerly Martin PLLC, Northpark Central, Suite 1850, 8750 N. Central Expressway Dallas, Texas 75231.

4.  Seung W. Chae
    Michael R. Castro
    Michael L. Garza
    Steve A. Javandoost
    Rausch, Sturm, Israel, Enerson & Hornik, LLC
    15660 N. Dallas Parkway, Suite 350
    Dallas TX 75248
    Toll Free - (866) 456-3744

5.  Nyetta Jackson
    Portfolio Recovery Associates
    120 Corporate Boulevard
    Norfolk, VA 23502

6.  Any witness called by Defendant.

### Expected Witnesses Testifying Via Deposition

1.  Nyetta Jackson, Portfolio Recovery Associates' Vice President of Disputes, Customer

Service, and Complaints. Deposition taken on December 15, 2015, in Diana Acosta v. Portfolio

Recovery Associates, LLC, 15-cv-2441, N.D. Illinois.

### Plaintiff's Exhibit 'C', Deposition Pages to Be Offered:

1 - 6:2
56: 1-14
57:21 - 58:15
64: 21-25
78:19 - 79:6
103:5 – 109:25
Exhibit B-1

Respectfully submitted,

/s/ Robert Zimmer
Robert Zimmer

Robert Zimmer, Esq.
Attorney at Law and Counselor
State Bar No. 24098662
**Zimmer & Associates, A Law Firm**

707 West 10th Street
Austin, TX  78701
512.434.0306 (phone)
310.943.6954 (fax)


Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
University Park
3300 N. Interstate Hwy 35, Suite 7018
7th Floor
Austin, TX 78722
Ph: (512)524-9352
Fx: (512)593-5976
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## <u>CERTIFICATE OF SERVICE</u>

       I, Robert Zimmer, an attorney, hereby certify that on May 11, 2018, a copy of Plaintiff's Witness List was sent via email to counsel of record below.

       Manuel H. Newburger
       Barron & Newburger, P.C.
       7320 N. MoPac Expy., Suite 400
       Austin, Texas 78731
       (512) 476-9103
       mnewburger@bn-lawyers.com

       Robbie Malone
       Malone Akerly Martin PLLC
       Northpark Central, Suite 1850
       8750 North Central Expressway
       Dallas, Texas 75231
       (214) 346-2630
       rmalone@mamlaw.com

**Dated: May 11, 2018**               Respectfully submitted,

                              By:    */s/ Robert Zimmer*

Robert Zimmer, Esq.
Attorney at Law and Counselor
State Bar No. 24098662
**Zimmer & Associates, A Law Firm**
707 West 10th Street
Austin, TX  78701
512.434.0306 (phone)
310.943.6954 (fax)

# EXHIBIT C

## Manny Newburger

**From:**      Michael Wood <mwood@communitylawyersgroup.com>
**Sent:**      Sunday, July 1, 2018 7:45 AM
**To:**        Robert Zimmer; Amy Clark
**Cc:**        Celetha Chatman; Manny Newburger
**Subject:**   How to amend witness list in Ozmun?

Good morning!

Now that we have all filed our witness lists, I see that Manny and Robbie have removed Celetha and I from their list, along with the conspiracy topic. This means it is no longer necessary to have Robbie and Manny on our witness list.

I think we might want to amend it because it will now be out of context and the judge will be confused by our listing opposing counsel on our witness list. What do you all think the best way to do that is? We could file a "corrected" witness list, or file a motion, or leave it to deal with at pretrial.

I do want to leave our motion in limine barring the conspiracy topic in place to prevent it from being brought up at the last minute.

Let me know what you all think!


Thank you,

Michael J. Wood
Attorney at Law
mwood@communitylawyersgroup.com

Community Lawyers Group, Ltd.
73. W. Monroe Street, Suite 514
Chicago, Illinois 60603
www.communitylawyersgroup.com
(312) 757-1880 Phone
(312) 265-3227 Fax

Notice from Community Lawyers Group, Ltd.: This message is intended only for the use of the person or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

# EXHIBIT D

**Manny Newburger**

| | |
|---|---|
| **From:** | Celetha Chatman <cchatman@communitylawyersgroup.com> |
| **Sent:** | Thursday, October 27, 2016 1:36 PM |
| **To:** | Robbie Malone; Manny Newburger |
| **Subject:** | Ozmun v. PRA et al (16-cv-00940-SS) |
| **Attachments:** | Settlement Agreement & Release.docx |

Counselors,

Plaintiff's demand is $7,800 pursuant to the terms in the attached release.

Thanks,

 **\*NOTE NEW ADDRESS\***

Celetha C. Chatman
Attorney at Law
cchatman@communitylawyersgroup.com

Community Lawyers Group
125 S. Clark St., Suite 1700
WeWork National Building
Chicago, Illinois 60603
www.communitylawyersgroup.com
(312)757-1880 Main
(312)265-3227 Fax

Notice from Community Lawyers Group, Ltd..: This message is intended only for the use of the person or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

# FULL & FINAL RELEASE

**JOSEPH OZMUN** ("Plaintiff"), PORTFOLIO RECOVERY ASSOCIATES, LLC, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLC; WESTERN SURETY COMPANY, and; TRAVELERS CAUSUALTY AND SURETY COMPANY OF AMERICA ("DEFENDANTS") (together, the "Parties") wish to resolve the Debt (defined below) and any claims between them.

**FOR THE SOLE CONSIDERATION** of SIX THOUSAND FIVE HUNDRED DOLLARS ($6,500) paid, and the elimination and waiver of any and all obligations related to Account Number beginning in #3570 (the "Debt"), Joseph Ozmun hereby releases and discharges Defendant, and its officers, directors, members, employees, agents, representatives, law firms, attorneys, divisions, executors, successors, assigns, and insurers from any and all claims, actions, causes of action, and demands, known or unknown, which Joseph Ozmun or his heirs, legal representatives, successors or assigns have or may have, arising out of Defendant's attempt to collect the Debt.  Joseph Ozmun explicitly releases and discharges PRA from any and all claims, actions, causes of action, and demands, known or unknown, which Joseph Ozmun has or may have in any way relating to any attempt to collect the Debt.

**DEFENDANTS WILL FORWARD** the settlement payment to Plaintiff's counsel after its receipt of this release executed by Joseph Ozmun as well as Plaintiff's counsel's completed firm W-9. Furthermore, Plaintiff will promptly file a stipulation to dismiss Joseph Ozmun's claims against the Defendant with prejudice and without costs in the lawsuit entitled *Joseph Ozmun v. Portfolio Recovery Associates, LLC,* Case No. 1:16-cv-00940 filed in the United States District Court for the Western District of Texas.

**IT IS FURTHER UNDERSTOOD** that the claimed injuries and damages and the legal liability therefore are disputed and denied, and that this Release is solely intended to compromise and

terminate all claims for both known and unknown damages of whatever nature, including all future developments thereof, in any way growing out of or connected with or which may hereafter in any way grow out of or be connected with any attempt of Defendant to collect the Debt.

**IT IS EXPRESSLY WARRANTED** by the undersigned that no promise or inducement has been offered except as herein set forth, that this Release is executed without reliance upon any statement of representation of the party released or its representatives, and that acceptance of the consideration, set forth herein, is in full accord and satisfaction of the disputed claim for which liability is expressly denied.

**DEFENDANTS WILL ELIMINATE** the Debt from Joseph Ozmun's responsibility (which shall include but not be limited to requesting the deletion of any trade-lines from Joseph Ozmun's credit reports and refraining from filing a 1099-C with the IRS) and will not sell or assign the Debt to anyone else.  Joseph Ozmun acknowledges that the credit bureaus are separate entities and that PRA cannot be held liable for the performance of the credit bureaus in response to any such deletion request.

**THE PARTIES** make no representation regarding the tax consequences, if any, of the payment made pursuant to this Release.  Unless otherwise set forth herein, the Parties shall bear their own costs and attorney's fees.

**IF ANY TERM** or provision of this Release is not satisfied by a Party, each Party agrees to provide reasonable notice in writing to the other Party informing of the deficiency and allowing reasonable time and opportunity to cure.  For PRA, reasonable notice shall be written notice to PRA's Office of General Counsel at 140 Corporate Boulevard, Norfolk, Virginia 23502.

**EXCEPT AS REASONABLY NEEDED** to enforce the terms of this Release or otherwise ordered by court, to secure tax, financial, or legal advice, to report to governmental agencies and or entities which require disclosure for public benefits or to discuss or file for bankruptcy protection, the

Parties agree to keep the terms of the Release and amount of the settlement confidential.  This Release shall become effective upon its execution, which may be executed in counterparts.

I, Joseph Ozmun, declare under penalty of perjury that I have personally affixed my signature hereto after having read (or been read) the terms of this agreement; that I was afforded the opportunity to discuss the terms with my attorney prior to my signing the same; and that I have signed this agreement knowingly and voluntarily.


Signed this _____ day of _____, 2016, by,

_____
Joseph Ozmun


Signed this _____ day of _____, 2016, by,

_____
Portfolio Recovery Associates, LLC

By:   _____

Its:   _____




_____
RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLC

By:   _____

Its:   _____




_____
WESTERN SURETY COMPANY

By:   _____

Its:   _____

3

TRAVELERS     CAUSUALTY     AND
SURETY COMPANY OF AMERICA

By: _____

Its: _____

# EXHIBIT E

**Manny Newburger**

| | |
|---|---|
| **From:** | Manny Newburger |
| **Sent:** | Thursday, June 28, 2018 10:14 AM |
| **To:** | 'amy@amyclarklaw.com' |
| **Cc:** | Robbie Malone (rmalone@mamlaw.com); Cooper Walker; Kevin Crocker (kcrocker@bn-lawyers.com) |
| **Subject:** | Ozmun |

Amy:

With the granting of summary judgment for defendants on your client's TDCA claims there is nothing left in this case but a claim for statutory damages under the FDCPA. (I will remind you that Mr. Ozmun neither pled for nor disclosed any actual damages.)

Without any admission of liability, and solely to resolve disputed claims, I am authorized to offer in full settlement of this case the total sum of $1,000.00, with the award of fees and costs of the parties to be determined by the Court.

This offer is open until the earlier of 5:00 p.m. on Friday or the filing of your mandamus application. Any pursuit of that application will necessitate further work on our part and will be deemed inconsistent with, and a rejection of this offer.

I want to be clear that my client continues to assert that this suit is meritless. However, we are trying to eliminate the need for a trial over a maximum of $1,000. I also want to be clear in stating that it will be our position that any rejection of this offer, given the posture of this case, will be actionable under 28 USC Sec. 1927.

I shall look forward to your response.

Manny

Manuel H. Newburger*
Barron & Newburger, PC
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
512.649.4022 |Direct
866. 476.9103, x-216 |Office
512.797-3328 |Cell
mnewburger@bn-lawyers.com
Twitter: @ManuelNewburger
*Licensed in TX and CO





PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY ATTACHMENT HERETO, IS NOT INTENDED OR WRITTEN TO BE USED, AND MAY NOT BE USED BY THE RECIPIENT, FOR THE PURPOSES OF AVOIDING ANY FEDERAL TAX PENALTY WHICH MAY BE ASSERTED.  THIS ELECTRONIC MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR OTHERWISE BE CONFIDENTIAL. ANY DISSEMINATION, COPYING OR USE OF THIS E-MAIL BY OR TO ANYONE

OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM IMMEDIATELY

# EXHIBIT F

**Manny Newburger**

| | |
|---|---|
| **From:** | Amy Clark <amy@amyclarklaw.com> |
| **Sent:** | Sunday, July 1, 2018 1:06 AM |
| **To:** | Robbie Malone; Manny Newburger; Kevin Crocker; Cooper Walker |
| **Cc:** | Michael Wood; Celetha Chatman; Robert Zimmer; rkollman's email; Michelle French; rkollman rodrigueztrialfirm. com |
| **Subject:** | Response to global settlement offer in Ozmun v. PRA et a. |

Good evening,

I have discussed with Mr. Ozmun your offer of $1000 with parties to seek attorney fees and costs from the court.

Mr. Ozmun rejects the offer.

Thank you for the extra time for him to consider, I know he feels more comfortable with the decision having had a day to consider.

We will be filing the Mandamus on the issue of recusal shortly, and if the motion for a stay pending the mandamus is denied, we will also bring the stay issue before the 5th circuit as well.

Have a lovely rest of your weekend.

--
Graciously yours,

Amy E. Clark

Amy Clark Law
11801 Domain Blvd. 3rd Floor
Austin, Texas 78758
512-850-LAW-0 (512-850-5290)

# EXHIBIT G

**Manny Newburger**

| | |
|---|---|
| **From:** | Amy Clark <amy@amyclarklaw.com> |
| **Sent:** | Friday, July 6, 2018 12:18 PM |
| **To:** | Manny Newburger; Robbie Malone; Kevin Crocker; Cooper Walker |
| **Cc:** | Michael Wood; Celetha Chatman; rkollman's email; Robert Zimmer; Michelle French |
| **Subject:** | Ozmun v. PRA and RSIEH -- settlement email |

Good morning,

I have spoken with my client and informed him of the offer and we discussed the issues presented.  I have the authority to present a counter-offer with the following terms:

(1) .PRA will not collect or report on Mr. Ozmun's three consumer debts;

(2) .Defendants will pay Mr. Ozmun $3225.00 for his remaining claims; and

(3) .Parties to file motions to the court for fees and costs

(4) .Mr. Ozmun will dismiss his remaining claims (after attorney fees and costs are determined by court) against both defendants;

Please do not hesitate to call me with any questions about this or email.  We remain open to discussing resolution of this matter and welcome further contact.  You can call my office or after 4, feel free to call my cell at 626-215-5674.

--
Graciously yours,

Amy E. Clark

Amy Clark Law
11801 Domain Blvd. 3rd Floor
Austin, Texas 78758
512-850-LAW-0 (512-850-5290)

# EXHIBIT H



**BARRON & NEWBURGER, PC**

7320 N. Mopac Expy., Ste. 400, Austin, TX 78731
Tel. 512-476-9103 ; Fax 512-476-9253

# *DELIVERY RECEIPT*

**DATE:**        **Tuesday, July 10, 2018**

**TO:**          Ms. Amy E. Clark
                Amy Clark Law
                11801 Domain Blvd., 3rd Floor
                Austin, TX 78758

**RE:**          *Joseph Ozmun v. Portfolio Recovery Associates, LLC; Rausch, Sturm, Israel,
                Enerson & Hornik, LLC; Western Surety Company and Travelers Casualty and
                Surety Company of America*

**DELIVERED:  July 10, 2018 Letter re Dismissal**


**DELIVERED BY:**        Angie Hewes

**RECEIVED BY:**        JOANNA SORIANO

**TIME RECEIVED:**        12:47 PM

**DATE RECEIVED:**        7/10/18

**BY HAND DELIVERY**

Ms. Amy L. Clark
Amy Clark Law
11801 Domain Blvd., 3rd Floor
Austin, TX 78758

| 0003550 | 11-24 |
|---------|-------|
| Office AU # | 1210(8) |

## CASHIER'S CHECK

SERIAL #: 0355003393

ACCOUNT#: 4861-512838

Remitter: **MANUEL H NEWBURGER**
Purchaser: **MANUEL H NEWBURGER**
Purchaser Account: **2605323563**
Operator I.D.: **u280845**
Funding Source: **Electronic Items(s), Paper Items(s)**

July 10, 2018

PAY TO THE ORDER OF      ***AMY CLARK  IN TRUST FOR JOSEPH OZMUN***

***One thousand two hundred fifty dollars and no cents***      **$1,250.00**

Payee Address:
Memo:            CASE NO. 16-940

**WELLS FARGO BANK, N.A.**
3601 FAR WEST BLVD
AUSTIN, TX 78731
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER–IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A
FEE AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

VOID IF OVER US $  1,250.00

**NON-NEGOTIABLE**

### Purchaser Copy

FB004    M4203   80119785

---

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW.  FOR ADDITIONAL SECURITY FEATURES SEE BACK.

VOID VOID VOID VOID VOID VOID

| 0003550 | 11-24 |
|---------|-------|
| Office AU # | 1210(8) |

## CASHIER'S CHECK

0355003393

Remitter:  **MANUEL H NEWBURGER**
Operator I.D.:  **u280845**

July 10, 2018

PAY TO THE ORDER OF      ***AMY CLARK  IN TRUST FOR JOSEPH OZMUN***

***One thousand two hundred fifty dollars and no cents***      **$1,250.00**

Payee Address:
Memo:            CASE NO. 16-940

**WELLS FARGO BANK, N.A.**
3601 FAR WEST BLVD
AUSTIN, TX 78731
FOR INQUIRIES CALL (480) 394-3122

VOID IF OVER US $  1,250.00

*Richard Levy*

CONTROLLER

Details on Back

Security Features Included.

⑁0355003393⑁ ⑈121000248⑈4861 512838⑈



**BARRON & NEWBURGER, P.C.**

**Manuel H. Newburger***

Direct Dial: (512) 649-4022 | mnewburger@bn-lawyers.com

*Board Certified in Consumer and Commercial*
*Law by the Texas Board of Legal Specialization*
*Licensed in Texas and Colorado*

July 10, 2018

Ms. Amy E. Clark                                                **BY HAND-DELIVERY**
Amy Clark Law
11801 Domain Blvd, 3rd Floor
Austin, Texas 78758

Re:   *Joseph Ozmun v. Portfolio Recovery Associates, LLC; Rausch, Sturm, Israel,*
      *Enerson & Hornik, LLC; Western Surety Company and Travelers Casualty*
      *and Surety Company of America*; Case No. 1:16-cv-00940-SS in the United
      States District Court for the Western District of Texas

Dear Ms. Clark:

This letter is intended to respond to your email of July 9, 2018, at 8:58 PM, in
which Mr. Ozmun offered to dismiss his claims against both defendants in
exchange for $1,250.00.  I have enclosed a check in the amount of $1,250.00,
together with an unopposed motion to dismiss.  Please e-file the motion and
accompanying proposed order immediately in order to end the fees Defendants are
incurring for trial preparation.  We are providing a cashier's check so that you will
have a sufficient level of comfort in dismissing at once.

Thank you for your prompt attention to this matter.

Yours truly,

BARRON & NEWBURGER, P.C.

*Manuel H. Newburger*

Manuel H. Newburger

MHN/n

cc:    Ms. Robbie Malone

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CASE NUMBER 1:16-cv-00940-SS |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC; RAUSCH, STURM, ISRAEL, | § | |
| ENERSON & HORNIK, LLC; WESTERN | § | |
| SURETY COMPANY AND TRAVELERS | § | |
| CASUALTY AND SURETY COMPANY | § | |
| OF AMERICA | § | |
|     Defendants | § | |

**PLAINTIFF'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Through his undersigned counsel Plaintiff moves the Court to dismiss his claims with

prejudice.  Counsel for the parties have conferred, and Defendants' attorneys do not oppose this

motion.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that his claims against

Defendants be dismissed with prejudice.

Respectfully submitted,

/s/ **Amy E. Clark**
**Amy E. Clark**
Amy Clark Law
11801 Domain Blvd, 3rd Floor
Austin, Texas 78758
Phone:(512) 850-5290
Fax: (626) 737-6030
amy@amyclarklaw.com
Attorney for Joseph Ozmun

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with Defendant's attorneys, and the foregoing motion is unopposed.

/s/   Amy E. Clark                          
        Amy R. Clark

## CERTIFICATE OF SERVICE

A true copy of the foregoing Motion was served on the persons on the service list below through

via the Court's ECF system on the 10th day of May, 2018.

/s/   Amy E. Clark
          Amy E. Clark

**SERVICE LIST**

Manuel H. Newburger
TBN 14946500
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 476-9103
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEYS FOR DEFENDANTS
RAUSCH, STURM, ISRAEL,
ENERSON & HORNIK, LLC and
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA

**Celetha Chatman**
and
**Michael Jacob Wood**
Community Lawyers Group, Ltd
73 West Monroe
Chicago, IL 60603
Attorneys for Joseph Ozmun

**Robert Alan Zimmer, Jr.**
Zimmer & Associates
707 West 10th Street
Austin, TX 78701
Attorney for Joseph Ozmun

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Cooper M. Walker
Email: cwalker@mamlaw.com

Malone Akerly Martin PLLC
NCX Building, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

ATTORNEYS FOR DEFENDANTS
PORTFOLIO RECOVERY ASSOCIATES,
LLC and WESTERN SURETY COMPANY

**Tyler Hickle**
Law Office Tyler Hickle, PLLC
4005 C Banister Lane, Suite 120C
Austin, TX 78704
Attorney for Joseph Ozmun

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CASE NUMBER 1:16-cv-00940-SS |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC; RAUSCH, STURM, ISRAEL, | § | |
| ENERSON & HORNIK, LLC; WESTERN | § | |
| SURETY COMPANY AND TRAVELERS | § | |
| CASUALTY AND SURETY COMPANY | § | |
| OF AMERICA | § | |
|     Defendants | § | |

## ORDER

Having considered Plaintiff's Unopposed Motion to Dismiss with Prejudice the Court finds

that such motion should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants are hereby

dismissed with prejudice.

Signed this _____ day of July, 2018.


_____
HON. SAM SPARKS
UNITED STATES DISTRICT JUDGE

# EXHIBIT I



**BARRON & NEWBURGER, PC**

7320 N. Mopac Expy., Ste. 400, Austin, TX 78731
Tel. 512-476-9103 ; Fax 512-476-9253

## *DELIVERY RECEIPT*

**DATE:**      **Tuesday, July 10, 2018**

**TO:**        Ms. Amy E. Clark
               Amy Clark Law
               11801 Domain Blvd., 3rd Floor
               Austin, TX 78758

**RE:**        *Joseph Ozmun v. Portfolio Recovery Associates, LLC; Rausch, Sturm, Israel,*
               *Enerson & Hornik, LLC; Western Surety Company and Travelers Casualty and*
               *Surety Company of America*

**DELIVERED:  July 10, 2018 Letter re Dismissal**

**DELIVERED BY:**    _Angie Hewes_____

**RECEIVED BY:**     _JOANNA SORIANO_____

**TIME RECEIVED:**   _12:47 PM_____

**DATE RECEIVED:**   _7/10/18_____

BY HAND DELIVERY

Ms. Amy L. Clark
Amy Clark Law
11801 Domain Blvd., 3rd Floor
Austin, TX 78758

| 0003550 | 11-24 |
| Office AU # | 1210(8) |

**CASHIER'S CHECK**

SERIAL #:  0355003393

ACCOUNT#:  4861-512838

Remitter:        **MANUEL H NEWBURGER**
Purchaser:       **MANUEL H NEWBURGER**
Purchaser Account: **2605323563**
Operator I.D.:   **u280845**
Funding Source:  **Electronic Items(s), Paper Items(s)**

July 10, 2018

PAY TO THE ORDER OF      ***AMY CLARK  IN TRUST FOR JOSEPH OZMUN***

***One thousand two hundred fifty dollars and no cents***

**\*\*$1,250.00\*\***

Payee Address:
Memo:          **CASE NO. 16-940**

**WELLS FARGO BANK, N.A.**
3601 FAR WEST BLVD
AUSTIN, TX 78731
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER–IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A
FEE AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

VOID IF OVER US $  1,250.00

**NON-NEGOTIABLE**

**Purchaser Copy**

FB004    M4203  80119785

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW.  FOR ADDITIONAL SECURITY FEATURES SEE BACK.

| 0003550 | 11-24 |
| Office AU # | 1210(8) |

**CASHIER'S CHECK**

0355003393

Remitter:      **MANUEL H NEWBURGER**
Operator I.D.:  **u280845**

July 10, 2018

PAY TO THE ORDER OF      ***AMY CLARK  IN TRUST FOR JOSEPH OZMUN***

***One thousand two hundred fifty dollars and no cents***

**\*\*$1,250.00\*\***

Payee Address:
Memo:          **CASE NO. 16-940**

**WELLS FARGO BANK, N.A.**
3601 FAR WEST BLVD
AUSTIN, TX 78731
FOR INQUIRIES CALL (480) 394-3122

VOID IF OVER US $  1,250.00

CONTROLLER

⑈035500 3393⑈ ⑆121000 248⑆4861  512838⑈



**BARRON & NEWBURGER, P.C.**

**Manuel H. Newburger***

Direct Dial: (512) 649-4022 | mnewburger@bn-lawyers.com

*Board Certified in Consumer and Commercial*
*Law by the Texas Board of Legal Specialization*
*Licensed in Texas and Colorado*

July 10, 2018

Ms. Amy E. Clark                                          **BY HAND-DELIVERY**
Amy Clark Law
11801 Domain Blvd, 3rd Floor
Austin, Texas 78758

Re:   *Joseph Ozmun v. Portfolio Recovery Associates, LLC; Rausch, Sturm, Israel,*
      *Enerson & Hornik, LLC; Western Surety Company and Travelers Casualty*
      *and Surety Company of America*; Case No. 1:16-cv-00940-SS in the United
      States District Court for the Western District of Texas

Dear Ms. Clark:

This letter is intended to respond to your email of July 9, 2018, at 8:58 PM, in
which Mr. Ozmun offered to dismiss his claims against both defendants in
exchange for $1,250.00. I have enclosed a check in the amount of $1,250.00,
together with an unopposed motion to dismiss. Please e-file the motion and
accompanying proposed order immediately in order to end the fees Defendants are
incurring for trial preparation. We are providing a cashier's check so that you will
have a sufficient level of comfort in dismissing at once.

Thank you for your prompt attention to this matter.

Yours truly,

BARRON & NEWBURGER, P.C.

*Manuel H. Newburger*

Manuel H. Newburger

MHN/n

cc:   Ms. Robbie Malone

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN,<br>    Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | CASE NUMBER 1:16-cv-00940-SS |
| PORTFOLIO RECOVERY ASSOCIATES,<br>LLC; RAUSCH, STURM, ISRAEL,<br>ENERSON & HORNIK, LLC; WESTERN<br>SURETY COMPANY AND TRAVELERS<br>CASUALTY AND SURETY COMPANY<br>OF AMERICA<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S UNOPPOSED MOTION TO DISMISS **WITH PREJUDICE**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Through his undersigned counsel Plaintiff moves the Court to dismiss his claims with prejudice. Counsel for the parties have conferred, and Defendants' attorneys do not oppose this motion.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that his claims against Defendants be dismissed with prejudice.

Respectfully submitted,

/s/ **Amy E. Clark**
**Amy E. Clark**
Amy Clark Law
11801 Domain Blvd, 3rd Floor
Austin, Texas 78758
Phone:(512) 850-5290
Fax: (626) 737-6030
amy@amyclarklaw.com
Attorney for Joseph Ozmun

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with Defendant's attorneys, and the foregoing motion is unopposed.

/s/   Amy E. Clark
          Amy R. Clark

## CERTIFICATE OF SERVICE

A true copy of the foregoing Motion was served on the persons on the service list below through

via the Court's ECF system on the 10th day of May, 2018.

/s/   Amy E. Clark_____
Amy E. Clark

## SERVICE LIST

Manuel H. Newburger
TBN 14946500
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 476-9103
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEYS FOR DEFENDANTS
RAUSCH, STURM, ISRAEL,
ENERSON & HORNIK, LLC and
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA

**Celetha Chatman**
and
**Michael Jacob Wood**
Community Lawyers Group, Ltd
73 West Monroe
Chicago, IL 60603
Attorneys for Joseph Ozmun

**Robert Alan Zimmer, Jr.**
Zimmer & Associates
707 West 10th Street
Austin, TX 78701
Attorney for Joseph Ozmun

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Cooper M. Walker
Email: cwalker@mamlaw.com

Malone Akerly Martin PLLC
NCX Building, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

ATTORNEYS FOR DEFENDANTS
PORTFOLIO RECOVERY ASSOCIATES,
LLC and WESTERN SURETY COMPANY

**Tyler Hickle**
Law Office Tyler Hickle, PLLC
4005 C Banister Lane, Suite 120C
Austin, TX 78704
Attorney for Joseph Ozmun

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CASE NUMBER 1:16-cv-00940-SS |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC; RAUSCH, STURM, ISRAEL, | § | |
| ENERSON & HORNIK, LLC; WESTERN | § | |
| SURETY COMPANY AND TRAVELERS | § | |
| CASUALTY AND SURETY COMPANY | § | |
| OF AMERICA | § | |
|     Defendants | § | |

## **<u>ORDER</u>**

Having considered Plaintiff's Unopposed Motion to Dismiss with Prejudice the Court finds

that such motion should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants are hereby

dismissed with prejudice.

Signed this _____ day of July, 2018.


_____
HON. SAM SPARKS
UNITED STATES DISTRICT JUDGE

# EXHIBIT J

## Manny Newburger

| | |
|---|---|
| **From:** | rkollman's email <rkollman@sbcglobal.net> |
| **Sent:** | Wednesday, July 18, 2018 9:33 AM |
| **To:** | Amy Clark |
| **Cc:** | Manny Newburger; Kevin Crocker; Cooper Walker; Michelle French; Robert Zimmer; Celetha Chatman; Michael Wood; Robbie Malone (rmalone@mamlaw.com) |
| **Subject:** | Re: Ozmun |

What do you think about responding to Manny's email that we are holding the funds in trust and will sign a joint motion to dismiss after the conclusion of the attorney fee proceedings, with the understanding that those results may necessitate revision? Also, we do not believe the local rules re briefing schedule apply here. Maybe ask Robbie to explain to him?


Ruth A. Kollman, Of Counsel
Law Office of Mynor E. Rodriguez P.C.
State Bar I.D. No. 11668050
1300 McGowen
Suite 280
Houston, TX 77004
832-779-1081 tel
888-351-3773 toll free
832-553-7420 fax
rkollman@rodrigueztrialfirm.com


This communication and any files or documents attached to it are intended for use only by the named recipient/addressee. It may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you are not the named recipient/addressee of this communication, you hereby are notified that copying, distributing, or otherwise using this communication is strictly prohibited. Any review, retransmission, dissemination, or other use of or action taken in reliance on this communication by persons or entities other than the named recipient/addressee is prohibited. If you received this communication in error, please notify the sender by reply e-mail or by telephone (832-779-1081) and delete and destroy all forms of this communication (electronic or paper). Thank you.

On Jul 17, 2018, at 12:37 PM, Amy Clark <amy@amyclarklaw.com> wrote:

> Thank you, your email has been received.




On Tue, Jul 17, 2018 at 12:29 PM, Manny Newburger <mnewburger@bn-lawyers.com> wrote:

> Amy:

1

I trust that you are now back in Austin. As you know, Mr. Ozmun unequivocally agreed to dismiss his suit with prejudice in exchange for payment of $1,250. As you also know, that sum has been paid to you by cashier's check. We therefore ask that you file the motion to dismiss. Judge Sparks can certainly set a briefing schedule, but if he does not the local rules provide one.

Nothing in the offer said that dismissal was contingent upon a briefing schedule. I therefore ask that you dismiss with prejudice, as agreed.

Thank you.

Manny

Manuel H. Newburger*

Barron & Newburger, PC

<image001.png><image002.png>

7320 N. MoPac Expy., Suite 400

Austin, TX 78731

<image004.jpg>

512.649.4022 |Direct

866. 476.9103, x-216 |Office

512.797-3328 |Cell

mnewburger@bn-lawyers.com

Twitter: @ManuelNewburger

*Licensed in TX and CO

PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY ATTACHMENT HERETO, IS NOT INTENDED OR WRITTEN TO BE USED, AND MAY NOT BE USED BY THE RECIPIENT, FOR THE PURPOSES OF AVOIDING ANY FEDERAL TAX PENALTY WHICH MAY BE ASSERTED. THIS ELECTRONIC MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR OTHERWISE BE CONFIDENTIAL. ANY DISSEMINATION, COPYING OR USE OF THIS E-MAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM IMMEDIATELY

\-\-
Graciously yours,

Amy E. Clark

Amy Clark Law
11801 Domain Blvd. 3rd Floor
Austin, Texas 78758
512-850-LAW-0 (512-850-5290)

# EXHIBIT K

## Manny Newburger

**From:** Manny Newburger
**Sent:** Thursday, October 20, 2016 3:31 PM
**To:** Celetha Chatman; Robbie Malone
**Subject:** RE: Ozmun v. PRA

So, you want to continue to violate the Court's order?

I can do it at 4:30 or 5:00 also.

Manny

Manuel H. Newburger
Licensed in Texas and Colorado
Barron & Newburger, PC
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
(512) 649-4022 (Direct)
(512) 476-9103, x-216
Fax: (512) 279-0310
mnewburger@bn-lawyers.com
On Twitter: @ManuelNewburger



**From:** Celetha Chatman [mailto:cchatman@communitylawyersgroup.com]
**Sent:** Thursday, October 20, 2016 3:29 PM
**To:** Robbie Malone
**Cc:** Manny Newburger
**Subject:** Re: Ozmun v. PRA

I can't do the Rule 26(f) conference at 3:30. Are the two of you free tomorrow or Monday, I can set up a conference call number.

Thanks,

Celetha C. Chatman
Attorney at Law
cchatman@communitylawyersgroup.com

Community Lawyers Group
73 W. Monroe Street, Suite 502
Chicago, Illinois 60603
www.communitylawyersgroup.com

1

(312)757-1880 Main
(312)265-3227 Fax

Notice from Community Lawyers Group, Ltd..: This message is intended only for the use of the person or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

---

**From:** Robbie Malone <rmalone@mamlaw.com>
**Date:** Thursday, October 20, 2016 at 3:25 PM
**To:** Celetha Chatman <cchatman@communitylawyersgroup.com>, Manny Newburger <mnewburger@bn-lawyers.com>
**Subject:** RE: Ozmun v. PRA

Celetha,
 We need to confirm the call…. Today is almost over. Are we on for 330? I am happy to conference call everyone.

---

**From:** Robbie Malone
**Sent:** Thursday, October 20, 2016 3:08 PM
**To:** 'Celetha Chatman' <cchatman@communitylawyersgroup.com>; 'Manny Newburger' <mnewburger@bn-lawyers.com>
**Subject:** RE: Ozmun v. PRA

I also did not get a response. Are we doing the conference at 330? If so who is initiating the call?

---

**From:** Robbie Malone
**Sent:** Thursday, October 20, 2016 3:01 PM
**To:** 'Celetha Chatman' <cchatman@communitylawyersgroup.com>; Manny Newburger <mnewburger@bn-lawyers.com>
**Subject:** RE: Ozmun v. PRA

Celetha,
 I don't know where you got that impression given that both Manny and I filed responses to your motion. Additionally we have never spoken about this case. I don't think Manny's response was hostile just very firm.

---

**From:** Celetha Chatman [mailto:cchatman@communitylawyersgroup.com]
**Sent:** Thursday, October 20, 2016 3:00 PM
**To:** Manny Newburger <mnewburger@bn-lawyers.com>; Robbie Malone <rmalone@mamlaw.com>
**Subject:** Re: Ozmun v. PRA

Manny,

I was under the impression that Robbie was now representing both PRA and ISRAEL, ENERSON & HORNIK LLC. I have no reason to leave you out of a rule 26(f) conference. As we move forward your hostile responses are no needed.

Thanks,

Celetha C. Chatman
Attorney at Law
cchatman@communitylawyersgroup.com

Community Lawyers Group
73 W. Monroe Street, Suite 502
Chicago, Illinois 60603
www.communitylawyersgroup.com
(312)757-1880 Main
(312)265-3227 Fax

Notice from Community Lawyers Group, Ltd..: This message is intended only for the use of the person or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

**From:** Manny Newburger <mnewburger@bn-lawyers.com>
**Date:** Thursday, October 20, 2016 at 2:51 PM
**To:** Robbie Malone <rmalone@mamlaw.com>, Celetha Chatman <cchatman@communitylawyersgroup.com>
**Subject:** RE: Ozmun v. PRA

Not only should I have been included, but it was the responsibility of Plaintiff's counsel to schedule a Rule 26 conference. I will not approve any order until there is a conference, and if one is submitted without such a conference I intend to inform Judge Sparks of the failure.

I am available to conduct a Rule 26 conference later this afternoon.


Manny

Manuel H. Newburger
Licensed in Texas and Colorado
Barron & Newburger, PC
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
(512) 649-4022 (Direct)
(512) 476-9103, x-216
Fax: (512) 279-0310
mnewburger@bn-lawyers.com
On Twitter: @ManuelNewburger



**From:** Robbie Malone [mailto:rmalone@mamlaw.com]
**Sent:** Thursday, October 20, 2016 2:36 PM
**To:** Celetha Chatman

3

**Cc:** Manny Newburger
**Subject:** RE: Ozmun v. PRA

Celetha,
 Shouldn't Manny be included in this?

---

**From:** Celetha Chatman [mailto:cchatman@communitylawyersgroup.com]
**Sent:** Thursday, October 20, 2016 2:34 PM
**To:** Robbie Malone <rmalone@mamlaw.com>
**Subject:** Ozmun v. PRA

Robbie,

I have attached a proposed discovery plan and scheduling order for this case. The proposed discovery plan was due yesterday. I am available to discuss this matter Friday or today.

Thanks,

Celetha C. Chatman
Attorney at Law
cchatman@communitylawyersgroup.com

Community Lawyers Group
73 W. Monroe Street, Suite 502
Chicago, Illinois 60603
www.communitylawyersgroup.com
(312)757-1880 Main
(312)265-3227 Fax

Notice from Community Lawyers Group, Ltd..: This message is intended only for the use of the person or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.


Please note our new Austin address:
7320 MoPac Expy N
Greystone II Suite 400
Austin, TX 78731

# EXHIBIT L

**Manny Newburger**

| | |
|---|---|
| **From:** | rkollman's email <rkollman@sbcglobal.net> |
| **Sent:** | Friday, May 11, 2018 10:05 AM |
| **To:** | Manny Newburger |
| **Subject:** | Ozmun v. PRA, et al. |

Plaintiff and Plaintiff's counsel are filing a motion to recuse Judge Sparks in the referenced matter. I assume you oppose unless you email me otherwise.

Ruth A. Kollman, Of Counsel
Law Office of Mynor E. Rodriguez P.C.
State Bar I.D. No. 11668050
1300 McGowen
Suite 280
Houston, TX 77004
832-779-1081 tel
888-351-3773 toll free
832-553-7420 fax
rkollman@rodrigueztrialfirm.com

This communication and any files or documents attached to it are intended for use only by the
named recipient/addressee. It may contain information that is privileged, confidential, or exempt from disclosure
under applicable law. If you are not the named recipient/addressee of this communication, you hereby are notified that
copying, distributing, or otherwise using this communication is strictly prohibited. Any review,
retransmission, dissemination, or other use of or action taken in reliance on this communication by persons or entities
other than the named recipient/addressee is prohibited. If you received this communication in error, please notify the
sender by reply e-mail or by telephone (832-779-1081) and delete and destroy all forms of this communication
(electronic or paper). Thank you.

# EXHIBIT M

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| JOSEPH OZMUN, | §<br>§ |
| *Plaintiff,* | §<br>§ |
| v. | §<br>§ |
| PORTFOLIO RECOVERY | §<br>§ |
| ASSOCIATES, LLC and RAUSCH, | §<br>§ |
| STRUM, ISRAEL, ENERSON & | §<br>§ |
| HORNIK LLC., | §<br>§ |
| *Defendants.* | § |

CASE NO.: 1:16-cv-00940-SS

**TIME AND EXPENSE RECORDS OF NARRON & NEWBURGER, P.C.**

| TIME | | | | |
|---|---|---|---|---|
| **Date** | **Staff** | **Description** | **Hours** | **Charges** |
| 8/23/2016 | KC | Reviewed multiple correspondence from M. Newburger and B. Hornik regarding new lawsuit; Reviewed Plaintifl's Original Complaint; Begin legal research and analysis of case law concerning communications with courts not actionable under FDCPA; Matter analysis regarding draft Answer, motion for judgment on the pleadings, Rule 11 motion. | 1.9 | $665.00 |
| 8/24/2016 | MN | work on answer. Research on plaintiff and his counsel. | 1.4 | $630.00 |
| 8/25/2016 | MN | Continued work on pleadings.. | 0.7 | $315.00 |
| 8/25/2016 | MN | Drafted settlement documents. | 0.5 | $225.00 |

| 8/29/2016 | MN | Conversation with opposing counsel. Dralled slip and order. | 0.7 | $315.00 |
|---|---|---|---|---|
| 8/29/2016 | MN | Confirmed consent. Finalized stip and order. Efiled both. | 0.4 | $180.00 |
| 9/4/2016 | MN | Work on re-finishing up answer, CIP, and Rule 11 motion. | 1.6 | $720,00 |
| 9/5/2016 | KC | Reviewed drafts of RSIEH and Traveler's answer, certificate of interested persons, Rule 11 motion and response to motion to enforce settlement; Conference with M. Newburger regarding same. | 0.6 | $210,00 |
| 9/5/2016 | MN | Final revisions and research for same. Prepared response Lo motion to enforce. | 1.2 | $540.00 |
| 9/6/2016 | MN | Reviewed Bob's edits, Made changes and responded to Bob. | 0.2 | $90,00 |
| 9/7/2016 | MN | Conversation with Robbie Malone, Revised answer Lo address travelers' issues. | 1.1 | $495,00 |
| 9/7/2016 | MN | Finalized answer. E-filed same. Finalized Rule 11. Transmitted all. | 0.6 | $270.00 |
| 9/19/2016 | KC | Correspondence and conference with M. Newburger regarding RSIEH and Traveler's Response to Plaintiff's Motion to Enforce Settlement Agreement; Edit and supplement RSIEH and Traveler's Response to Plaintiff's Motion to Enforce Settlement Agreement; Draft proposed Order denying Plaintiff's Motion to Enforce Setlement Agreement; E-file with Court RSIEH and Traveler's Response to Plaintiff's | 0.9 | $315.00 |

|  |  | Motion to Enforce Settlement Agreement and proposed Order Denying Plaintiff's Motion to Enforce Settlement Agreement; Draft correspondence to all counsel regarding same; Reviewed correspondence from M. Newburger regarding same. |  |  |
|---|---|---|---|---|
| 9/20/2016 | KC | Reviewed PH.A's response to the motion to enforce settlement agreement and exhibits; Correspondence with M. Newburger regarding same. | 0.4 | $140,00 |
| 9/21/2016 | KC | Reviewed PRA's filed proposed order on plaintifl's motion to enforce settlement agreement. | 0.1 | $35,00 |
| 10/20/2016 | MN | Email exchanges regarding settlement; scheduling order. Reviewed discovery plan and Scheduling order. Prepared rnJ forms. | 0.9 | $4,05.00 |
| 10/21/2016 | MN | Rule 26 conference. Conversation with Robbie Malonre after. | 1.2 | $540.00 |
| 10/21/2016 | MN | Research on cases to rebut Plaintiff's damages theory. | 0.9 | $405.00 |
| 10/21/2016 | MN | Report to clients. | 0.4 | $180.00 |
| 10/31/2016 | MN | Reviewed insurance policies. Finalized Disclosures. | 0.5 | $225.00 |
| 11/2/2016 | MN | Prepared deposition notice. | 0.4 | No Charge |
| 11/16/2016 | MN | Work on deposition prep. | 3.3 | $1,485.00 |
| 11/17/2016 | MN | Continued document analysis and prep for plaintifl's deposition. | 4.2 | $1,890.00 |
| 11/20/2016 | MN | Continued depo prep. Drafted ohjections to RFPs. Research for same. | 6.2 | $2,790.00 |

| 11/21/2016 | MN | Finished up discovery ohjections. Transmittal email to Celetlrn Coleman. | 0.5 | $225.00 |
| 11/21/2016 | MN | Deposition of Plaintiff. | 4.7 | $2,115.00 |
| 11/22/2016 | MN | Call to Bob Hornik to report. Prepared Revised Rule 11 motion and letter. Report to Travelers. | 0.7 | $315.00 |
| 11/23/2016 | MN | Work on MSJ. | 0.7 | $315.00 |
| 11/27/2016 | MN | Drafted and revised Steve's declaration. Research on issues for MSJ. | 1.6 | $720.00 |
| 11/29/2016 | MN | Reviewed revisions to declaration from Steve. | 0.2 | No Charge |
| 11/29/2016 | MN | Work on objections and responses to RFAs, RFPs, and Interrogatories. Selected documents for production. | 3.2 | $1,440.00 |
| 11/30/2016 | MN | Finalized and e-filed magistrate forms. | 0.2 | $90.00 |
| 11/30/2016 | MN | Reviewed Bob's comments on discovery. Additional research. Revised answers. | 1.4 | $630.00 |
| 12/2/2016 | MN | Reviewed scheduling order. Call to Robbie Malone re: ADR Report. | 0.4 | No Charge |
| 12/5/2016 | MN | Prepared ADR report. Research for same. | 0.7 | $315.00 |
| 12/7/2016 | MN | Finalized and e-1iled ADR Report. | 0.5 | $225.00 |
| 12/7/2016 | MN | Reviewed EZ Messenger notes. Prepare Maiy Boyle declaration. | 0.4 | $180.00 |
| 12/9/2016 | MN | Work on deposition analysis. | 1.4 | $630.00 |
| 12/14/2016 | MN | Prepared requests for production and credit report authorization. Completed analysis of Plaintiff's deposition. Work on statement of undisputed facts for MSJ. | 4.9 | $2,205.00 |

| 12/19/2016 | MN | Work on MSJ. | 2.3 | $1,035.00 |
|---|---|---|---|---|
| 12/23/2016 | MN | Conversation with Andrew Wilson at Travelers. | 0.6 | $270.00 |
| 2/19/2017 | MN | Finished drafting, revising, a d researching MSJ brief: affidavit, and SOUF. | 4.9 | $2,205.00 |
| 2/21/2017 | MN | Work on finalizing MSJ, Created exhibits for Michael's declaration. | 0.5 | $225.00 |
| 2/21/2017 | MN | Finalized motion and exhibits, Efiled everytl1ing. Emails to clients and opposing counsel. Call from court cleric Instructions to AH. Meeting witl1 Kevin. (Continuous block of lime,) | 2.4 | $1,080.00 |
| 2/22/2017 | MN | Drafted and revised proposed offer. | 0.3 | $135.00 |
| 3/13/2017 | MN | Conversation with Bob re: witness and Exhibit designations. | 0.1 | No Charge |
| 3/13/2017 | MN | Conversation with xerxes Marlin re: designations; scheduling order; OC's failure to comply. | 0,40 | $180.00 |
| 3/13/2017 | MN | Prepared designation of witnesses and exhibits and accompanying exhibits and expert report. | 4.6 | $2,070.00 |
| 3/17/2017 | MN | Finalized exhibit and witness disclosures and report. | 0.2 | No Charge |
| 3/17/2017 | MN | Prepared final version of trial Exhibits, Email to all counsel. | 0.3 | $135,00 |
| 3/21/2017 | MN | Review of docs from Steve. Assessment of exhibit. issues, Email to Steve and Bob. | 0.3 | $135,00 |
| 3/21/2017 | MN | Research and assessment of motion in limine vs, motion for sanctions on Pl. violations of orders. | 1.3 | $585.00 |

| | | | | |
|---|---|---|---|---|
| 3/23/2017 | MN | PACER research, Drafted and revised response to second motion and proposed order. Assessment of Kevin's suggestions, Finalized and e-!iled response and proposed order. | 1.2 | $540.00 |
| 3/29/2017 | MN | Drafted and revised declaration for Robbie Malone, Meeting with Kevin regarding same. | 1.3 | $585,00 |
| 3/29/2017 | MN | Report to clients re: today's !ilings. | 0.2 | No Charge |
| 3/29/2017 | MN | Drafted opposition to mot.ion to amend and proposed order. Research for same. | 2,4 0 | $1,080.00 |
| 3/29/2017 | MN | Reviewed motion to amend. Call to Robbie and Xerxes. | 0.8 | $360.00 |
| 3/30/2017 | MN | Preliminary work on reply brief for MSJ, | 0.9 | $4,05.00 |
| 3/30/2017 | MN | Created a comparison copy and reviewed Ribbie's revised declaration, Email to Robbie. | 0.2 | No Charge |
| 3/30/2017 | MN | Research and drafting, Completed and revised draft of MSJ reply brief. | 5. 8 | $2,610.00 |
| 3/30/2017 | MN | Finalized response to motion to amend. E-liled same, Finalized reply brief. E-liled same, | 1.6 | $720,00 |
| 3/30/2017 | MN | Emails to opposing counsel and to clients, | 0.2 | No Charge |
| 4/3/2017 | MN | Work on Motion for Fees. | 0.5 | $225.00 |
| 4/4/2017 | MN | Revised Rule 11 motion. New letter. | 0.4,0 | $180.00 |
| 4/5/2017 | MN | Prepared and revised answer to First Amended Complaint. | 1.9 | *$855.00* |
| 4/6/2017 | MN | Finalized answer to FAC and e-filed same. | 0.3 | No Charge |
| 4/6/2017 | MN | Conversation with Robert Zimmer. | 0.2 | $90.00 |
| 4/7/2017 | MN | Reviewed PRA's answer. | 0.2 | No Charge |

| 4/7/2017 | MN | Analysis of TDCA vs. FDCPA fee standard. | 0.4,0 | $180.00 |
| 4/12/2017 | MN | Conversation with Bob re: Judge Sparks' order; making an oHer. | 0.2 | No Charge |
| 4/13/2017 | MN | Drafted and revised letter to Michael Wood and Celetha Chatman. | 0.5 | $225.00 |
| 5/8/2017 | MN | Call from Robbie Malone re: her call with Celetha; lack of compliance with Judge Sparks' order; motion to extend that makes no sense, | 0,70 | $315,00 |
| 5/8/2017 | MN | Call from Robert Zimmer. Call to Bob to report. | 1.4 | $630.00 |
| 5/8/2017 | MN | Drafted ,md revised email to Robert Zimmer re: settlement. | 0.2 | $90.00 |
| 5/11/2017 | MN | Call from Robbie re: Emails from Tyler. | 0.2 | $90.00 |
| 5/11/2017 | MN | Drafted report and request for a ruling. Received motion just as I was about to send it to Robbie. Email to Robbie. | 0.7 | $315.00 |
| 5/11/2017 | MN | Revised report to make it a response. Mulliple revisions and emails to Robbie. Prepared exhibit and proposed order, | 0.7 | $315.00 |
| 6/5/2017 | MN | Prep. for hearing. | 1.3 | $585.00 |
| 6/5/2017 | MN | Call from Robbie re: tomorrow's status conference. | 0.5 | $225.00 |
| 6/5/2017 | MN | Research and drafting for brief in support of Rule 11 motion. | 2.4 | $1,080.00 |
| 6/6/2017 | MN | Status report to clients. | 0 | No Charge |
| 6/6/2017 | MN | Continued prep for hearing. Identified deposition excerpts that are likely to be relevant to why settlement did not occur | 1.5 | $675.00 |

| | | and why sanctions are appropriate. | | |
|---|---|---|---|---|
| 6/6/2017 | MN | Hearing (Travel to courthouse. Hearing before Judge Sparks. Discussion with Xerxes and Steve after. Travel home.) | 2.1 | $945.00 |
| 6/8/2017 | MN | Research for 1927 motion. | 2.9 | $1,305.00 |
| 6/9/2017 | MN | Analysis of cross-motion for SJ. Reviewed all exhibits. Email to oc. | 1.2 | $540.00 |
| 6/9/2017 | MN | Work on 1927 motion and brief. | 1.4 | $630.00 |
| 6/10/2017 | MN | Continued work on 1927 brief. Preliminary work on declaration to accompany it. | 3.6 | $1,620.00 |
| 6/19/2017 | MN | Work on declaration. | 0.8 | $360.00 |
| 6/20/2017 | MN | Conversation with Robert Zimmer. | 0.5 | $225.00 |
| 6/22/2017 | MN | Work on affidavit and analysis of time records. | 1.3 | $585.00 |
| 7/24/2017 | MN | Analysis of SJ order. | 0.23 | $103.50 |
| 8/28/2017 MN | MN | Call to Xerxes Martin re: receivership motion in the sate court proceeding. | 0.4 | $180.00 |
| 10/3/2017 | MN | Conversation with Bob re: merits of a motion to reconsider. | 0.5 | $225.00 |
| 10/18/2017 | MN | Call with Robbie Malone re: case strategy in light of the consolidation. Report to Bob. | 1.3 | $585.00 |
| 11/6/2017 | MN | Letter to OC regarding defendants' joint offer of settlement. | 0.4 | $180.00 |
| 11/6/2017 | MN | Call to Bob re: timing and strategy. | 0.2 | $90.00 |
| 11/6/2017 | MN | Letter to OC regarding defendants' joint offer of settlement | 0.4 | $180.00 |
| 11/6/2017 | MN | Call to Bob re: timing and strategy | 0.2 | $90.00 |

| 12/3/2017 | MN | Preliminary research and drafting for motion and brief t hold Plaintiff in contempt and dismiss or prohibit evidence. | 3.4 | $1,530.00 |
| 12/10/2017 | MN | Finished research and drafting for motion and brief to dismiss and for contempt. Prepared proposed order and email to Robbie Malone. | 2.6 | $1,170.00 |
| 12/14/2017 | MN | Analyzed and revised PRA's changes to the motion and brief seeking dismissal and contempt sanctions. | 1.1 | $495.00 |
| 12/19/2017 | MN | Final edits to motion and order. Reviewed Judge Sparks' rules and local rules before filing. Email to PRA's counsel regarding certificate of conference; proposed email to Michael Wood. | 0.8 | $360.00 |
| 12/20/2017 | MN | Finalized motion to Dismiss and e-filed motion and proposed order. Email to client. Email to all attorneys o record. | 3 | $1,350.00 |
| 1/5/2018 | MN | Drafted and revised reply in support of the motion to dismiss(including analysis of the response and exhibits and research on Karen Mayfield-Jones). | 2.8 | $1,260.00 |
| 1/5/2018 | MN | Conversation with Robert Zimmer re: motion to dismiss and for contempt sanctions. | 0.3 | $135.00 |
| 1/8/2018 | MN | Reviewed revisions to reply brief from PRA's counsel and made corrections and additional revisions. | 6 | $2,700.00 |
| 1/15/2018 | MN | Analysis of potential proof/evidentiary issues for the 1/23 hearing and of the | 0.5 | $225.00 |

| | | deficiencies in Plaintiffs designations. | | |
|---|---|---|---|---|
| 1/15/2018 | MN | Conversation with Robbie Malone re: strategy and evidence for the 1/23 hearing. | 1.2 | $540.00 |
| 1/18/2018 | MN | Call from Robbie Malone re: having our clients at Tuesday's hearing. | 0.2 | $90.00 |
| 1/19/2018 | MN | Call from Robbie Malone as a follow up to yesterday, regarding Tuesday's hearing. | 0.4 | $180.00 |
| 1/19/2018 | MN | Conversation with Robert Zimmer re: Tuesday's hearing. | 0.2 | $90.00 |
| 1/23/2018 | MN | Work on hearing prep. | 1.7 | $765.00 |
| 1/23/2018 | MN | Final prep for hearing. Additional research on a few issues surrounding the RPC violations. | 1.5 | $675.00 |
| 1/23/2018 | MN | Lunch meeting with Steve, Robbie, and Karen prior to the hearing (incl. time to get to restaurant). | 1.5 | No Charge |
| 1/23/2018 | MN | Went to courthouse. Participated in hearing before Judge Sparks. Post-hearing discussion with Robbie, Karen, and Steve. | 1.4 | $630.00 |
| 1/23/2018 | AH | Searched US DC WO Website for Judge Sparks's Court Reporter information. Drafted letter to Court Reporter for Kevin's review per MHN instructions requesting copy of 1/23 2:00 hearing in this matter. Transmitted letter to Court Reporter via email. | 1 | $75.00 |
| 1/24/2018 | AH | Opened email from Judge Sparks' Court Reporter responding to my email request for hearing transcript and responded to | 0.2 | $15.00 |

| | | | | |
|---|---|---|---|---|
| | | her thanking her for reply. Court Reporter will be sending invoice for transcript shortly. Forwarded reply to MHN and Kevin for their information. | | |
| 1/24/2018 | AH | Received & reviewed email from Court Reporter regarding hearing transcript. Forwarded email to MHN and Kevin for their information. Prepared check request for $168.95-cost of transcript and forwarded to Cassie for processing. | 0.2 | $15.00 |
| 1/29/2018 | MN | Created exhibit. Drafted and revised affidavit. | 1.5 | $675.00 |
| 1/30/2018 | MN | Prepared expense affidavit for Steve. | 0.4 | $180.00 |
| 1/31/2018 | MN | Revisions to Steve's and my affidavits and corrections to tmy exhibit | 0.4 | $180.00 |
| 2/1/2018 | MN | Conversation with Robbie Malone re: getting affidavits and transcript submitted; her latest hearing with Celetha. | 0.5 | $225.00 |
| 2/2/2018 | MN | Revised my affidavit to include the Johnson factors. | 1.1 | $495.00 |
| 2/4/2018 | MN | Final edits and revisions to my affidavit. | 0.5 | $225.00 |
| 2/5/2018 | MN | Finalized all docs for filing. Prepared notices of filing. Tried to find a way to file under seal. Conversation with court clerk. Call to Cooper Walker. Revised notices of filing. | 1.6 | $720.00 |
| 2/5/2018 | AH | Filing Affidavits under Seal | 0.5 | $37.50 |

| 2/15/2018 | MN | Research on the CLG letters and possible 4.2 issues. Conversation with Robbie. | 0.8 | $360.00 |
|---|---|---|---|---|
| 2/15/2018 | MN | Follow-up call with Robbie re: her conversation with her client. | 0.5 | $225.00 |
| 2/15/2018 | MN | Conversation with Julie and Kevin re: contempt order; research from Steve. | 0.2 | No Charge |
| 2/16/2018 | MN | Call from Robbie Malone re: depositions; MJ consent. | 0.5 | $225.00 |
| 2/19/2018 | MN | Finalized and efiled non-consent to MJ. | 0.2 | $90.00 |
| 2/19/2018 | MN | Prepared RFPs to Plaintiff. Conversation with KC regarding same. | 0.5 | $225.00 |
| 2/21/2018 | MN | Report to Priscilla May. | 0.4 | $180.00 |
| 2/26/2018 | MN | Drafted and revised letter to Priscilla May. | 1.5 | $675.00 |
| 2/26/2018 | MN | Conversation with Kevin re: summary judgment vs. summary disposition. | 0.2 | No Charge |
| 2/28/2018 | MN | Reviewed PRA's discovery. | 0.3 | $135.00 |
| 3/1/2018 | MN | Analysis of the viability of seeking summary judgment awarding $0 or nominal damages. | 2.8 | $1,260.00 |
| 3/4/2018 | MN | Investigation regarding CLG fax numbers. Reviewed WI RPC. Emails to Bob and Julie and to Robbie. | 1.2 | $540.00 |
| 3/5/2018 | MN | Meeting with Kevin re: final pretrial conference and trial. | 0.4 | No Charge |
| 3/14/2018 | MN | Call from Cooper in Robbie Malone's office re: their prior discovery responses; getting me the specific faxes I need. | 0.3 | $135.00 |
| 3/14/2018 | MN | Review of Ozmun discovery responses | 0.4 | $180.00 |
| 3/15/2018 | BJS | Investigate and analyze case law where FDCPA liability was found, but | 1.7 | $467.50 |

| | | damages awarded was $0.00. | | |
|---|---|---|---|---|
| 3/15/2018 | MN | Preliminary work on MSJ on damages. Call to Brit re: research for the brief. | 0.6 | $270.00 |
| 3/21/2018 | MN | Created redacted version of Wood Finko letterhead. Correspondence to Wes Boyd requesting p[ermission to use it. | 0.2 | No Charge |
| 3/21/2018 | MN | Analyzed evidence and drafted statement of undisputed facts. | 2.2 | No Charge |
| 3/22/2018 | MN | Reviewed responses to our RFPs and the proposed protective order. Call to Robbie regarding both and the possible MSJ. | 0.9 | $405.00 |
| 3/23/2018 | MN | Conversation with Bob Hornik re: info I need for MSJ. | 0.2 | $90.00 |
| 3/25/2018 | MN | Work on MSJ. | 1.8 | $810.00 |
| 3/28/2018 | MN | Reviewed discovery responses. Call to Robbie to discuss. | 0.4 | $180.00 |
| 3/31/2018 | MN | Analyzed and prepared amended witness and exhibit designations and document production. Prepared Second Amended Rule 26 disclosures | 2.4 | $1,080.00 |
| 4/1/2018 | MN | Continued research an drafting on MSJ. | 3.9 | $1,755.00 |
| 4/2/2018 | MN | Call to Bob re: MSJ issues; whether to try to depose Celetha and Tyler. Call to Tyler Hickle to try to gather facts. | 0.9 | $405.00 |
| 4/2/2018 | MN | Call to Tyler Hickle re: when he was retained. Assessment of need to depose Celetha. | 0.5 | $225.00 |
| 4/2/2018 | MN | Conversation with Rbbie Malone re: whether to | 0.5 | $225.00 |

| | | | | |
|---|---|---|---|---|
| | | depose Celetha; adequacy of existing evidence; division of work on the MSJ. | | |
| 4/3/2018 | MN | Analysis of the Tejero order. Call to Robbie Malone re: offering not to seek sanctions against Mr. Ozmun if he drops his case. Email to client. | 0.6 | $270.00 |
| 4/4/2018 | MN | Drafted and revised settlement offer. | 0.9 | $405.00 |
| 4/5/2018 | MN | Conference call with Bob, Robbie, and Sunny re: making an offer; moving for summary judgment. | 0.8 | $360.00 |
| 4/5/2018 | MN | Call from Robert Zimmer. Report to client regarding the call. | 1.3 | $585.00 |
| 4/5/2018 | MN | Research and drafting to complete draft of motion and proposed order. | 3.1 | $1,395.00 |
| 4/17/2018 | MN | Reviewed all of Cooper's changes to the MSJ and made additional changes. Drafted and revised Javandoost and Sidhu declarations. Finished drafting and revising SOMF. | 4.3 | $1,935.00 |
| 4/18/2018 | MN | Call to Cooper re: inclusions in brief; what we need to get done to file. Modified SOMF as per our discussion. Modified exhibit table. Call to Clerk. Requested certified copies of the state court records. | 0.9 | $405.00 |
| 4/18/2018 | MN | Call from Cooper walker re: issues related to his client's declaration and the exhibits thereto. | 0.5 | $225.00 |
| 4/19/2018 | AH | Travel to Travis County Courthouse to pick up certified copies of Case No C-1-CV-15-002350 - Portfolio v. Ozmun and | 0.5 | No Charge |

| | | Case No C-1-CV-15-002347 - Portfolio v. Ozmun from County Clerk's office per MHN's instructions . | | |
|---|---|---|---|---|
| 4/19/2018 | MN | Reviewed latest changes from Cooper. Revised SOMF to add additional facts. Revised proposed judgment. Reviewed Steve's declaration and exhibits. Reviewed certified copies from CCL for completeness. Prepared exhibits for filing. | 1.6 | $720.00 |
| 4/19/2018 | MN | Call from Steve Javandoost re: his declaration; the MSJ; the hearing on 5/11. | 0.8 | $360.00 |
| 4/20/2018 | MN | Clean-up edits to motion. Created, and added references to Exhibit M. | 0.5 | $225.00 |
| 4/20/2018 | MN | Put MSJ in final form to comply with local rules. | 0.3 | No Charge |
| 4/20/2018 | MN | E-filed the motion and exhibits (including dealing with multiple failures to upload due to file sizes on exhibits). | 1.2 | $540.00 |
| 4/23/2018 | AH | Travel to Federal Courthouse to deliver Motion for Summary Judgment binder to Judge Sparks per Judge's request | 0.9 | $67.50 |
| 4/23/2018 | MN | Reviewed the exhibit book. Made certain that it was correct. Instructions to AH. | 0.3 | $135.00 |
| 4/23/2018 | MN | Analysis of all of the reporting docs from Amtrust. Prepared case assessment form and letter to Priscilla May. | 2.2 | $990.00 |
| 4/24/2018 | MN | Call from Robbie re: call she received regarding a motion to recuse. calls to Robert Zimmer and Tyler Hickle to see if theyknow anything | 0.7 | $315.00 |

| | | about it. Reached Tyler. He says that he knows | | |
|---|---|---|---|---|
| 4/24/2018 | MN | Research on recusal. Prepared an evidence folder of documents to be used in opposition to any recusal motion. | 0.9 | $405.00 |
| 4/24/2018 | MN | Conversation with Bob Hornik re: hearing strategy; whether to subpoena Michael and Veletha. | 0.5 | $225.00 |
| 4/24/2018 | MN | Conversation with Kevin re: My calls with Robbie and Bob; procedural concerns in a DQ motion is filed. | 0.4 | $180.00 |
| 4/25/2018 | MN | Call from Robbie Malone re: recusal/DQ issues; how to respond if a motion is filed. | 0.6 | $270.00 |
| 4/25/2018 | MN | Successive conversations with Dave Schultz; Dara Tarkowski; Katrina Christakis; and Nicole Strickler re: any past instances of CLG violating court orders. | 1.1 | $495.00 |
| 4/26/2018 | MN | Call from Robbie. Reviewed Exhibit to Motion to recuse. Calls relating to same. | 1 | $450.00 |
| 4/26/2018 | MN | Call from Robbie re: the hearing this morning in Tejera; how it might affect Ozmun. | 0.3 | $135.00 |
| 4/27/2018 | MN | Calls to Bob Hornik and Priscilla May to report on status; Tejero situation. | 0.8 | $360.00 |
| 5/2/2018 | MN | Analysis of order from Judge Ezra. Conversation with Robbie regarding possible impact on Ozmun; strategy for next week. | 1 | $450.00 |
| 5/5/2018 | MN | Drafted and revised response to Motion to Strike. | 1.7 | $765.00 |

| 5/6/2018 | MN | Drafted and revised reply brief, including research as I went to review and respond to Plaintiff's arguments. | 4.3 | $1,935.00 |
|---|---|---|---|---|
| 5/7/2018 | MN | Conversation with Robbie Malone and Cooper Walker re: response to motion to strike; reply brief. | 0.4 | $180.00 |
| 5/8/2018 | MN | Reviewed and revised Cooper's edits to the brief. | 0.2 | $90.00 |
| 5/8/2018 | MN | Finalized both reply brief and response to motion to strike. Prepared proposed order. Exiled all. | 0.5 | $225.00 |
| 5/8/2018 | MN | Resesrch on whether CLG has sought tatutory damages in summary judgment motions. | 0.8 | $360.00 |
| 5/9/2018 | MN | Call to Cooper walker re: yesterday's hearing in tejero and whether/how it could affect Friday's hearing. | 0.4 | $180.00 |
| 5/9/2018 | MN | Drafted and revised argument for MSJ hearing. | 2.2 | $990.00 |
| 5/11/2018 | MN | Reviewed supplemental disclosures and witness list from Plaintiff. | 0.2 | $90.00 |
| 5/11/2018 | MN | Review of Motion to Recuse. Analysis of issues and impact of U.S. v. Grinnell. Also looked at impact of local rule. | 0.9 | $405.00 |
| 5/11/2018 | MN | Conversation with Kevin re: motion to recuse and its impact. | 0.3 | $135.00 |
| 5/11/2018 | MN | Final prep for hearing, modifying arguments to account for motion to recuse and new discovery responses. | 1.5 | $675.00 |
| 5/11/2018 | MN | Went to court for hearing. Met with Steve after. Returned to office. | 1.9 | $855.00 |

| 5/16/2018 | MN | Conversation with Robbie Malone re: appropriate steps at this point and division of work. | 0.4 | $180.00 |
|-----------|----|---------------------------------------------------------------------------------------------|-----|---------|
| 5/18/2018 | MN | Conversation with Robbie re: scheduling; division of briefing and labor for the non-MSJ/motion to strike issues. | 0.5 | $225.00 |
| 5/24/2018 | MN | Prepared motion to reset and proposed order. | 0.6 | No Charge |
| 5/25/2018 | MN | Conversation with Cooper Walker re: seeking fees for the last hearing; 1927 motion; motion for contempt for further violations of the scheduling order. | 0.2 | $90.00 |
| 5/30/2018 | MN | Work on reports to Priscilla. | 0.6 | $270.00 |
| 5/30/2018 | MN | Reviewed response to morion to reset. Drafted reply and proposed email to Amy Clark. Emails to Kevin and Robbie. | 0.4 | $180.00 |
| 5/31/2018 | MN | Finalized reply brief on Motion to reset or Expedite. | 0.3 | No Charge |
| 5/31/2018 | MN | Prepared multiple reports for Priscilla May as per requirements for defense counsel. | 2.4 | $1,080.00 |
| 6/1/2018 | MN | Call from Amy Clark. Meet and confer re: contempt motion; 1927 motion. | 1.6 | $720.00 |
| 6/5/2018 | MN | Drafted and revied proposed email to Amy Clark re: fees and expenses for May 11. | 0.4 | $180.00 |
| 6/5/2018 | MN | Drafted email to Amy Clark re: fees and expenses for May 11. | 0.3 | $135.00 |

| 6/8/2018 | KC | Numerous correspondence with opposing counsel, PRA's counsel, and M. Newburger regarding opposing counsel's threatened writ of mandamus, motion to stay, fees from May 11th hearing, and June 21st hearing scheduled on all pending matters; Telephone conversation with B. Hornik regarding same; Telephone call with M. Newburger regarding same. | 1.1 | $385.00 |
| --- | --- | --- | --- | --- |
| 6/9/2018 | KC | Correspondence with opposing counsel regarding position on threatened motion to stay. | 0.2 | $70.00 |
| 6/13/2018 | KC | Reviewed correspondence from M. Newburger and S. Javandoost regarding May 21 hearing on all matters. | 0.1 | $35.00 |
| 6/15/2018 | KC | Reviewed court's order granting in part, denying in part summary judgment; Reviewed court's order converting June 21st hearing on all matters to a telephonic status conference; Multiple correspondence with M. Newburger and B. Hornik regarding same; Matter analysis regarding potential motion in limine topics and jury instruction. | 0.9 | $315.00 |
| 6/15/2018 | MN | Call from Cooper Walker re: division of labor on trial prep. | 0.5 | $225.00 |
| 6/15/2018 | MN | Analysis and email to Kevin re: jury issues. | 0.3 | $135.00 |
| 6/17/2018 | KC | Reviewed correspondence from M. Newburger and P. | 0.2 | $70.00 |

| | | | | |
|---|---|---|---|---|
| | | May regarding trial setting and scheduling order, etc. | | |
| 6/18/2018 | KC | Correspondence with M. Newburger regarding June 21st telephonic status conference with Court; Draft correspondence to opposing counsel regarding providing conference call information for June 21st telephonic status conference with court. | 0.2 | $70.00 |
| 6/19/2018 | KC | Reviewed court notices regarding transcript for May 11th hearing being requested; Multiple correspondence with M. Newburger regarding same; Multiple correspondence with M. N ewburger and opposing counsel regarding opposing counsel's duty to provide conference call dial-in for court ordered June 21st telephonic status conference; Multiple correspondence with B. Hornik and P. May regarding possibly   offering $57 during the status conference; Correspondence and telephone conversation with M. Newburger regarding same. | 0.7 | $245.00 |
| 6/19/2018 | KC | Reviewed court notices regarding transcript for May 11th hearing being requested; Multiple correspondence with M. Newburger regarding same; Multiple correspondence with M. Newburger and opposing counsel regarding opposing counsel's duty to | 0.7 | $245.00 |

| | | | | |
|---|---|---|---|---|
| | | provide conference call dial-in for court ordered June 21st telephonic status conference; Multiple correspondence with B. Hornik and P. May regarding possibly offering $57 during the status conference; Correspondence and telephone conversation with M. Newburger regarding same. | | |
| 6/20/2018 | KC | Review and analysis of Court's most recent summary judgment order for purpose of determining whether Court said or indicated it would disregard Plaintiffs testimony concerning $57; Multiple correspondence with M. Newburger regarding same; Telephone conversation with B. Hornik regarding potential strategy at June 21st status conference; Telephone conversation and multiple e-mail correspondence with Priscilla May regarding Court's most recent summary judgment order, potential strategy at June 21st status conference with the Court, conference call availability, potential trial setting and opposing counsel's last settlement demand; Multiple correspondence with M. Newburger regarding June 21st status conference strategy, communications with B. Hornik, and communications with | 2.1 | $735.00 |

| | | | | |
|---|---|---|---|---|
| | | Priscilla May regarding proposed strategy, and threatened mandamus and motion to stay by opposing counsel, etc. | | |
| 6/21/2018 | KC | Correspondence with M. Newburger prior to court-ordered status conference; Participate in court-ordered telephonic status conference with Court, M. Newburger, and opposing counsel; Multiple correspondence with M. Newburger and Priscilla May regarding telephonic status conference, possible attorneys' fees, settlement negotiations to-date, attorneys' fees incurred to-date, possible settlement offer, previous settlement negotiations, budget through jury selection, etc.; Telephone conversation with 8. Hornik regarding telephonic status conference and potential July trial setting; Telephone conversation and e-mail correspondence with PRA's counsel regarding pretrial matters that must be filed by Friday June 29th and potential settlement negotiations, and correspondence with M. Newburger regarding same; Reviewed minute entry entered by Court following status conference | 2.6 | $910.00 |

| 6/22/2018 | KC | Telephone conversation with B. Hornik regarding proposed $1000 offer of judgment with fees to be decided by Court; E- mail correspondence to Priscilla May regarding same; Reviewed correspondence from B. Hornik requesting brief summary email; Draft correspondence to M. Newburger regarding same. | 0.6 | $210.00 |
|---|---|---|---|---|
| 6/25/2018 | MN | Email to Bob re: settlement issues. | 0.2 | $90.00 |
| 6/25/2018 | KC | Reviewed correspondence from M. Newburger to B. Hornik regarding proposed offer of judgment; Correspondence with M. Newburger regarding same; Correspondence with Priscilla May at AmTrust regarding conference call availability; Telephone conversation with Priscilla May regarding potential$1000 offer of judgment with fees to be decided by Court; Reviewed correspondence from Robbie Malone regarding conference call availability; Reviewed correspondence from Robbie Malone regarding exhibit list. | 0.8 | $280.00 |

| | KC | Correspondence with Robbie Malone regarding conference call availability to discuss draft pretrial materials; Draft correspondence to Cooper Walker regarding draft pretrial materials; Lengthy telephone conversation with Robbie Malone regarding proposed pretrial documents; Reviewed draft witness list, draft exhibit list, draft summary of statement of case, draft voire dire questions, draft jury charge, and draft motion in limine; Multiple correspondence with M. Newburger regarding same; Begin drafting redlines to motion in limine; Reviewed correspondence from B. Hornik regarding making $1000 offer with fees to be decided by court. | 2.1 | $735.00 |
|---|---|---|---|---|
| 6/27/2018 | MN | Call to Kevin re: pretrial filings; settlement; his conversations with Priscilla and Bob. | 0.5 | $225.00 |
| 6/27/2018 | MN | Revised and supplemented all of the pretrial documents required by Judge Sparks. | 3.9 | $1,755.00 |

| 6/27/2018 | KC | Reviewed multiple correspondence between M. Newburger and B. Hornik regarding making offer to other side; Correspondence with C. Heggie regarding July 21st status conference; Reviewed court's trial setting order, and correspondence from M. Newburger regarding trial setting, trial witnesses, etc.; Reviewed correspondence from B. Hornik regarding trial witnesses; Reviewed correspondence from Priscilla May at AmTrust and telephone conversation with Priscilla May regarding making offer to plaintiff; Reviewed correspondence from M. Newburger to Priscilla May regarding same; Correspondence with M. Newburger regarding proposed pretrial materials; Reviewed M. Newburger's redlines to proposed pretrial materials; Correspondence with R. Malone regarding proposed offer to plaintiff. | 1.1 | $385.00 |

| 6/28/2018 | KC | Review and finalize redlines, edits to witness list, exhibit list, motion in limine, proposed jury charge, voire dire questions, summary of statement to court; Multiple correspondence with PRA's counsel, M.Newburger, B. Hornik and S. Javandoost regarding same; Telephone conversation with Cooper Walker regarding revised pretrial documents; Reviewed revised pretrial documents; Reviewed correspondence from B. Hornik regarding state court process server and documents to possibly include on exhibit list; Review file for purposes of locating state court process server documents, declaration and affidavits; Telephone conversation with B. Hornik regarding Declaration of Mary Boyle, Affidavits of Substituted Service (x2) by Mary Boyle, and Cost documents from EZ Messenger; Multiple correspondence with B. Hornik, M. Newburger and S. Javandoost regarding same; Multiple separate correspondence with co-counsel, M. Newburger, B. Hornik, and S. Javandoost regarding revised pretrial documents, subpoena on Mary Boyle, etc.; Correspondence with M. Newburger regarding removing dispute letters from exhibit list; Reviewed correspondence from B. | 3.4 | $1,190.00 |

| | | Hornik and M. Newburger regarding co-counsel's revised pretrial exhibits; Draft correspondence to co-counsel authorizing revised pretrial exhibits, making additional edits to the exhibit list, and case cite to the motion in limine; Reviewed correspondence between M. Newburger and opposing counsel regarding offer; Reviewed further correspondence between M. Newburger, B. Hornik and S. Javendoost regarding possible testimony of process server | | |
|---|---|---|---|---|
| 6/28/2018 | MN | Conversation with Robbie Malone re: offer; pretrial docs. Email to Amy Clark | 0.3 | $135.00 |
| 6/29/2018 | KC | Multiple correspondence with PRA's counsel regarding filing of pretrial documents. | 0.4 | $140.00 |
| 7/2/2018 | MN | Analysis, research, drafting, and revisions for response to Motion to Stay. (Actual time = 4/6. Reduce by 1 hour.) | 3.4 | $1,530.00 |
| 7/2/2018 | MN | Long conversation with Robbie re: trial prep; trial; which filings need responses and what they should be; division of labor on responses. | 1.4 | $630.00 |
| 7/2/2018 | MN | Analysis of Plaintiff's pretrial filings and of the matters that need responses. | 1.2 | $540.00 |
| 7/3/2018 | MN | Conversation with Amy Clark re: settlement; limits on Plaintiff's potential recovery, | 1 | $450.00 |

| 7/3/2018 | MN | Conversation with Priscilla and Bob re: case status; settlement; my call with Amy Clark. | 0.5 | $225.00 |
|----------|----|-----|-----|---------|
| 7/3/2018 | MN | Work on objections to the jury charge. | 1.1 | $495.00 |
| 7/3/2018 | MN | Conversation with Priscilla may re: case status; billings; settlement. | 0.7 | $315.00 |
| 7/5/2018 | MN | Email memo to Priscilla and Bob re: Robbie's tender suggestion. | 0.4 | $180.00 |
| 7/5/2018 | MN | Call from Robbie Malone re: settlement and trial issues. | 0.6 | $270.00 |
| 7/6/2018 | MN | Analysis of response to defendabts; motion in limine. | 0.4 | $180.00 |
| 7/6/2018 | MN | Analysis of counteroffer and drafted recommendation to client. Sent recommendation after talking to Robbie Malone to confirm her client's position. | 0.3 | $135.00 |
| 7/6/2018 | MN | Call from Robbie Malone re: Mattson. Analysis of her position and response to her via email. | 0.3 | $135.00 |
| 7/6/2018 | MN | Call to Clerk to determine process for tendering into the registry. Drafted and revised motion and order. | 1.5 | $675.00 |
| 7/9/2018 | MN | Conversation with Robbie Malone re: Ozmun; emails from Amy 8during the call) and the responses thereto. | 0.7 | $315.00 |
| 7/9/2018 | MN | Call to Robbie re: response to the offer; motion to tender. | 0.3 | $135.00 |
| 7/9/2018 | MN | Drafted and revised objections to plaintiff's jury instructions and verdict sheets. | 2.2 | $990.00 |
| 7/9/2018 | MN | Revisions and additions to objections to plaintiff's | 1.6 | $720.00 |

| | | | | |
|---|---|---|---|---|
| | | motions in limine and to plaintiff's witness and exhibit lists. | | |
| 7/9/2018 | MN | Call from Steve Javandoost. Went over facts and case history in preparation for his trial testimony. | 1.3 | $585.00 |
| 7/9/2018 | MN | Call to Bob re: extending the offer; trial issues; discovery issues in the plaintiff's responses. | 0.5 | $225.00 |
| 7/10/2018 | MN | Drafted response to Amy Clark re: notice of settlement. Email to Bob and Priscilla | 0.2 | $90.00 |
| 7/10/2018 | MN | Call with Bob and Priscilla. | 0.4 | $180.00 |
| 7/10/2018 | MN | Call from Amy Clark. Conferenced in Robbie. continued discussion with Robbie after Amy dropped. | 0.3 | $135.00 |
| 7/10/2018 | MN | Drafted letter to Amy Clark; motion to dismiss; order. | 0.5 | $225.00 |
| 7/10/2018 | AH | Travel to Amy Clark to Hand-Deliver Manny's letter, unopposed motion to dismiss & check. | 1 | $75.00 |
| 7/10/2018 | MN | Discussion with Robbie Malone re: responding to/accepting settlement offer from Amy Clark. | 0.4 | $180.00 |
| 7/10/2018 | MN | Obtained cashier's check from bank. | 0.5 | $225.00 |
| 7/10/2018 | MN | Call from Amy Clark re: notice vs. dismissal. | 0.6 | $270.00 |
| 7/11/2018 | MN | Continued analysis of settlement notice. Drafted suggested revision. | 0.3 | $135.00 |
| 7/11/2018 | MN | Preliminary work on Motion for fees. Drafted and revised statement of facts and trail of bad faith. Preliminary drafting on legal standards. | 2.3 | $1,035.00 |

| 7/11/2018 | MN | Conversation with Cooper Walker re: fee application; fee opposition; briefing jointly; division of labor. | 0.8 | $360.00 |
|---|---|---|---|---|
| 7/12/2018 | MN | Continued work on motion for fees. | 0.9 | $405.00 |
| 7/16/2018 | MN | Preliminary work on affidavit exhibits for fee app. | 0.5 | $225.00 |
| 8/9/2018 | MN | Conference call with Judge Sparks re: dismissal. | 0.3 | $135.00 |
| 8/9/2018 | MN | Call with Robbie after the status conference re: fee application; whether to request an evidentiary hearing. | 0.5 | $225.00 |
| 8/16/2018 | MN | Continued work on my affidavit in support of the motion for sanctions. | 1.7 | $765.00 |
| 8/20/2018 | MN | Drafted and revised affidavit in support of motion for fees. | 5.2 | $2,340.00 |
| **TOTALS** | | | 284.53 | $117,701.00 |

| EXPENSES | | |
|---|---|---|
| **Date** | **Description** | **Charge** |
| 12/6/2017 | Esquire deposition invoice for the deposition of Joseph Ozmun | $1,199.00 |
| 1/15/2018 | Airline change fees to be able to attend hearing on 1/23. | $267.00 |
| 1/25/2018 | Transcript | $168.95 |
| 5/11/2018 | Lyft fare to courthouse. | $15.25 |
| 5/11/2018 | Lyft fare from Federal Courthouse to office. | $15.79 |
| **TOTAL** | | **$1,665.99** |