UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | CASE NUMBER: 1:16-cv-00940-SS |
| ASSOCIATES, LLC; RAUSCH, STURM, | § | |
| ISRAEL, ENERSON & HORNIK, LLC; | § | Honorable Sam Sparks |
| AND TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA, | § | |
| Defendants | § | |
| | § | |
| DEFENDANTS. | § | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS PORTFOLIO
RECOVERY ASSOCIATES, LLC AND RAUSCH, STRUM, ISRAEL, ENERSON &
HORNIK LLC'S MOTION FOR SANCTIONS

Plaintiff, Joseph Ozmun ("Plaintiff," or "Ozmun"), by and through his attorneys, hereby responds to Defendants Portfolio Recovery Associates, LLC ("PRA") and Rausch, Strum, Israel, Enerson & Hornik, LLC's ("RSIEH") motion for sanctions and states as follows:

**I. Introduction**

Defendants violated Joseph Ozmun's Congressionally-granted right to be free from abusive and unconscionable debt-collection tactics. Ozmun successfully held Defendants accountable for their violations of Federal law. Defendants now ask this court to sanction Plaintiff and his attorneys under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927. Defendants believe their disappointment in unsuccessfully litigating the matter entitles them to compensation. Defendants also seek fees and costs pursuant to 15 U.S.C. §1692k(a)(3) and the Texas Debt Collection Act. Plaintiff will be responding to the fees motion in a separate filing and here addresses only Defendants' prayer for sanctions.

1

In short, Defendant's Rule 11 arguments fall short because there has been no Rule 11 sanction motion brought.  Defendants must wait 21 days after sending a demand letter alleging Rule 11 violations and allowing time for Plaintiff to review the allegations before filing any motion claiming sanctions can be awarded under Rule 11.  Defendant has served such a motion but has not yet filed it, and now seeks sanctions pursuant to Rule 11 within its motion for fees and costs.  This is improper.

In asking for attorneys' fees as sanctions pursuant to 28 U.S.C. § 1927, Defendants make the vague claim that the "record as a whole supports the conclusion that the strategy in this case was to force Defendants to keep having to defend until they paid money, regardless of the facts or merits of the case." [Doc. #151, ¶37]. The strategy of *all* lawsuits seeking damages is to have the defendant pay money, either through a settlement or a judgment. The latter contention is clearly contradicted by this Court's own rulings and the undisputed facts. Defendants are unable to directly point to anything in the record which supports such their claim, in light of the fact that the Court denied Defendants' two motions for summary judgment. Thus, the entire premise of this argument fails.

## II. Argument

## A. Rule 11 Sanctions

Defendants are not entitled to any attorneys' fees pursuant to Rule 11.  Sanctions in the form of attorneys' fees to a movant can only be awarded on a motion. Fed. R. Civ. P. 11(c)(4). "Defendants urge construing their after-the-fact fees-and-costs statements as motions for sanctions. Rule 11, however, is clear: 'A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)'." *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008).

Further, "although sanctions may be awarded on the court's initiative, it is required first to 'order [the] attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).'" *Id.* The "court must not impose a monetary sanction…on its own, unless it issued the show cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims." Fed. R. Civ. P. 11(c)(5)(b).

Because Defendants did not follow the requirements for a motion for sanctions under Fed. R. Civ. P. 11(c)(2), they seek an end-run around the procedures by requesting that the Court sanction Plaintiff's counsel on its own initiative, pursuant to Rule 11(c)(3). The Court's inherent power to sanction and the power to sanction under Rule 11 are not in dispute. However, to the extent Defendants are asking the Court to impose attorneys' fees as sanctions pursuant to Rule 11 on its own initiative, their request must be denied – attorneys' fees may only be imposed on motion. Fed. R. Civ. P. 11(c)(4). Further, the Court "must not impose a monetary sanction…on its own, unless it issued the show-cause order under Rule 11(c)(3) <u>before</u> voluntary dismissal or settlement of the claims made by or against" the party or attorney to be sanctioned. Fed. R. Civ. P. 11(c)(5)(B). No such show-cause order was ever issued and the claims were settled in mid-July 2018. *See,* Doc. #141 (Notice of Settlement).

Defendants have not filed a proper Rule 11 motion. The case was settled, dismissed and no show-cause order issued. Rule 11 does not provide a basis for fees to Defendants in this case.

## B. Sanctions Under § 1927

To impose any sanctions pursuant to 28 U.S.C. § 1927, the district court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir.1994). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153

F.3d 242, 246 (5th Cir.1998). Section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir.1991) (citation omitted) (internal quotation omitted).

The courts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions. *Nat'l Ass'n of Gov't *526 Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir.1988). In order "[t]o prevent the courts from dampening 'the legitimate zeal of an attorney in representing her client,'" the Fifth Circuit interprets § 1927 "as penal and construe[s] it in favor of the sanctioned party." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (internal citation omitted).

To shift the entire cost of defense, "the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless...and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial." *Id.* (citations omitted).

Defendants have taken umbrage with Plaintiff's counsels litigation strategy and tactics. It is clear that this litigation was contentious and drawn out, but that was a result of Defense counsel's tactics as much if not more than any strategy of Plaintiff's counsel. Defendants have, for example, refused to negotiate and employed a scorched earth approach, filing numerous harassing motions.  Defendants ultimately made an offer to pay Plaintiff for his damages and allow the Court to determine his fees and costs, but did not do so until a few days before trial, nor at all from the time both Defendants' counsel entered appearances in the case. Defendants filed multiple motions for summary judgment of Plaintiff's FDCPA claims which have been denied.

For their part, Plaintiff's counsel certainly made mistakes along the way – and were appropriately sanctioned. *See,* [Doc. #91].  Plaintiff's claims under the TDCA were brought in good faith as existing 5th Circuit case law holds that the injunctive relief sought by Plaintiff, being statutory in nature, supersedes common law injunctive relief elements.

> "Where a statute provides for a right to an injunction for a violation, a party does not have to establish the general equitable principles for a temporary injunction. *Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 210 (Tex.2002); *Republic Ins. Co. v. O'Donnell Motor Co*., 289 S.W. 1064, 1066 (Tex.Civ.App.-Dallas 1926, no writ). When an applicant relies upon a statutory source for injunctive relief, the statute's express language supersedes the common law injunctive relief elements such as imminent harm or irreparable injury and lack of an adequate remedy at law. *West v. State*, 212 S.W.3d 513, 519 (Tex.App.-Austin 2006, no pet.).
> We hold that injunctive relief pursuant to the [Texas Debt Collection Act] does not require proof of irreparable injury."

> *Marauder Corp. v. Beall*, 301 S.W. 3d 817, 820 (2009).

Furthermore, Plaintiff was required to list a specific amount in statutory damages prior to trial and was within his right to testify as to emotional distress damages. While the court granted Defendants' Motion for Summary Judgment on Plaintiff's TDCA claims, Plaintiff did bring them in good faith.  Plaintiff's claims under the FDCPA were also well grounded in fact and law. Meritless claims do not survive two motions for summary judgment.  In short, Defendants cannot show "by clear and convincing evidence" that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings because counsel simply did not.

Further, Defendants are wrong about what Plaintiff would be able to prove at trial: Plaintiff would not need a business records affidavit or witnesses to the sending of the dispute letter because PRA's witness could testify to the fact that they reported Plaintiff's debt without marking it as disputed *and* the fact that they received the dispute letters; the 'Javandoost' declaration is easily rebutted by the actual document currently filed at Travis County Court and available to the public, etc.  *Allen v. Scott*, No. 3:10-CV-02005-F, 2011 WL 219568, at *2 (N.D.

Tex. Jan. 19, 2011).  Furthermore, while there are many reasons for avoiding a trial, Defendants'
choice to settle the matter for an amount greater than what they strenuously argue is the
maximum allowable statutory damage demonstrates that even Defendants' are not convinced that
Plaintiff had no chance of success at trial.

Defendants have here failed to meet their burden to show by clear and convincing
evidence that the litigation was meritless, and that counsel wrongfully persisted in litigating the
case.  Plaintiff litigated reasonably to secure the best possible outcome for his meritorious
claims.

<u>**CONCLUSION**</u>

WHEREFORE, Plaintiff, Joseph Ozmun, by and through his attorneys, Community
Lawyers Group, Ltd., Zimmer & Associates, and Amy Clark respectfully requests that this
Honorable Court deny Defendant's Motion for Sanctions pursuant to Rule 11 of the Federal
Rules of Civil Procedure and 28 U.S.C. §1927.

Respectfully Submitted,

By: */s/ Michael J. Wood*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

Robert Zimmer, Esq.
**Zimmer & Associates**
707 West Tenth Street
Austin, TX 78701
Ph:  512.434.0306
Fx:  310.943.6954
zimmerlawTX@gmail.com

Amy E. Clark

State of Texas Bar Number:  24043761
**Amy Clark**
11801 Domain Blvd. 3rd floor
Austin, TX 78758
Phone: (512) 850-5290
Fax: (626) 737-6030
amy@amyclarklaw.com
Attorney for Plaintiff
Joseph Ozmun

### CERTIFICATE OF SERVICE

I, Michael J. Wood, an attorney, hereby certify that on August 31, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: August 31, 2018**                                     Respectfully submitted,


                                                    By:    /s/ *Michael J. Wood*

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com