IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CASE NO. 1:16-cv-00940-SS |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC; RAUSCH, STURM, ISRAEL, | § | |
| ENERSON & HORNIK, LLC; WESTERN | § | |
| SURETY COMPANY AND TRAVELERS | § | |
| CASUALTY AND SURETY COMPANY | § | |
| OF AMERICA | § | |
|     Defendants | § | |

## MOTION TO HOLD MICHAEL J. WOOD, CELETHA CHATMAN, AMY CLARK, AND JOSEPH OZMUN IN CONTEMPT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Through their undersigned counsel, Defendants Rausch, Sturm, Israel, Enerson, & Hornik, LLC ("RSIEH") and Portfolio Recovery Associates, LLC ("PRA") jointly move the Court to Hold Plaintiff Joseph Ozmun and his attorneys Michael J. Wood, Celetha Chatman, and Amy Clark in contempt. In support of this motion, Defendants would respectfully show the following:

### MOTION

1. This case was previously set for trial on July 16, 2018. On Monday, July 9, 2018, at 8:58 p.m., Respondent Clark sent an email to Defendants' attorneys. A true copy of that email is Exhibit A to this motion. The operative portion of that email stated: "**Mr. Ozmun has authorized me to counter-offer $1,250.00 to dismiss these FDCPA claims against both defendants.**" As Respondents have acknowledged at Page 13 of ECF 157, that

offer came on the heels of all prior offers and counteroffers between the parties having been rejected. Critically, for the purposes of this motion, it was made one week before the trial of this case was scheduled to start, after the Court had told Respondents that the trial would proceed unless the Fifth Circuit ordered otherwise, and after the Court had denied Respondents' motion to stay (ECF Doc. 130).

2. Although Defendants continue to believe that Plaintiff is entitled to nothing in this case, they concluded that it was not reasonable to go through a two-day jury trial in the face of that offer, especially since the offer neither provided for an award of fees to Plaintiff nor a waiver of fee claims by Defendants, and it incorporated no terms from any earlier offer. Therefore, the following day, Defendants had delivered to Plaintiff's counsel a cashier's check in the amount of $1,250.00, together with a motion and order for dismissal. See Exhibit B.

3. At the time of that delivery, Ms. Clark was out of town, a fact that was unknown to Defendants. As a result of her absence from Austin, Ms. Clark filed a notice of settlement (ECF Doc. 141). That notice was intended to induce the Court to cancel the trial setting, and combined with Exhibit A was intended to induce Defendants to believe that the $1,250 that they had paid would bring an end to all issues in this case other than fees and costs. ECF Doc/ 141 stated:

> The parties agree that there are no issues to be tried to the jury, as Plaintiff has agreed to dismiss his FDCPA claims with prejudice. Upon such dismissal there will be no remaining issues in this case except those that

>will pertain to legal fees, and there is no issue to be tried to a jury.

4.   Notwithstanding that representation, Plaintiff and his attorneys refused to dismiss the case as promised, forcing Defendants to file a motion to dismiss (ECF Doc. 144).  Respondents still resisted the dismissal to which they had agreed, rejecting every effort on the part of Mr. Newburger to explain that fee fights are governed explicitly by L.R. CV-7(j).  The Court was forced to conduct a hearing over the dismissal that Respondents had promised, and in that hearing the Court directed Respondents to L.R. CV-7(j) and told them to comply with that rule.  An order dismissing this case followed (ECF Doc. 149).

5.   On Friday, September 7, 2018, Wood and Chatman filed a Notice of Appeal (ECF Doc. 160), stating that they are appealing both the dismissal (to which they had agreed) and the denial of the Motion to Recuse.  Thus, the offer was false, the stipulation was false, and Defendants believe that both were a "con" intended to secure a cancellation of the trial while allowing continued fights in this case over issues other than fees.  The stipulation, on its face, negates any appeal on an issue other than fees.  The appeal that has been filed is contrary to the representations made in ECF Doc. 141, and it evidences both a fraud on the Court and the continuation of Wood and Chatman's scheme to extort money from Defendants.

6.   Defendants recognize the possibility that Clark is merely an innocent dupe; therefore, they move the Court to order Wood Chatman, and Clark to appear in person and show cause why they should not be held in contempt for their apparent misrepresentations to, and fraud upon the Court.

**BRIEF**

7. A court of the United States has the power to punish by fine or imprisonment, or both, at its discretion, contempt of its authority such as:

> (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) misbehavior of any of its officers in their official transactions;
> (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. In this case, Defendants assert that Respondents are guilty of contempt as defined by engaging in fraudulent and deceptive conduct to avoid the trial setting. Defendants leave it to the Court to determine the appropriate remedy, as "[t]he measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 194 (1949).

8. In addition, Tex. Gov't Code § 82.061 provides:

> Sec. 82.061. Misbehavior or Contempt.
>
> (a) An attorney at law may be fined or imprisoned by any court for misbehavior or for contempt of the court.
>
> (b) An attorney may not be suspended or stricken from the rolls for contempt unless the contempt involves fraudulent or dishonorable conduct or malpractice.

9. Tex. Disc. R. Prof. Cond. 3.03 provides, in pertinent part:

> 3.03 Candor Toward the Tribunal
>
> (a) A lawyer shall not knowingly:

>>(1) make a false statement of material fact or law to a tribunal;
>
>>(2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act;
>
>>\* \* \*

10. The making of false statements to a tribunal is "misbehavior" that should trigger Section 82.061. Defendants request an appropriate order sanctioning Respondents under that section.

11. The Court's civil contempt power includes the ability "to compensate Defendants "for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. at 194. *citing Maggio v. Zeitz*, 333 U.S. 56, 68 (1948); *Penfield Co. v. Securities & Exchange Commission*, 330 U.S. 585, 590 (1947); *United States v. United Mine Workers*, 330 U.S. 258, 303-304 (1947). The Court's remedial power in the context of civil contempt includes the discretion to award attorneys' fees. *Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir. 1977). Defendants seek their fees for this motion and for he cost of defending the appeal that Respondents have filed in violation of the stipulation.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that the Court schedule an evidentiary hearing and order Wood, Chatman, and Clark to appear in person and show why they should not be held in contempt, fined, or imprisoned for their above-described conduct. Defendants further pray for

their fees and costs together with all such other and further relief, at law or in equity, as to which they may be justly entitled.

                                           Respectfully submitted,

| /s/Manuel H. Newburger | /s/ Robbie Malone |
|---|---|
| Manuel H. Newburger | Robbie Malone |
| TBN 14946500 | Email: rmalone@mamlaw.com |
| Barron & Newburger, P.C. | Eugene Xerxes Martin, IV |
| 7320 N. MoPac Expy., Suite 400 | Email: xmartin@mamlaw.com |
| Austin, Texas 78731 | Cooper M. Walker |
| (512) 476-9103 | Email: cwalker@mamlaw.com |
| Fax: (512) 279-0310 | |
| mnewburger@bn-lawyers.com | Malone Akerly Martin PLLC |
| | NCX Building, Suite 1850 |
| ATTORNEYS FOR DEFENDANTS | 8750 North Central Expressway |
| RAUSCH, STURM, ISRAEL, | Dallas, Texas 75231 |
| ENERSON & HORNIK, LLC and | TEL: (214) 346-2630 |
| TRAVELERS CASUALTY AND | FAX: (214) 346-2631 |
| SURETY COMPANY OF AMERICA | |
| | ATTORNEYS FOR DEFENDANTS |
| | PORTFOLIO RECOVERY |
| | ASSOCIATES, LLC and WESTERN |
| | SURETY COMPANY |

## **CERTIFICATE OF CONFERENCE**

, I certify that I have requested that Plaintiff's counsel agree to the relief requested in the foregoing motion.  They have declined to do so.

/s/ Manuel H. Newburger
Manuel H. Newburger

## **CERTIFICATE OF SERVICE**

A true copy of the foregoing Reply was served on the persons on the service list below through via the Court's ECF system on the 18th day of September, 2018.

/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST**

**Celetha Chatman**
and
**Michael Jacob Wood**
Community Lawyers Group, Ltd
73 West Monroe
Chicago, IL 60603
Attorneys for Joseph Ozmun

**Robert Alan Zimmer, Jr.**
Zimmer & Associates
707 West 10th Street
Austin, TX 78701
Attorney for Joseph Ozmun

**Tyler Hickle**
Law Office Tyler Hickle, PLLC
4005 C Banister Lane, Suite 120C
Austin, TX 78704
Attorney for Joseph Ozmun

**Amy E. Clark**
Amy Clark Law
11801 Domain Blvd, 3rd Floor
Austin, Texas 78758
Phone:(512) 850-5290
Fax: (626) 737-6030
amy@amyclarklaw.com
Attorney for Joseph Ozmun

**Robbie Malone**
and
**Eugene Xerxes Martin, IV**
and
**Cooper M. Walker**
Malone Akerly Martin, PLLC
NCX Building
8750 N. Central Expy., Suite 1850
Dallas, TX 75231
Attorneys for Portfolio Recovery Associates, LLC
and
Western Surety Company