# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| Joesph Ozmun, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Portfolio Recovery Associates, LLC | § | Case Number: 1:16-cv-00940-SS |
| Sturm, Israel, Enerson & Hornik LLC, | § | |
| and Travelers Casualty and Surety | § | Honorable Sam Sparks |
| Company of America | § | |
| | § | |
| Defendants. | § | |

### Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

Plaintiff Joseph Ozmun and his attorneys, Michael J. Wood, Celetha Chatman, and Amy Clark, hereby respond to Defendants Portfolio Recovery Associates, LLC ("PRA") and Rausch, Strum, Israel, Enerson & Hornik LLC's ("RSIEH") motion to hold Michael. J Wood, Celetha Chatman, Amy Clark, and Joseph Ozmun in contempt for filing a notice of appeal.

On September 9, 2018, Plaintiff Joseph Ozmun filed a Notice of Appeal (Docket #160) as that was within the time prescribed for doing so under Federal Rules of Appellate Procedure 3 and 4.  Other than reviewing the Notice, Defendants have had to do no work regarding this potential appeal – there is simply nothing to oppose or rebut at this time. Nevertheless, in a motion insisting that Plaintiff's counsel Amy Clark, Michael Wood and Celetha Chatman (who as an associate of Mr. Wood was not at all involved in the settlement negotiations) deliberately misled both Defense Counsel and the court in order to increase litigation costs, Defendants request sanctions against the three named attorneys.  Their request has no merit.

## I. Background

This case was originally filed on August 3, 2016. (Dkt. #1). The initial settlement discussions occurring in this case were unsuccessful, ending with the court denying Plaintiff's motion to enforce settlement on September 28, 2016. (Dkt. #25). The case then continued for two years of contentious litigation. On the eve of trial, Defendants initiated settlement discussions for the first time since the first settlement negotiations failed.

Parties then engaged in another round of settlement discussions lasting a few days. Defendants emailed Amy Clark and offered to settle for $1000, with both sides to submit motions for fees and costs to the court. Mr. Newburger stated that he could circulate a draft agreement when he returned from abroad. (Dkt. #157, Plaintiff's Response in Opposition to Defendants Portfolio Recovery Associates, LLC and Rausch Strum, Israel, Enerson & Hornik LLC's Motion for an Award of Fees and Costs ("Response"), Exhibit L).

Plaintiff rejected the offer, and presented a counter-offer of $3,225.00 to Defendants, with PRA agreeing not to collect on the debts and parties to file motions for fees and costs. (Response Exhibit M).

Defendants rejected the counter-offer and indicated their intention to file a motion asking for leave to tender $1,000 into the registry of the Court. (Response, Exhibit N). After reviewing the motion, Ms. Clark countered with $1,250. Her final email of the negotiations stated, "Therefore, Mr. Ozmun has authorized me to counter-offer $1,250 to dismiss these FDCPA claims against both defendants." (Response, Exhibit O).

Defense counsel took advantage of the late hour of the negotiations and the abbreviated terms in the final email. Mr. Newburger deliberately misconstrued this counter-offer to not include either the prior referenced agreement that he agreed to circulate nor the prior referenced fee motions that both sides proposed would be filed. Instead, without any communication to Plaintiff's counsel, Mr. Newburger messengered a cashier's check for the $1,250 to the address for Amy Clark Law and then demanded that she file a dismissal

Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

2

motion that was also delivered to her office address. (Response, Exhibit P).

This demand from Mr. Newburger was confusing, as it deviated from Plaintiff's expectations that the settlement procedure in this case would follow typical settlement procedures. When litigating in opposition to PRA's attorney Ms. Malone in *Tejero v. Portfolio Recovery Associates*, a Notice of Settlement was first filed with the court, then the parties worked to carefully draft a settlement agreement. Plaintiff's attorneys were reasonably expecting a similar procedure to be followed – a Notice of settlement could be filed to inform the court that trial would not go forward, and the parties would have time to work out the final terms.

Ms. Clark asked for an emailed copy of the motion she was asked to file by Defendants. She explained that she was working out of town, and she also asked who received the motion as her only employee was also working remotely that day. (Response, Exhibit Q). In response, Ms. Malone tried to work out a compromise, stating that Ms. Clark could have a copy of the motion but only after she confirmed receipt of the cashier's check. (Response, Exhibit R).

Ultimately, after hours of negotiations and with drafting input from all counsel, the parties agreed on a joint notice of settlement that specifically allowed for both parties to file fee motions which all parties would then have time to oppose [Dkt. #141]. There is nothing in this notice of settlement about appeal, nor has there been a settlement agreement drafted in this case which discusses appeal. The motion for contempt, which states that there could be no appeal of any ruling in the two-year litigation, is not well taken.

Defendants now claim that Plaintiff's attorneys made misrepresentations to themselves and to the court in the notice of settlement because the notice of appeal of the case was filed within thirty days of the dismissal. Plaintiff submits it is Defendants' attorneys' conduct that is in question here. First, it is bizarre that Defendants did not respond in any way to Plaintiffs' email offer of settlement, but instead messengered a

Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

3

cashier's check and draft of a motion for dismissal to a receptionist at a large office building, and then acted indignant when Plaintiff's counsel asked for clarification as she was out of town. Defendants' refusal to actually negotiate settlement terms and their threats of Rule 11 sanctions for even filing a fee motion have built an atmosphere of distrust that has created hours of attorney work on all sides.

Further, Defendants initiated settlement negotiations on the eve of trial and now argue that Plaintiff pushed for a settlement but in bad faith because Plaintiff never intended to go to trial. Allegedly, Plaintiff wanted to increase the costs of litigation. Defendant has no evidence for their accusations, and the history of similar cases shows them to be wrong. Plaintiff went to trial against one of these defendants just over a year ago and was preparing to go to trial on the Ozmun matter – indeed, it was for trial that Ms. Clark came into this matter last spring. Additionally, Defendants' argument that the settlement was a ploy ignores the fact that Plaintiff's counsel's fees are not determined, they may not include many hours wasted fighting Defendant's continual repetitive motions, and they may never be granted at all. Despite this, Defendants argue that it was the wish of Plaintiff's counsel to cancel the trial and then continue litigation.

Plaintiff has no need to argue that defense counsel orchestrated this motion for contempt and their other demands for sanctions from the moment they got the $1,250 settlement email sent by Ms. Clark. Defense counsel's actions -- calling Plaintiff's counter offer bad faith, for example, and messengering a check without responding to Plaintiff's communications, followed by demanding dismissal under the local rules and then requesting sanctions for Plaintiff's counsel following the local rules – these actions appear to be a part of a stratagem with the only objective being not to win the case but to beat down Plaintiff's counsel. However, Defense Counsel's attempted perfidy is neither a to defense to nor elements of a sanctions claim under federal law, and thus Plaintiff will discuss it no further.

//

Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

4

**II. Plaintiff's Notice of Appeal followed the appropriate procedural rules**

The Federal Rules of Appellate procedure require that a Notice of Appeal be filed within a set time period following a final ruling in a matter. Should the notice of appeal be untimely, the appellate court may dismiss an appeal. Here, Plaintiff's counsel negotiated the end of a case after multiple claims had already been ruled upon at the motion for summary judgement stage, and the final two FDCPA causes of action were dismissed on August 9, 2018.

No settlement agreement was ever filed on this case precluding Plaintiff's from appealing any of the issues in this case. Plaintiff filed the Notice of Appeal in a timely manner following the order dismissing the final causes of action. Nothing further regarding the appeal has yet been filed, and no response is by Defendants is necessary at this time.

**III. Federal law does not support a finding of contempt or sanctions on these facts**.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990); *In re Bradley*, 588 F.3d 254, 265 (5th Cir. 2009). The intent in civil contempt is to coerce a contemnor to comply with a court orders or to compensate another party for a contempt violation. *Id.* at 263. It is important to note, however, that when selecting contempt sanctions in a given case "a court is obliged to use the least possible power adequate to the end proposed." *Spallone*, 493 U.S. at 276.

A movant attempting to establish civil contempt in a proceeding "bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271-72 (5th Cir. 2009). "To determine compliance with an order the court simply asks whether the respondent has

Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

5

[complied]. If he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1993).

Defendants fail all necessary elements to establish civil contempt under Fifth Circuit case law. First, defendants do not address any court orders upon which civil contempt could be based. Rather, defendants simply attempt to mischaracterize portions of the settlement negotiations to give the appearance of bad faith in the filing of the appeal. Defendants do not refer to any court order other than that dismissing the claims following the notice of settlement. This court order does not fit the elements necessary to show contempt. The dismissal does not require Plaintiff or his counsel to perform any certain conduct. Should there be any conduct which Plaintiff and his counsel failed to perform, the burden would still shift to Plaintiff and his counsel to rebut any presumption of contempt of the court order. Here, the conduct which Defendant complains of seems to be that Plaintiff's counsel worked tirelessly, while on vacation, to negotiate a settlement with Defendants, who then deliberately misconstrued the negotiations to be a binding contract that included no terms other than payment and dismissal. Further negotiations resulted in a Notice of Settlement signed by all parties, but Defendants then argued that Plaintiff should not have been allowed to file a motion for attorney fees which was described in the agreed Notice of Settlement! Mr. Newburger has communicated his intent to file for Rule 11 sanctions for Plaintiff having filed the fee motion.

Following all this, Plaintiff's counsel filed a Notice of Appeal in the time frame prescribed by law. At no time has Plaintiff disobeyed a court order, and Defendants have failed to provide evidence to back up their claims that Plaintiff's counsel are acting out of trickery (or alternatively, that one of Plaintiff's counsel is apparently naïve and slow of mind, and merely a "dupe"). Defendants point to no violation of a court order. Violation of a court order is the first element of a contempt motion. Because there is no order upon which

Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

6

Defendants may establish civil contempt, it logically follows that they are unable to show a violation of the conduct required by an order.

For these reasons, Defendants have failed to demonstrate that Plaintiff and his counsel should be held in contempt.

WHEREFORE, Plaintiff, Joseph Ozmun and his attorneys, Michael J. Wood, Celetha Chatman, and Amy Clark, respectfully request this Court DENY Defendant's Motion for Contempt, and for any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Amy E. Clark*

Amy E. Clark
Attorney for Plaintiffs
State of Texas Bar Number: 24043761
Amy Clark Law
11801 Domain Blvd., 3rd Floor
Austin, TX 78758
Phone: (512) 850-5290
Fax:    (626) 737-6030
Email: amy@amyclarklaw.com

Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

7

## **CERTIFICATE OF SERVICE**

I, Amy Clark, an attorney, hereby certify that on October 2, 2018, I electronically filed the foregoing document using the CM/ECF system at or around 9:55 p.m., which will send notification of such filing to all attorneys of record.

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
**Malone Akerly Martin PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231

Manuel H. Newburger
mnewburger@bn-lawyers.com
Kevin Crocker
KCrocker@bn-lawyers.com
**Barron & Newburger, PC**
7320 N. MoPac Expy., Suite 400
Austin, TX 78731

**Dated: October 2, 2018**                                              Respectfully submitted,


                                                                    By: /s/Amy E. Clark

Plaintiff's Response to Defendants' Motion to hold Michael J. Wood, Celetha Chatman, Amy Clark and Joseph Ozmun in Contempt

8