IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH OZMUN, | § | |
| | § | |
| Plaintiff, | § | 1:16-CV-940-RP |
| | § | |
| v. | § | *Consolidated with* |
| | § | 1:17-CV-664 |
| PORTFOLIO RECOVERY ASSOCIATES, | § | 1:17-CV-665 |
| LLC, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

This debt collection case was remanded to this Court for further proceedings. (Dkt. 186). On March 29, 2019, this Court issued an opinion relating to the award of attorney's fees, (Dkt. 177), and the Fifth Circuit reversed in part and affirmed in part that decision. Although the undersigned did not author the 2019 decision, this Court issues the following order on attorney's fees consistent with the Fifth Circuit's opinion.

### I.  BACKGROUND

Plaintiff Joseph Ozmun ("Ozmun") brought three lawsuits against Defendants Portfolio Recovery Associates ("PRA") and Rausch, Sturm, Israel, Enerson & Hornick, LLC ("RSIEH") (collectively "Defendants") for violations for the Fair Debt Collection Practices Act ("FDCPA") and the Texas Fair Debt Collection Practices Act ("TFDCPA"). Ozmun's attorneys were Michael J. Wood, Celetha C. Chatman, and the Community Lawyers Group ("Wood and Chatman"). Following a settlement, both Ozmun and Defendants requested attorney's fees, (Mots., Dkt. 151, 152). The district court denied Ozmun's request but awarded Defendants attorney's fees, (Order, Dkt. 177). On appeal, Wood and Chatman alleged that the district court "acted with improper personal hostility toward them throughout the proceedings in this and similar cases they had

brought on behalf of other clients [and] claim[ed] this animosity led Judge Sparks erroneously award attorneys' fees against them for their good-faith conduct as Ozmun's counsel." (Opinion, Dkt. 186, at 6). The Fifth Circuit held that the district court erred in finding that Wood and Chatman acted in bad faith and thus erred in awarding attorney's fees against them.

## II. DISCUSSION

### A. FDCPA

The Fifth Circuit held that the district court erred in awarding attorney's fees to the Defendants against Wood and Chatman under FDCPA § 1692(k)(a)(3). This Court accordingly vacates the district court's erroneous finding.

### B. TFDCPA

The Fifth Circuit held that the district court erred in awarding attorney's fees to the Defendants against Wood and Chatman as not authorized under the TFDCPA. This Court accordingly vacates the district court's erroneous finding.

### C. The Court's Inherent Power

The Fifth Circuit held that the district court erred in finding that Wood and Chatman acted in bad faith and thus the district court's award of attorney's fees against them under the court's inherent power was improper. This Court accordingly vacates the district court's erroneous finding.

### D. Rule 11 and 28 U.S.C. § 1927

For similar reasons that the Fifth Circuit held that sanctions against Wood and Chatman cannot be upheld as an exercise of the district court's inherent power, the Fifth Circuit held that the district court was correct to deny attorney's fees under Rule 11 and 28 U.S.C. § 1927. This Court accordingly does not disturb the district court's finding.

**E. Denial of Attorney's Fees to Ozmun**

Finally, the Fifth Circuit considered whether the district court erred in denying Ozmun's request for attorney's fees under 15 U.S.C. § 1692k(a)(3). Under Section 1692k(a)(3), "the costs of the action, together with a reasonable attorney's fee as determined by the court" may be awarded in a "successful action to enforce" liability against a debt collector who fails to comply with the statute. 15 U.S.C. § 1692k(a), (a)(3). However, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *Id.* The district court found that Ozmun's counsel had acted in bad faith and refused to award attorney's fees. The Fifth Circuit "found that determination to be in error." (Dkt. 186, at 19).

Before the appellate court, Ozmun argued that the private settlement he ultimately received was a successful action under the statute and that he may recover attorney's fees from the Defendants. The Fifth Circuit "has not previously decided whether a private settlement renders an action 'successful' under § 1692k(a)(3)." (*Id.*). Not being a court of first view, the Fifth Circuit remanded that question to this Court for determination.

In its opinion for this matter, the Fifth Circuit cited to its decision in *Tejero v. Portfolio Recovery Assocs., L.L.C.*, in which the court addressed an attorney's fees dispute involving Wood and Chatman in a debt collection case. 955 F.3d 453 (5th Cir. 2020). There, the Fifth Circuit remanded the same question to the district court for determination, and the district court denied attorney's fees. On a subsequent appeal, the Fifth Circuit affirmed, explaining that a "'successful action to enforce the foregoing liability' means a lawsuit that generates a favorable end result compelling accountability and legal compliance with a formal command or decree under the FDCPA." *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 993 F.3d 393, 396 (5th Cir. 2021). The Fifth Circuit also rejected appellant's "catalyst theory" that a plaintiff succeeds "'if it achieves the desired result because the

lawsuit brought about a voluntary change in the defendant's conduct.'" *Id.* at 397. Because a settlement does not qualify a litigant as a prevailing party, the Fifth Circuit concluded that a settlement does not qualify as a successful action. *Id.* at 397–99. This Court will follow suit and find that Ozmun—having reached a private settlement that did not entail judicial relief—is not entitled to an award of attorney's fees under Section 1692k(a)(3).

### III. CONCLUSION

**IT IS ORDERED** that opinion relating to attorney's fees, (Dkt. 177), is **VACATED IN PART**. The opinion is vacated other than the Court's finding that Ozmun was not entitled to attorney's fees under Rule 11 and 28 U.S.C. § 1927, which was affirmed by the Fifth Circuit.

Additionally, and for the reasons set out in this order, Ozmun's remaining request for attorney's fees, (*see* Dkt. 151), under 15 U.S.C. § 1692k(a)(3) is **DENIED**.

**SIGNED** on May 23, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE